## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:  CERTAINTEED CORP.** | : | |
| **ROOFING SHINGLES PRODUCTS** | : | |
| **LIABILITY LITIGATION** | : | |
| | : | |
| | : | **MDL No. 1817** |
| **This Order Relates to:** | : | |
| | : | |
| **ALL CASES** | : | |
| | : | |

### JOINT REPORT NO. 1 OF PLAINTIFFS' LIAISON
### AND DEFENDANT'S COUNSEL

Acting Plaintiffs' Liaison Counsel ("PLC") and Defendant's Counsel submit this Joint Report No. 1.

### I.    APPOINTMENT OF LIAISON COUNSEL

On March 30, 2007 plaintiff's counsel filed their Motion to Designate Liaison counsel requesting that Arnold Levin be appointed as Liaison counsel.  Defendant has designated Larry Hoyle and Arlene Fickler as Class Action counsel.  The parties await a ruling by this Court on the appointment of liaison counsel.

### II.    CLASS ACTIONS

There are thirteen (13) class action complaints presently on the docket of MDL No. 1817. Five of these complaints seek nationwide class actions.  The remaining complaints seek only state-wide class actions in those states in which the complaints were filed.  A complete schedule of all the lawsuits in MDL No. 1817 is attached hereto as Exhibit "A".

1

The parties will be prepared to discuss a briefing schedule on the issue of class certification at the first status conference.

## III.   DISCOVERY DIRECTED TO CERTAINTEED

On January 17, 2007, Plaintiffs' counsel in the consolidated proceedings before this Court, prior to the MDL transfer order, served written discovery (*i.e.* requests for production of documents) upon Certainteed.  This Court's Order of March 12, 2007 ¶13 stayed all discovery until the first pretrial conference.  The parties will be prepared to discuss matters involving discovery, including appropriate orders involving confidentiality, deposition guidelines, document production, etc.

## IV.   DISCOVERY DIRECTED TO THIRD PARTIES

Presently, there is no discovery outstanding on third parties.  The parties will be prepared to discuss discovery directed to third parties further at the status conference.

## V.   PLAINTIFFS MANAGEMENT STRUCTURE

Plaintiffs' counsel have met in advance of the status conference to discuss plaintiffs' management structure.  A proposed pretrial order appointing plaintiffs' management structure, liaison counsel, and interim class counsel is attached hereto as Exhibit "B" for the Court's consideration.

Certainteed takes no position with respect to this proposed Pretrial Order.

## VI.   PROPOSED PRETRIAL ORDER REGARDING INITIAL MANAGEMENT AND PROCEDURE.

In addition to  the matters addressed by this Court's Practice and Procedure Order of March 12, 2007, the parties have prepared a proposed Pretrial Order to address additional matters

not covered by that Order, which is attached hereto as Exhibit "C".  The scope of the proposed

Case Management Order concentrates on pleading practice; motions practice, including class

actions; status conferences and agendas.

**VII.**   **SETTLEMENT**

The parties believe it is premature to discuss settlement at the present time.

**VIII.**   **NEXT STATUS CONFERENCE**

The parties submit that monthly status conferences would be beneficial to the overall

litigation.  The parties will be prepared to discuss this suggestion at the next status conference.

Respectfully submitted,

Arnold Levin  (02280)
Fred Longer  (46653)
Charles E. Schaffer  (76259)
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
Facsimile:  (215) 592-4663

**Acting Plaintiffs' Liaison Counsel**


Lawrence T. Hoyle, Jr.  (02926)
Arlene Fickler, Esquire (20327)
**HOYLE, FICKLER, HERSCHEL & MATHES LLP**
One South Broad Street, Suite 1500
Philadelphia, PA  19107
Telephone:  215-981-5700
Facsimile:  215-981-5959

**Counsel for CertainTeed Corporation**

3

# EXHIBIT A

**EXHIBIT "A"**

**CERTAINTEED CLASS ACTIONS**

1.    Gerald Brenden et al v. CertainTeed Corporation, et al, No. 063579 (D. Minn.)

2.    Dawn Lynn Johnson v. CertainTeed Corporation, et al, No. 06c4864 (N.D. Ill.)

3.    Nancy Hollis et al v. CertainTeed Corporation, et al, No. 06-C 0525-C (W.D. Wisc.)

4.    Tina Fitzner et al v. CertainTeed Corporation, et al, No. 3:06CV-488-R (W.D. Ky.)

5.    David Butz, et al v. CertainTeed Corporation, No. 2:06-CV-14357-BAF-WC (E.D. Mich.)

6.    Dean Conrad, et al v. CertainTeed Corporation, et al., No. 4:06-CV- 00420-JEG-CFB (S.D. Iowa)

7.    Robinson v. CertainTeed Corporation, No. 07-12-DRH-CJD (S.D.Ill.)

8.    Richard T. Bobbie, Jr., et al vs. CertainTeed Corporation, No. 06-4835 (E.D. NJ)

9.    Barrett v. Certainteed Corporation, No. 2:06-cv-04117 (E.D.Pa.)

10.    Dunker, et al. v. Certainteed Corporation, No. 2:06-cv-04243 (E.D.Pa.)

11.    Swinehart v. Certainteed Corporation, No. 2:06-cv-04469 (E.D.Pa.)

12.    Kevin Venhaus and Sherwood Wolfson v. Certainteed Corporation, No. 4:06-cv-503 (S. D. Iowa)

**CERTAINTEED AND CELOTEX ACTIONS**

13.    Billy C. Harper, Marther H. Harper, James Meadows and N. Louise Meadows v. CertainTeed Corporation and Celotex Corporation, No. 3:04-cv-400 (E.D. Tenn.)

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:  CERTAINTEED CORP.** | : |
| **ROOFING SHINGLES PRODUCTS** | : |
| **LIABILITY LITIGATION** | : |
| _____ : | |
| | : **MDL No. 1817** |
| **This Order Relates to:** | : |
| | : |
| **ALL CASES** | : |
| _____ | : |

**[PROPOSED] PRETRIAL ORDER NO. 2**
**APPOINTING PLAINTIFFS' MANAGEMENT STRUCTURE,**
**LIAISON COUNSEL AND INTERIM CLASS COUNSEL**

**I.      APPOINTMENT AND DUTIES OF CO-LEAD COUNSEL**

A.  The Court appoints Co-lead counsel consisting of the following:

Robert K. Shelquist and Lockridge, Grindal & Nauen, L.L.L.P.,

Michael McShane and Audet & Partners, LLP, and

Jon Cuneo and Cuneo, Gilbert & Laduca, LLP.

Co-lead shall be generally responsible for conducting the prosecution of the litigation on behalf

of plaintiffs.

B.  In addition to the above, Co-lead Counsel shall:

(1)  determine and present (in briefs, oral argument, or such other fashion as may

be appropriate, personally or by a designee) to the Court and opposing parties the position of the

plaintiffs on all matters arising during pretrial proceedings;

(2)  coordinate the initiation and conduct of discovery on behalf of plaintiffs

1

consistent with the requirements of Fed. R.Civ.P.26, including the preparation of joint

interrogatories and requests for production of documents and the   examination of witnesses in

depositions;

(3)  supervise the efforts of other counsel or committees of counsel, in their

discretion, in a manner to ensure that pretrial preparation for the plaintiffs is  conducted

efficiently, effectively and non-duplicatively;

(4)  maintain adequate time and disbursement records for plaintiffs' counsel;

(5)  monitor the activities of all plaintiff's counsel to ensure that  schedules are

met and unnecessary expenditures of time and funds are avoided, including the avoidance of

unnecessary or duplicative communications among plaintiffs' counsel;

(6)  conduct settlement negotiations on behalf of plaintiffs, but not enter binding

agreements except to the extent authorized;

(7)  enter into stipulations with opposing counsel as necessary for the conduct of

the litigation;

(8)  prepare and distribute periodic status reports to the parties; and

(9) perform such other duties as may be incidental to proper  coordination of

plaintiffs' pretrial activities or authorized by further order of the Court.

(10)  Establish and maintain a depository for orders, pleadings, hearing

transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to

plaintiffs' counsel upon reasonable request.

C.  The Court has separately appointed, Arnold Levin, Levin, Fishbein, Sedran & Berman

as Liaison Counsel.  Liaison Counsel, in addition to interfacing with Co-Lead Counsel in

furtherance of their duties (enumerated above), shall act as liaison with the Court and opposing parties consistent with the precepts of the Practice and Procedure Order Upon Transfer Pursuant to 28 U.S.C. §1407(a) of March 12, 2007.  In addition, Plaintiffs' Liaison Counsel shall:

(1)  maintain and distribute an up-to-date service list to all counsel;

(2)  receive and, as appropriate, distribute Orders from the Court and documents from opposing parties and counsel to co-counsel;

(3)  maintain and make available to co-counsel at reasonable hours a complete file of all documents served by, or upon, each party except such documents as may be available at a document depository;

(4)  establish and maintain a document depository, including electronic depositions with remote access, if appropriate.

D.  Plaintiffs' Executive Committee.  The Court appoints Steven A. Schwartz of Chimicles & Tikellis, LLP as Chairman of the Executive Committee who shall have the same responsibilities as Co-lead Counsel.  The Court further appoints as members of Plaintiffs' Executive Committee:

Clayton D. Halunen and Halunen & Associates;

Gary E. Mason and The Mason Law Firm, P.C.;

Jonathan Shub and Seeger Weiss;

Christopher M. Placitella and Cohen, Placitella & Roth;

Marc Edelson and Edelson & Associates, LLC;

Michael Plachy and Rotherberger Johnson & Lyons;

J. Barton Goplerud and Hudson Mallaney & Shindler, P.C .; and

3

Robert P. Murrian and Kramer Rayson.

(1)  To the extent delegated by Co-lead Counsel or Chairman of the Executive Committee, members of the Executive Committee shall execute the Orders of the Court concerning the conduct of the litigation. This includes participation in drafting pleadings, motions, oral argument, written discovery, depositions, or pre-trial preparation and settlement. Co-lead Counsel or Chairman of the Executive Committee may organize and delegate to other plaintiffs' counsel, members of the Executive Committee other matters to the extent appropriate for the efficient prosecution of the case.

(2)  In working with Co-lead Counsel to prosecute the case, members of the Executive Committee will assist in assuring that the case is handled efficiently and cost effectively, and will only engage in work assigned to them by Co-lead Counsel or Liaison Counsel.

E.  Pursuant to Fed.R.Civ.P. 23(g), the Court appoints Co-lead and Liaison to act as Interim Class Counsel.

F.  Defendants' counsel may rely upon all agreements and representations made with or by Co-Lead Counsel or Liaison Counsel.

G.  Reimbursement for costs and/or fees for services of all plaintiffs' counsel performing functions in accordance with this order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.  The following standards and procedures are to be utilized by any counsel seeking fees and/or expense reimbursement.

General Standards

(1)  All time and expenses submitted must be incurred only for work authorized

4

by the Co-Lead Counsel or Liaison Counsel.

(2)  These Time and Expense Guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL 1817.

(3)  Time and expense submissions must be submitted on the forms prepared by Co-Lead Counsel and approved by the Court.

(4)  Time and expense submissions must be submitted timely, on a monthly basis, to Plaintiffs' Liaison Counsel, Arnold Levin, c/o Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA  19106.

(5)  All submissions shall be transmitted electronically or in hard copy to Plaintiffs' Liaison Counsel.  If hard copy submissions are made, an original and one duplicate copy must be provided.

(6)  The first submission is due on June 15, 2007 and should include all time through May 31, 2007.  Thereafter, time records shall be submitted on the 15th of each month and shall cover the time period through the end of the preceding month.

Time Reporting

(1)  Only time spent on matters common to all claimants in MDL 1817 will be considered in determining fees.  No time spent on developing or processing any case for an individual client (claimant) will be considered or should be submitted.

(2)  All time must be accurately and contemporaneously maintained.  Time shall be kept according to these guidelines.  All counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the hours, location and particular activity (such as "conduct of deposition of A.B.").  The failure to maintain such records, as well

5

as insufficient description of the activity may result in a forfeiture of fees.

(3)  All time for each firm shall be maintained in quarter-of-an-hour increments. Failure to do so may result in time being disallowed.

(4)  All time records shall be submitted together with a form summarizing the total of member firm time broken down by each separate name of time keeper and Litigation Task Definition, the time spent during the preceding month and the accumulated total of all time incurred by the firm during the particular reporting period.  The summary report form may be obtained from Plaintiffs' Liaison Counsel.

(5)  The summary report form shall be certified by a senior partner each month attesting to the accuracy and correctness of the monthly submission.

H. Privileges Preserved. No communication among plaintiffs' counsel or among defendant's counsel shall be taken as waiver of any privilege or protection to which they would otherwise be entitled.

## III.    SUBSEQUENT ACTIONS

This Order will apply to all subsequent "tag-along" actions related to this litigation.  A copy of this Order shall be served on counsel of all subsequent "tag-along" in related actions by Liaison Counsel.

IT IS SO ORDERED.

DATED: _____. 2007

_____
HONORABLE LOUIS H. POLLAK
UNITED STATES DISTRICT COURT

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  CERTAINTEED CORP.     :
ROOFING SHINGLES PRODUCTS     :
LIABILITY LITIGATION     :
_____:
     : MDL No. 1817
This Order Relates to:     :
     :
    ALL CASES     :
_____:

[PROPOSED] PRETRIAL ORDER NO. 1
INITIAL MANAGEMENT AND PROCEDURE

## I.    SCOPE OF ORDER

1.  This Order, in conjunction with the Practice and Procedure Order Upon Transfer

pursuant to 28 U.S.C. §1407(a) of March 12, 2007, and all subsequent Case Management Orders

shall be binding on all parties and their counsel in all cases currently pending or subsequently

transferred to *In Re: CertainTeed Corp. Roofing Shingles Products Liability Litigation*, MDL

No. 1817 and shall govern each case in the proceedings unless they explicitly state that they

relate to specific cases.

## II.    CASES BEFORE THIS COURT

2.  Pleadings.  The defendant is granted an extension of time for responding by motion or

answer to the complaints to and including May 30, 2007.

3.  The class representative plaintiffs identified in Exhibit "A" shall have their initial

disclosure obligations of Fed.R.Civ.P. 26(a)(1) due within 15 days of this Order.  Plaintiffs in

any subsequently transferred action shall have their initial disclosure obligations due within 30

1

days of their complaint being docketed with the Clerk of the Eastern District of Pennsylvania.
Defendant shall have their initial disclosure obligations of Fed.R.Civ.P. 26(a)(1) due on May 30,
2007.

4. The inclusion of any action in *In Re: CertainTeed Corp. Roofing Shingles Products
Liability Litigation*, MDL No. 1817, whether such action was or will be filed originally or
directly in the United States District Court for the Eastern District of Pennsylvania or was or will
be transferred or removed from some other court, shall not constitute a determination by this
Court that jurisdiction or venue is proper in this District. No reference in this Order to actions
filed originally or directly in the United States District Court for the Eastern District of
Pennsylvania shall constitute a waiver of the defendant's contention that jurisdiction or venue is
improper and/or that the action should be dismissed or transferred, or any plaintiff's contention
that jurisdiction or venue is proper.

5. The Court requests the assistance of all counsel in calling to the attention of the Clerk
of this Court the filing, removal, or transfer of any case of which they become aware which might
properly be consolidated with *In Re: CertainTeed Corp. Roofing Shingles Products Liability
Litigation*, MDL No. 1817.  To that end, prior to each Status Conference or upon request of the
Court, Plaintiffs' Liaison Counsel and Defendant's Counsel shall jointly update the master case
list.

6. Preservation of Records.  The Parties will be prepared to discuss preservation of
records at the first conference.

III.    **FILING AND SERVICE: MOTION PRACTICE**

7. Until further Order of this Court, the parties shall serve all papers that are not to be

2

filed with the Court pursuant to Federal Rule of Civil Procedure 5(d), including but not limited to disclosures under Rule 26, deposition notices, interrogatories, requests for documents, requests for admission, responses thereto, and certificates of service thereof, by electronic mail on Plaintiffs' Liaison Counsel and Defendant's Counsel.  The Court will address the appointment of Plaintiffs' Management Structure, Liaison Counsel and Interim Class Counsel in Pretrial Order No. 2.   Where a paper is applicable to all cases, substantially all cases, or such categories as may be defined in subsequent Orders, the parties' service obligations shall be satisfied if the serving party serves a copy of the paper electronically on Plaintiffs' Liaison Counsel and Defendant's Counsel.  Where a paper is applicable to a particular case, the parties shall also serve such paper on the counsel of record for the individual plaintiff(s) in that case.

8. Motions.  No motion shall be filed under Rule 11, Rule 37, or Rule 56 without the movant first having sought a pre-motion conference with the Court.

9. All parties shall have an ongoing obligation to meet and confer with Plaintiffs' Co-Lead Counsel or Liaison Counsel, Defendant's Counsel, and any other party to whom a motion may be directed on any application or motion (other than under Rule 12) in an effort to resolve outstanding issues before bringing them to the Court.  The moving party shall have an obligation to certify in the moving papers that such meet and confer session took place and identify which party or parties oppose the application or motion.  No application or motion may be brought by any party except in accordance with the provisions of this section, unless otherwise ordered by the Court or agreed to by Plaintiffs' Co-Lead Counsel or Liaison Counsel and Defendant's Counsel.

3

10.  Absent a specific briefing schedule as agreed to by Plaintiffs' Co-Lead Counsel or Liaison Counsel and Defendant's Counsel or ordered by the Court for a specific motion, all motions, other than dispositive motions, shall be responded to within fourteen (14) calendar days. A reply to a response to any motion shall be permitted if filed not more than fourteen (14) calendar days after service of the response.  These times may be extended by stipulation and/or by order of the Court, on a reasonable basis.

11.    Class Actions

11.1  Consolidated Class Action Complaint.  The Substituted Consolidated Amended Class Action Complaint filed in *Barrett*, *Swinehart* and *Dinker* shall serve as the operative class complaint for a nationwide class in the MDL.  Attached hereto as Exhibit "A" is a current schedule of the cases subject to transfer order(s).

11.2  Class Action motion.  The proposed schedule for pretrial proceedings (*infra*, §14) shall include a schedule for litigation of the class certification issue.  Plaintiffs may move for a nationwide class action and/or, alternatively, plaintiffs may move for certification of stand alone classes for the states of each representative plaintiff in the consolidated amended complaint, as well as for each representative plaintiff of the transferred state classes alleged in the complaints identified in Exhibit "A".

11.3  Operation of Local Rule 23.1(c)'s 90 day period for filing a motion for class certification shall be suspended.

## IV.    STATUS CONFERENCES AND AGENDAS

12.  This Court will convene periodic Status Conferences on the request of Plaintiffs' Liaison Counsel and Defendant's Counsel or on its own motion, with Plaintiffs' Liaison Counsel

4

to give notice of such scheduled Status Conferences to the Master Service List.  In order to aid the Court and the parties in preparing for future conferences, Plaintiffs' Liaison Counsel and Defendant's Counsel shall confer at least ten (10) calendar days prior to each future status conference to attempt to agree upon a proposed agenda for the conference.  The parties shall submit a joint agenda to the extent they agree, and separate agendas for items on which they do not agree, not less than three (3) court days prior to the conference.  The agendas are intended to aid the Court in informing itself of the items or issues which the parties desire to raise at the Status Conference, and the Court may amend or augment the agendas as it deems appropriate.

13.  Formulation of Schedule for Pretrial Proceedings.  The Court intends to fix at or promptly after the next pretrial conference a date by which all discovery and other pretrial proceedings in these cases, will be concluded and the cases ready for trial and/or disposition by motion.  Plaintiffs' Co-Lead Counsel or Liaison Counsel and defendant's counsel shall meet and confer with a view toward reaching agreement on a comprehensive schedule to accomplish this goal at the earliest practicable time.  The parties shall submit their agreed plan or, failing agreement, their respective plans in writing on or before

_____, 2007.

14.  Next Pretrial Conference.  The next pretrial conference will be held on

_____ at        a.m. in Courtroom ___ at which time the Court will address the proposed schedule and such other matters as may be useful.

5

**IT IS SO ORDERED.**

Dated: _____. 2007

                                      _____
                                        HONORABLE LOUIS H. POLLAK
                                        UNITED STATES DISTRICT COURT

## EXHIBIT "A"

## CERTAINTEED CLASS ACTIONS

1.    Gerald Brenden et al v. CertainTeed Corporation, et al, No. 063579 (D. Minn.)

2.    Dawn Lynn Johnson v. CertainTeed Corporation, et al, No. 06c4864 (N.D. Ill.)

3.    Nancy Hollis et al v. CertainTeed Corporation, et al, No. 06-C 0525-C (W.D. Wisc.)

4.    Tina Fitzner et al v. CertainTeed Corporation, et al, No. 3:06CV-488-R (W.D. Ky.)

5.    David Butz, et al v. CertainTeed Corporation, No. 2:06-CV-14357-BAF-WC (E.D. Mich.)

6.    Dean Conrad, et al v. CertainTeed Corporation, et al., No. 4:06-CV- 00420-JEG-CFB (S.D. Iowa)

7.    Robinson v. CertainTeed Corporation, No. 07-12-DRH-CJD (S.D.Ill.)

8.    Richard T. Bobbie, Jr., et al vs. CertainTeed Corporation, No. 06-4835 (E.D. NJ)

9.    Barrett v. Certainteed Corporation, No. 2:06-cv-04117 (E.D.Pa.)

10.   Dunker, et al. v. Certainteed Corporation, No. 2:06-cv-04243 (E.D.Pa.)

11.   Swinehart v. Certainteed Corporation, No. 2:06-cv-04469 (E.D.Pa.)

12.   Kevin Venhaus and Sherwood Wolfson v. Certainteed Corporation, No. 4:06-cv-503 (S. D. Iowa)

## CERTAINTEED AND CELOTEX ACTIONS

13.   Billy C. Harper, Marther H. Harper, James Meadows and N. Louise Meadows v. CertainTeed Corporation and Celotex Corporation, No. 3:04-cv-400 (E.D. Tenn.)

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing Joint Report No. 1 of

Plaintiffs' Liaison and Defendant's Counsel on this 9th day of April, 2007, via United States first

class mail, postage prepaid, upon counsel on the attached list.


CHARLES E. SCHAFFER, ESQUIRE

AUDET & PARTNERS, LLP
Michael A. McShane
221 Main Street, Suite 1460
San Francisco, CA 94105

LOCKRIDGE, GRINDAL & NAUEN, PLLP
Robert Shelquist
Charles Nauen
Yvonne Flaherty
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401

CUNEO GILBERT & LADUCA LLP
Jonathan Cuneo
Charles LaDuca
507 C Street, NE
Washington, DC 20002

CHIMICLES & TIKELLIS LLP
Steven A. Schwartz
Joseph G. Sauder
Kimberly L. Kimmel
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041

HALUNEN & ASSOCIATES
Clayton Halunen
220 South Sixth Street
Suite 2000
Minneapolis, MN 55402

THE MASON LAW FIRM
Gary E. Mason
Alexander E. Barnett
One Pennsylvania Plaza, Suite 4632
New York, NY 10119

SEEGER WEISS
Jonathan Shub
TerriAnne Benedetto
1515 Market Street, Suite 1360
Philadelphia, PA 19102

COHEN PLACITELLA & ROTH
Christopher M. Placitella
115 Maple Avenue
Red Bank, NJ 07701

EDELSON & ASSOCIATES LLC
Marc Edelson
45 West Court Street
Doylestown, PA 18901

ROTHERBERGER JOHNSON & LYONS
Michael Plachy
Trey Rogers
One Tabor Center
1200 17th Street, Suite 3000
Denver, CO 80202

HUDSON MALLANEY & SHINDLER PC
J. Barton Goplerud
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265

KRAMER RAYSON LLP
Robert P. Murrian
Suite 2500, First Tennessee Plaza
PO Box 629
Knoxville, TN 37901-0629

HOYLE FICKLER HERSCHEL & MATHES LLP
Arlene Fickler
Arleigh P. Helfer, III
One South Broad Street, Suite 1500
Philadelphia, PA 19107