Michael McShane (CA State Bar #127944)
mmcshane@audetlaw.com
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

*Attorneys for Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: CERTAINTEED CORPORATION ROOFING SHINGLES PRODUCTS LIABILITY LITIGATION** | **MDL DOCKET NO. 1817** |

## DECLARATION OF MICHAEL MCSHANE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Michael McShane, declare as follows:

1.      I am a partner with Audet & Partners LLP, and a member in good standing of the bar of the State of California.  I respectfully submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.  Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2.      I am the lead attorney from Audet & Partners LLP, one of three firms this Court previously appointed lead counsel in the instant litigation.

3.      Prior to commencing this litigation in September of 2006, the attorneys representing the Plaintiffs and the Proposed Class performed an extensive factual and legal investigation regarding the alleged defects in the Defendant's roofing product.  After the filing of the action, Class Counsel engaged in significant formal discovery, including the taking of

depositions, on-site inspections, costly and in-depth forensic testing by experts and the review of hundreds of thousands of pages of documents obtained from the Defendant and third parties. Discovery and investigation in this case reveals that there is likely several hundred thousand class members with properties containing the Defendant's roofing product.

4.      Following approximately eighteen months of litigation, the parties commenced settlement negotiations in early 2008.  The settlement negotiations continued on a dual track with the discovery process and law and motion practice.  The negotiations included several meetings of the parties in Philadelphia, dozens of telephonic conferences/negotiations and the exchange of numerous written settlement proposals.

5.      The negotiations between CertainTeed and Counsel for Plaintiffs were arms'-length and hard-fought at all times.  There were material disputes regarding, among other issues, the scope of the defect and the extent of the damages, and the availability of warranty claims for some or all class members.

6.      However, the settlement negotiations finally culminated in an agreement with respect to all material terms related to the nationwide settlement between the Plaintiffs and CertainTeed (with the exception of attorneys' fees and costs), which settlement is now being presented to this Court for preliminary approval.

7.      The proposed settlement is eminently fair, adequate, and reasonable and provides substantial benefits to class members and avoids the delay and uncertainty of continued, protracted litigation.

8.      Under the proposed settlement, all class members will have the benefit of increased coverage in the event their shingles fail, and those who experience a failure of Certainteed Organic Shingles will receive compensation based on the amount of shingles installed, and whether or not their shingles remain under warranty is as follows:

a.      Class members who own or owned faulty shingles that remain covered by CertainTeed's original warranty will receive compensation in the amount of $74 per square;

b.      Class members who own shingles that have failed but are no longer covered by the original CertainTeed warranty will receive $34 per square; and

c.      Those who have previously resolved warranty claims with CertainTeed, on or after August 1, 2006, will receive 20% of the difference between the amount received under the warranty and what would have been received in the absence of a release.

9.      Under the proposed settlement, Class members will have until the expiration of their warranties to file a claim, which in some cases could extend as long as 25 years.  If no warranty exists or if they previous executed a release, Class members will be able to file a claim within twelve (12) months of final settlement approval to file a claim.

10.     The proposed settlement provides for both exclusion and objection rights for Class members who do not wish to participate.  Those class members who with to opt-out or exclude themselves can do so, in writing, within sixty (60) days from the date that notice is commenced.  Those class members who with to object to the settlement can do so, in writing, up until forty-five (45) days before final settlement approval.

11.     The costs of both notice to the class and administration of the claims process will be paid by CertainTeed.  Class counsel will continue to oversee the claims process on behalf of the Class.

12.     As of the date of this Declaration, the parties have not agreed on an amount of attorneys' fees or costs to be paid to Plaintiffs' counsel, however, discussions are ongoing.  If an agreement is not reached, then the issue will be presented to this Court.

13.     Attached hereto as Exhibit 1 is a true and correct copy of the proposed Settlement Agreement.

14.     Attached hereto as Exhibit 1-A is a true and correct copy of the warranty terms.

15.     Attached hereto as Exhibit 1-B is a true and correct copy of the Standard Claim Form.

16.     Attached hereto as Exhibit 1-C is a true and correct copy of the Abbreviated Claim Form.

17.     Attached hereto as Exhibit 1-D is a true and correct copy of the Proposed Order Granting Preliminary Settlement Approval.

18.     Attached hereto as Exhibit 1-E is a true and correct copy of the short form notice for print media.

19.     Attached hereto as Exhibit 1-F is a true and correct copy of the script for the televised notice of settlement.

20.     Attached hereto as Exhibit 1-G is a true and correct copy of the internet notice.

21.     Attached hereto as Exhibit 1-H is a true and correct copy of the long form notice with standard claim form.

22.     Attached hereto as Exhibit 1-I is a true and correct copy of the long form notice with abbreviated claim form

23.     Attached hereto as Exhibit 1-J is a true and correct copy of the press release to be issued in conjunction with the announcement of the settlement.

24.     Attached hereto as Exhibit 1-K is a true and correct copy of the Proposed Order Granting Final Settlement Approval.

Dated this December 15, 2009                    AUDET & PARTNERS, LLP


/s/ Michael McShane
Michael McShane
221 Main Street, Suite 1460
San Francisco, CA  94105
Telephone:  415.568.2555
Facsimile:  415.568.2556
mmcshane@audetlaw.com

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                                    :
IN RE: CERTAINTEED CORPORATION    :        MDL DOCKET NO. 1817
ROOFING SHINGLES PRODUCTS           :
LIABILITY LITIGATION                        :
_____:
                                                    :
This Agreement relates to:                    :
                                                    :
               ALL CASES                         :
                                                    :
_____:

**AGREEMENT OF COMPROMISE AND SETTLEMENT**

1.    RECITALS ......................................................................................................... 1

2.    CLASS CERTIFICATION ................................................................................. 5

3.    CLAIMS TO BE COMPENSATED BY THE SETTLEMENT ........................... 6

4.    CLAIMS PROGRAM PROCEDURES ............................................................... 11

5.    SPECIAL MASTER .......................................................................................... 25

6.    AMOUNTS PAYABLE WITH RESPECT TO CLAIMS .................................... 26

7.    ATTORNEYS' FEES AND INCENTIVE PAYMENTS TO THE CLASS
       REPRESENTATIVES ........................................................................................ 29

8.    THE PRELIMINARY APPROVAL ORDER ...................................................... 31

9.    NOTICE OF PROPOSED SETTLEMENT ......................................................... 32

10.   SETTLEMENT CLASS MEMBERS' RIGHT OF EXCLUSION AND TO OBJECT ...... 35

11.   FINAL JUDGMENT OF DISMISSAL ............................................................... 38

12.   EFFECTIVE DATE ........................................................................................... 39

13.   RELEASE .......................................................................................................... 40

14.   EXCLUSIVE REMEDY; DISMISSAL OF ACTION; JURISDICTION OF COURT ...... 43

15.   OTHER TERMS AND CONDITIONS .............................................................. 44

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                        :
IN RE: CERTAINTEED CORPORATION   :          MDL DOCKET NO. 1817
ROOFING SHINGLES PRODUCTS         :
LIABILITY LITIGATION              :
_____ :
This Agreement relates to:               :
                                         :
            ALL CASES                    :
_____ :

**AGREEMENT OF COMPROMISE AND SETTLEMENT**

IT IS HEREBY AGREED by, between, and among Plaintiffs Catherine Barrett, Roger

Dunker, and Sherwood Wolfson (hereinafter "Plaintiffs"), in their individual and representative

capacities on behalf of themselves and a putative Settlement Class (as defined herein), and

Defendant CertainTeed Corporation (hereinafter "CertainTeed"), by and through their duly

authorized counsel, that, in consideration of the promises and covenants set forth in this

Agreement of Compromise and Settlement (hereinafter "Agreement") and upon entry by the

United States District Court for the Eastern District of Pennsylvania (the "Court") of a Final

Order and Judgment approving the settlement as set forth in this Agreement, the claims asserted

against CertainTeed in these actions shall be settled, dismissed, and compromised upon the terms

and conditions set forth in this Agreement.

## 1. RECITALS

1.1    WHEREAS, Plaintiffs Catherine Barrett and Roger Dunker, among others, have

filed a Class Action encaptioned _Catherine Barrett, et al., on behalf of themselves and others_

_similarly situated v. CertainTeed Corporation_, No. 06-4243 (E.D. Pa.), seeking to recover

damages claimed to have been suffered by themselves and a putative class of building owners by

reason of the application to the putative class members' buildings of allegedly defective shingles

made with a felt reinforcement base material that is saturated with asphalt, also known as "organic" roofing shingles (hereinafter sometimes referred to as "CertainTeed Organic Shingles") manufactured by CertainTeed during the period from January 1, 1987 through 2005 (the "Class Period"), all as more fully alleged in the Consolidated Amended Class Action Complaint filed by Plaintiffs Barrett and Dunker, among others (the "Complaint"); and

1.2    WHEREAS, Plaintiff Sherwood Wolfson, together with Kevin Venhaus, filed a Class Action encaptioned *Kevin Venhaus, et al., on behalf of themselves and others similarly situated v. CertainTeed Corporation*, No. 4:06-cv-00503 (S.D. Iowa), seeking to recover damages claimed to have been suffered by themselves and a putative class of Iowa building owners by reason of the application to the putative class members' buildings of allegedly defective CertainTeed Organic Shingles manufactured by CertainTeed during the Class Period (the *Venhaus* Action); and

1.3    WHEREAS, in addition to the putative class actions filed by Plaintiffs, other building owners have filed actions seeking certification of classes of owners of buildings on which CertainTeed Organic Shingles have been installed, some of which are national in scope and some of which are limited to the owners of buildings in a certain state; and

1.4    WHEREAS, the Judicial Panel on MultiDistrict Litigation has transferred to the Court all the actions complaining about the CertainTeed Organic Shingles filed in a federal district court, including the *Venhaus* Action, for coordinated pretrial treatment under the caption *In Re CertainTeed Corporation Roofing Shingles Products Liability Litigation*, MDL Docket No. 1817 (the "MDL Litigation"); and

1.5    WHEREAS, a putative class action by owners of buildings in Pennsylvania on which CertainTeed Organic Shingles have been installed has been filed in the Court of Common

Pleas of Erie County, Pennsylvania, under the caption *Elizabeth Cumming, on behalf of herself and all others similarly situated v. CertainTeed Corporation and Does 1-50*, No. 12904-06 (Common Pleas Court of Erie County, Pennsylvania) (the "Pennsylvania Action"); and

1.6    WHEREAS, a putative class action by owners of buildings in Canada on which CertainTeed Organic Shingles have been installed has been filed in the Ontario Superior Court of Justice (Chatham) under the caption *William Simpson   v. CertainTeed Corporation*, No. 60569CP, (Superior Court of Justice of Ontario, Canada) (the "Canada Action"); and

1.7    WHEREAS, CertainTeed denies all allegations of fault, wrongdoing, or liability made by Plaintiffs or any of the plaintiffs in the other actions consolidated in MDL Docket No. 1817, the Pennsylvania Action, and the Canada Action; and

1.8    WHEREAS, since at least 2006, counsel for Plaintiffs (hereinafter "Class Counsel") have conducted an extensive investigation of facts and circumstances relevant to the allegations made in the Complaint, including consulting experts, interviewing potential witnesses, conducting inspections of the properties of certain named plaintiffs and other Class Members, reviewing the information and evidence they have obtained regarding the facts and circumstances alleged in the Complaints, and researching and studying the legal principles applicable to the issues of liability, damages, and procedure involved in the cases; and

1.9    WHEREAS, the Parties have engaged in extensive, arms-length negotiations regarding the settlement of claims involving CertainTeed Organic Shingles; and

1.10    WHEREAS, Plaintiffs and Class Counsel have evaluated the time and expense that will be necessary to prosecute these cases to final judgment, the delays that are likely before any judgment may be entered, and the uncertainty inherent in predicting the outcome of any complex litigation such as this and, based upon such evaluation, have concluded that further

proceedings in these actions are likely to be protracted, complex, and expensive, and that the outcome is uncertain; and

1.11    WHEREAS, without conceding any lack of merit of any of their claims, Plaintiffs and Class Counsel have concluded that it is in the best interests of the putative class to settle these actions on the terms set forth herein, and that the settlement with CertainTeed embodied in this Agreement is fair, reasonable, and adequate to Plaintiffs and the Class; and

1.12    WHEREAS, while denying any fault, wrongdoing, or liability, and relying on the provisions of this Agreement that the settlement embodied herein shall in no event be construed as or deemed to be evidence of an admission or a concession on the part of CertainTeed (or any of its predecessors, successors, parent or subsidiary companies, affiliates, officers, directors, agents, attorneys, representatives, insurers, suppliers, distributors or vendors) of any fault, wrongdoing, or liability whatsoever, or that any of the allegations in the Complaints are true, and without conceding any infirmity in its defenses, CertainTeed considers it desirable to enter into this Agreement in order to avoid further expense, to dispose of burdensome and protracted litigation, and to avoid the uncertain outcome of proceeding with this litigation;

NOW, THEREFORE, it is hereby agreed by and between CertainTeed and Plaintiffs, acting for themselves and the putative classes, by and through their respective attorneys, that, except as specifically stated to the contrary in this Agreement, all of the allegations, claims, demands, causes of action, and liabilities, which have been or could have been asserted by Plaintiffs or any other member of the putative classes against CertainTeed relating to, arising out of, or in connection with any of the allegations made in the Complaints, shall be settled and compromised, and these actions shall be dismissed with prejudice, according to the terms and conditions set forth below (the "Settlement").

## 2.      CLASS CERTIFICATION

2.1      The Parties agree that certification of a settlement class (hereinafter the "Settlement Class") defined as follows is appropriate:

> All individuals and entities that own, as of the date of this Agreement, homes, residences, buildings, or other structures located in the United States or Canada whose roofs contain or contained roofing shingles made with a felt reinforcement base material that is saturated with asphalt, also known as organic roofing shingles, manufactured by CertainTeed after July 1, 1987; all individuals and entities who previously owned such a building and who, prior to the date of this Agreement, sold or transferred the building and at the time of the sale or transfer retained the right to make a claim for the shingles pursuant to a valid documented assignment; and all individuals and entities who owned such a building and who, between August 1, 2006, and the Effective Date of this Agreement, have settled or settle their warranty claims for such shingles.

The members of the Settlement Class are sometimes hereinafter referred to as "Settlement Class Members."

2.2      Excluded from the Settlement Class are:

(a)      all parties who timely exercise their rights under Federal Rule of Civil Procedure 23 to opt out of the Settlement;

(b)      all persons who filed a claim concerning their CertainTeed Organic Shingles in any court of law, when that claim has been resolved with a final judgment, whether or not favorable to the claimant;

(c)      all persons who are or were builders, developers, contractors, manufacturers, wholesalers, or retailers of real estate or real property (except as to personal residences or commercial property owned by them);

(d)      Defendant, any entity in which Defendant has a controlling interest, any entity which has a controlling interest in Defendant, and Defendant's legal representatives, assigns, and successors; and

(e)      the Judge to whom this case is assigned and any member of the Judge's immediate family.

3.    **CLAIMS TO BE COMPENSATED BY THE SETTLEMENT**

3.1    This Settlement will compensate the claims described below made or hereafter made against CertainTeed by Eligible Claimants.

3.2    A Settlement Class Member shall be deemed an Eligible Claimant and entitled to compensation under this Settlement Agreement if

(a)    The Settlement Class Member either (i) owns the building with CertainTeed Organic Shingles when the Settlement Class Member submits a Claims Package or (ii) previously owned such a building and, prior to making the Claim, sold or transferred the building and at the time of the sale or transfer retained the right to make a claim for the shingles pursuant to a valid documented assignment, provided that the Settlement Class Member's Claims Package is postmarked or otherwise received by CertainTeed no later than 90 days after the later of the Effective Date of this Settlement Agreement or the settlement on the sale or transfer of the property;

(b)    Qualifying "Damage to CertainTeed Organic Shingles," as described in subsection 3.6, has occurred or occurs to the CertainTeed Organic Shingles applied to the Claimant's home or other structure prior to the Claimant's filing of a Claim Package in accordance with subsections 4.4 through 4.8 hereof; and

(c)    CertainTeed cannot establish that any of the Causation Defenses listed in subsection 3.7 was the principal cause of any damage to the CertainTeed Organic Shingles applied to the Claimant's home or other structure.

3.3    An owner of property who has made and resolved through settlement or adjudication a claim against CertainTeed relating to CertainTeed Organic Shingles with respect to a portion of a roof on such property, which is different from the portion of the roof which is the subject of the current claim, will be deemed to be an Eligible Claimant with respect to the portion of the roof that was not the subject of the prior claim.  Except as provided in this subsection and in subsection 6.8, no person who prior to the Effective Date of the Settlement has asserted a claim against CertainTeed relating to CertainTeed Organic Shingles, which has been

6

settled (evidenced by a written release of CertainTeed or proof of compensation by CertainTeed in settlement of the claim) or judicially resolved, shall be an Eligible Claimant.

3.4     Any claims for Damage to CertainTeed Organic Shingles, which have arisen or hereafter arise after the expiration of the applicable warranty time periods set forth on Exhibit A hereto, are not eligible for compensation under this Agreement.

3.5     In the event that CertainTeed becomes aware that it has received multiple claims on account of Damage relating to the same CertainTeed Organic Shingles on the same home or structure before it has paid compensation to any one of the multiple claimants, the Special Master shall determine which Claimant, if any, is to be compensated.   However, once CertainTeed has made a payment with respect to Organic Shingles on a particular building, CertainTeed shall not be obligated to make any further payments for the same shingles on that building pursuant to the settlement.

3.6     The following conditions of CertainTeed Organic Shingles will be deemed to constitute "Damage to CertainTeed Organic Shingles":

(a)     an open hollow bump, 19 mm or more in diameter, in the coating layer of the shingle resulting in the underlying asphalt being weathered (that is, oxidized and dirty), also known as "blistering";

(b)     corners and edges of shingle tabs that are curled downward toward the deck surface raising the portion of the tab just interior to the edges by more than ½", also known as "clawing";

(c)     cracks in the top-coating of the shingle penetrating through the organic felt that present a source for leakage, also known as "cracking";

(d)     tab corners that are raised above the plane of the deck by more than 1/2" on shingles manufactured more than ten years before the submission of the claim, or by at least 3/8" on shingles manufactured less than ten years before the submission of the claim, also known as "curling";

(e)     tab corners that are raised above the plane of the deck by at least 3/4" after being placed in a freezer at 0° for 15 minutes, also known as "cold weather curling";

7

      (f)     puckers of at least 1/4" that appear along the side and bottom edges of the tabs, also known as "fishmouthing"; and

      (g)     a loss of top surface of the shingle resulting in an exposure of the substrate equal in size to a dime, also known as "spalling".

    3.7    CertainTeed Organic Shingles will not be considered Damaged to the extent CertainTeed can establish that one or more of the following Causation Defenses were the principal cause of the Damage to the shingles:

      (a)     Damage to CertainTeed Organic Shingles caused by intentional, reckless, or negligent conduct of a party other than CertainTeed;

      (b)     Damage to CertainTeed Organic Shingles caused by roof deck movement, settlement, distortion, or failure;

      (c)     Damage to CertainTeed Organic Shingles caused by settlement, distortion, failure, or cracking of the walls or foundation of the building;

      (d)     Damage to CertainTeed Organic Shingles caused by and/or resulting from natural disaster, including but not limited to, hail, unusually strong storms or winds of a speed greater than that set forth in the applicable written limited warranties for the shingles at the time they were sold, lightning, fire, hurricane, flood, earthquake, earth movement, explosion, or other similar *force majeure* events;

      (e)     Damage to CertainTeed Organic Shingles caused by structural changes or alterations to the property after the shingles were installed, including but not limited to, installation of equipment on the roof (such as solar heating or air conditioning equipment, TV antennas or satellite dishes, fan housing, water towers, and signs) or any other modifications;

      (f)     Damage to CertainTeed Organic Shingles caused by improper racking of shingles (installing the shingles straight up the roof so that the end joints of every row of shingles are vertically aligned);

      (g)     Damage to CertainTeed Organic Shingles caused by installing CertainTeed Organic Shingles over Non-Approved Roof Decks, which are defined as

          (i)     decks which are not constructed of an APA-rated exterior grade plywood or APA-rated OSB board (all of which must have a minimum thickness of 3/8") or decks which are constructed of wood boards over six inches in width;

       (ii)      decks which are constructed of materials such as Homasote Board, NRG Board, Tectum, Gypsum, or nailable concrete; or

       (iii)     decks where CertainTeed Organic Shingles have been applied directly to any type of roof insulation such as wood fiber, foam, organic, or perlite insulation;

(h)     Damage to CertainTeed Organic Shingles caused by improper installation or failure to follow good installation or application processes, including but not limited to, failure to install in strict accordance with CertainTeed's installation instructions applicable to the Claimant's CertainTeed Organic Shingles at the time of their installation, use of CertainTeed Organic Shingles as ridge material, inadequate or improper use of fasteners, use of CertainTeed Organic Shingles for any purpose other than as roof cladding, improper or inadequate installation of eave flashing, rake and eave drip edges, and other flashings;

(i)     Damage to CertainTeed Organic Shingles caused by inadequate attic or roof ventilation, as recommended by NRCA (National Roofing Contractor's Association) and ARMA (Asphalt Roofing Manufacturer's Association);

(j)     Damage to CertainTeed Organic Shingles on homes or buildings with cathedral ceilings caused by installing CertainTeed Organic Shingles directly over decks insulated with rigid insulation board, if there does not exist at least one inch of free-flowing air space between the deck to which the shingles are applied and the rigid insulation board;

(k)     Damage to CertainTeed Organic Shingles caused by excessive or unreasonable traffic on the roof;

(l)     Damage to CertainTeed Organic Shingles caused by storage of shingles that were installed more than two years after they were manufactured;

(m)     Damage to CertainTeed Organic Shingles caused by improper maintenance such as pressure washing, failure to remove vegetation, moss, algae, fungus, lichens, mold or mildew growth from the roof, or failure to remove trees from contact with the roof;

(n)     Damage to CertainTeed Organic Shingles caused by installation on any plane less than 4/12 pitch where ice and water underlayment or two layers of felt were not installed; and

(o)     Damage to CertainTeed Organic Shingles caused by ice backup or ice damming.

If CertainTeed asserts any of the CertainTeed Causation Defenses described in this subsection, CertainTeed shall bear the burden of establishing that such defense more likely than not was the principal cause of the Damage to the CertainTeed Organic Shingles.

3.8 This Settlement is intended to cover only claims for Damage to CertainTeed Organic Shingles and the associated roof structure and roofing system. It does not cover claims for damages to any interior part of a Settlement Class Member's structure below the roof deck. Such claims for interior damage below the roof deck are not released by the terms of the Settlement. Nonetheless, the release provided by this Settlement does release all claims, both prior to the Effective Date and thereafter, for penalties, punitive damages, exemplary damages, statutory damages, damages based upon a multiplication of compensatory damages, and attorneys' fees or expenses, which might otherwise have been made in connection with any claim for Damage to CertainTeed Organic Shingles installed during the Class Period. CertainTeed retains all legal and factual defenses heretofore or hereafter available to it with respect to any claims for damages to any interior part of a Settlement Class Member's structure below the roof deck.

3.9 Except as provided in subsection 3.8 above, with respect to claims for damages to any interior part of a Settlement Class Member's structure below the roof deck, the Claims Program provided in the Settlement shall constitute the sole and exclusive remedy for any and all claims of Settlement Class Members for any Damage to CertainTeed Organic Shingles manufactured during the Class Period. Upon the entry of the Final Order and Judgment by the Court, each Settlement Class Member shall be barred from initiating, asserting, or prosecuting any claim for any Damage to CertainTeed Organic Shingles, except in accordance with the terms of this Agreement.

4.      **CLAIMS PROGRAM PROCEDURES**

4.1      The Parties will use commercially reasonable efforts to implement the Claims Program in accordance with the terms and conditions of this Agreement as soon as practicable after the entry of Final Order and Judgment.  Class Counsel and CertainTeed will approve the policies and procedures involved in processing Claims under the terms of this Agreement. Claims shall be resolved in a rational, responsive, cost-effective, and timely manner.

4.2      A Claims Office shall be established by CertainTeed to administer all claims under the Settlement.

4.3      All claims under the Settlement will be commenced by filing with CertainTeed a Claims Package mutually agreed upon between Class Counsel and CertainTeed, which shall include claim forms to be filed by the Claimant for the purpose of asserting his or her claims (the "Claim Form") and the shingle sample, photographs, and other documents required pursuant to subsections 4.4 through 4.8.  Any person who believes that he or she may be an Eligible Claimant shall contact the Claims Office to request a Claim Form.  The Claims Office shall promptly assign a claim number and provide a Claim Form to every person requesting one.

4.4      In order to recover under this Claims Program, Claimants shall provide information and access to the property necessary to determine the validity of and efficiently process such Claim in accordance with this Agreement.  Claimants are required to provide information for each structure including documents sufficient to establish ownership of the property or the Claim, that the structure has CertainTeed Organic Shingles, the date of installation, and evidence of the Claim as described below.

4.5      To recover under this Claims Program, Claimant must properly complete a Standard Claim Form, substantially in the form of Exhibit B hereto, and provide all required

supporting documentation. Except as provided in subsection 4.9, the Claim Form to be completed by all Claimants shall include substantially the following information and documents:

(a)     Name and Social Security or Tax Identification or Social Insurance Number of Claimant and any Co-Owners;

(b)     Claimant's Address (and Co-Owner address, if applicable);

(c)     Home phone number, daytime and evening phone number, or other appropriate contact numbers;

(d)     Email address, if the Claimant has email, and whether the Claimant consents to receive official information about the claim via email;

(e)     Address of property that is the subject of the Claim;

(f)     Type of structure(s) on property and date each structure was built;

(g)     Builder (if original installation) or roofing contractor (if remodel or replacement), if known;

(h)     Development, neighborhood, or subdivision (if known);

(i)     Identification of Claim as first or subsequent Claim under this Agreement;

(j)     Proof that CertainTeed Organic Shingles are the subject of the Claim, in one of the forms specified in subsection 4.6 below;

(k)     Two forms of verification of ownership of the property or the Claim (property deed or dated property tax record showing Claimant as owner and one of the following additional documents:    current mortgage statement, evidence of assignment of claim, current property insurance bill, current utility bill, or property deed.  For manufactured homes a copy of the registration or title may be provided instead of property deed).  Such records must be current;

(l)     Date of installation of the CertainTeed Organic Shingles by month and year (such as certificate of occupancy, final building inspection, or documents sufficient to establish the date of first purchase of the property if new construction with original installation of CertainTeed Organic Shingles if the Claimant is the original owner).  (In the event of multiple installation dates on a structure, the date of installation will be presumed to be the earliest date unless the Claimant provides proof of each date and area included thereunder).  If the Claimant can establish the year but not the month of installation, the installation date shall default to the earliest month of the year.  The Claimant must use reasonable due diligence to provide the date of installation.  CertainTeed may consider reliable

evidence such as public records establishing the date of platting of the Claimant's property in determining whether the Claimant has established the date of installation with reasonable due diligence;

(m)  Date of purchase of the property;

(n)  Nearest cross street to the property;

(o)  Whether there are dogs or locked gates on the property;

(p)  Whether the Claimant wishes to be present for an inspection, if one is necessary, and, if so, times convenient to call to schedule and relevant telephones numbers and email addresses for scheduling contact;

(q)  Whether the property was the subject of an insurance claim or claim to a builder or other party relating to any Damage to the CertainTeed Organic Shingles and, if so, when and to whom made and the amount of any compensation received;

(r)  Whether the Claimant or a prior owner previously made a claim to CertainTeed for the Shingles currently on the structure, the approximate date of such claim, and the amount of any compensation received;

(s)  Whether the structure is the subject of an assignment of any claims relating to CertainTeed Organic Shingles and documentation of such assignment; and

(t)  The number of roof squares, or where not available, the square footage of each structure on the property, along with a measurement of the footprint of the home, the number of stories, and the pitch or pitches of the roof.

4.6  When a Claimant submits a Claim Form pursuant to subsection 4.5, the Claimant must also submit any one of the following for product identification:

(a)  A Shingle sample of at least one full Shingle certified by the Claimant to be from the structure and of sufficient size and condition to allow identification of the sample as a CertainTeed Organic Shingle, with photographs indicating the location from which the sample was removed before and after removal.  If the sample is of insufficient quality or size to identify the Shingles on the structure as CertainTeed Organic Shingles, the Claimant will be permitted to submit another sample or to fulfill an alternative requirement of this subsection; or

(b)  Photographs of the roof of the structure sufficient to establish that the Shingles installed on the property are CertainTeed Organic Shingles.  If the photographs are of insufficient quality or size to identify the Shingles on the structure as CertainTeed Organic Shingles, the Claimant will be

permitted to submit a sample pursuant to the requirements of subsection 4.6(a) or to fulfill an alternative requirement of this subsection; or

(c)    Reliable and contemporaneous documentary proof of purchase and installation of Shingles, such as an invoice from a roofer and evidence of payment. Bids shall not be acceptable. If the materials are of insufficient detail to identify the Shingles on the structure as CertainTeed Organic Shingles, the Claimant will be permitted to submit a sample pursuant to the requirements of subsection 4.6(a) or to fulfill an alternative requirement of this subsection; or

(d)    A prior communication from CertainTeed (e.g., where a prior warranty claim has been made), which confirms that the Shingles on the structure are CertainTeed Organic Shingles.

CertainTeed shall have the right to require a minimum of one sample Shingle per structure for product identification in the event the Claimant does not otherwise fulfill the requirements of this subsection. To facilitate compliance with this requirement of the Claims process, CertainTeed will reimburse the Claimant up to US$50.00 for the expenses incurred in having a roofing professional remove and replace the shingles necessary to make a claim, provided that the shingles, upon inspection and testing, are determined to have been manufactured by CertainTeed. As set forth below, CertainTeed shall have the right to obtain samples in connection with the evaluation of a Claim.

4.7    Each Claimant who submits a Claim Form pursuant to subsection 4.5 shall submit photographs that establish the condition of the roof and Shingles in sufficient detail and quality such that evaluation of the Claim may be made and the nature and extent of any affected areas can be determined. All photographs should be labeled by the Claimant with the assigned Claim number, Claimant name, and Claimant address on the back, and should identify the plane or area of the roof shown. The Claimant shall provide one or more photographs showing the structure from a distance sufficient to show the entire structure and a minimum of two photographs of each roof plane showing the plane and the condition of the Shingles. Claimants shall cooperate

14

to provide such other information as reasonably is needed to evaluate the claim and efficiently determine whether the Claim qualifies for compensation for Damaged Shingles, including providing a shingle sample if requested by CertainTeed because the proof submitted by the Claimant is not sufficient to evaluate the Claim.

4.8     Claimants and any Co-Owners shall be required to declare under penalty of perjury that information or material submitted to CertainTeed is true and correct and that the samples or photographs submitted are typical of the damage to the roof or roof plane for which the Claimant seeks compensation.  Claimants shall be required to sign any Claim Forms and, in so doing, further agree to cooperate with CertainTeed and authorize inspection of the structure(s).  The Independent Claims Administrator (to be appointed pursuant to subsection 4.19) shall have authority to reduce or altogether deny any Claim on which the Claimant or any Person acting on behalf of the Claimant has engaged in fraudulent and/or abusive practices, including but not limited to submitting false claims, samples, or documentation, and to take such other actions as may be appropriate to prevent such practices in the future.  Class Counsel and CertainTeed shall cooperate to discourage any abuse of the Claims process.

4.9     Settlement Class Members who have submitted a warranty claim for the CertainTeed Organic Shingles on their buildings for which CertainTeed has offered a warranty claim payment, whether such Claimant accepted the payment and settled the claim or not, will be deemed to have satisfied the requirements of subsections 3.2(b) and 3.2(c).  Accordingly, such Class Members need only submit an Abbreviated Claim Form, substantially in the form of Exhibit C hereto, making a claim and providing CertainTeed with such information as the claim number or other identifying information (e.g., the address of the building on which the

CertainTeed Organic Shingles were installed) for the warranty claim that was accepted by CertainTeed and the Claimant's current mailing address.

4.10    Claimants may not utilize third-party claims services or similar services to file Claims in the Claims Program established by this Agreement.   Class Members shall not be permitted to assign claims under the Claims Program to persons who have never owned the Structure on which the CertainTeed Organic Shingles were applied.

4.11    Data from all Claim forms and all supporting documentation shall be confidential and proprietary.  Any Claims information created or obtained by CertainTeed shall be available to Class Counsel.  No materials submitted by any Claimant, including shingle samples and photographs, will be returned to the Claimant.

4.12    Claim Forms shall be submitted by Claimants to CertainTeed.  CertainTeed shall scan each Claim Form and any supporting documentation into a database established for this Settlement or shall otherwise manage the information in an efficient and accessible manner.  The information in the database shall be available to Class Counsel in such form as Class Counsel and CertainTeed shall agree.

4.13    CertainTeed shall review the Claim Form and any supporting documentation to determine the Claimant's eligibility and whether the Claim Form is complete and includes all the required supporting documentation necessary to proceed with the processing of the claim.  If the Claimant is not eligible, CertainTeed shall send a letter to the Claimant notifying the Claimant of that fact.  If the Claimant may be eligible, but the Claim Form and supporting documentation is deficient, CertainTeed shall send a deficiency letter to the Claimant identifying the deficiency or deficiencies and providing an opportunity to cure.  Claimants shall be given three opportunities to remedy deficiencies in their Claims.   After three notices and opportunities to cure such

deficiencies, if the Claimant does not resolve the identified deficiencies within 30 days from the date of the third letter, the Claim shall be denied.  The third letter shall so advise the Claimant that if the Claimant does not resolve the identified deficiencies within 30 days from the date of the third letter, the Claim shall be denied.  Any communications required in the administration of a Claim may be sent by email if the Claimant consents.  Class Counsel shall be provided copies of the third notice, and all the letters shall advise the Claimant that the Claimant may contact Class Counsel for assistance.

4.14    Once a properly completed and valid Claim Form has been submitted with all required supporting documentation, CertainTeed shall evaluate the claim and determine whether the Claim qualifies under this Settlement.  CertainTeed may contact the Claimant in connection with its processing and evaluation of the Claim.

4.15    The Parties anticipate that Claims may be evaluated based on shingle samples, photographs, and information provided by the Claimant.  However, CertainTeed may inspect any structure that is the subject of a Claim if, in CertainTeed's determination, such examination is reasonably necessary.  In conducting any inspection, CertainTeed shall be permitted interior access.  CertainTeed, at its own expense, shall have the right to remove such shingles, soffits, vents, fascias, rake boards, or other portions of the property as may be reasonably necessary to determine whether there exists a Causation Defense under subsection 3.7, provided, however, that following any such removal CertainTeed shall, at its own expense, restore the Claimant's property to the condition that existed prior to the inspection.  In the event an inspection is needed, CertainTeed shall use reasonable best efforts to schedule such inspection within 30 days of the receipt of a complete and valid Claim Form from the Claimant, but shall receive an additional 60 days upon request in the event that weather conditions or volume of Claims affect

17

CertainTeed's ability to proceed timely.   Independent Inspectors shall indemnify and hold harmless Claimants for any injuries to Independent Inspectors or third persons, except where such injuries arise from willful conduct or gross negligence of the Claimants or other persons on the Claimants' property or otherwise under the Claimants' direction or control.

4.16    When an evaluation is based on photographs, CertainTeed will make a good faith estimate of the number of squares on the roof of the structure.   Claimants shall cooperate with CertainTeed in order to reach agreement on the number of squares on the roof of the structure. The Claimant may provide CertainTeed with detailed measurements on a plane-by-plane basis at the Claimant's expense and shall provide all relevant information in the Claimant's possession that may assist CertainTeed in its determination of the measurements.   Any help Claimant receives from a third party in obtaining detailed measurements shall not violate subsection 4.10 of this Agreement.   Claimants who do not provide CertainTeed with the detailed measurements may not proceed to review by the Independent Claims Administrator on the issue of measurement.

4.17    CertainTeed must advise the Claimant in writing whether and to what extent the claim has been approved or denied within 100 days following receipt of the later of (a) a completed Claims Package, (b) any additional information requested pursuant to subsection 4.13, above, or (c) any inspection of the Claimant's property, provided that during the first year of implementation after the Effective Date, CertainTeed shall have 180 days to complete its evaluation of the Claim.   When a settlement offer is made by the Claims Office, a check will be included with the notice of acceptance; if the Claimant cashes the check, the Claimant will be deemed to have accepted the offer and released his or her Claim in accordance with the release included in the Claim Form.

4.18    If the Claims Office denies all or part of a claim, the Claimant will have the right to appeal the denial to an Independent Claims Administrator, appointed pursuant to subsection 4.19 below.  If the Claims Office denies all or part of a claim, Class Counsel will be provided written notice of the denial contemporaneously with the notice provided to the Claimant.  The following procedures will govern any such appeal:

(a)     The Claimant will have 45 days from receipt of notice of the denial to request an independent review by the Independent Claims Administrator.

(b)     If the Claimant requests an independent review and the Independent Claims Administrator agrees with CertainTeed's determination and finds that the Claim is ineligible for the compensation demanded by the Claimant, the Claimant shall be obligated to pay US$200 for the Independent Review.

(c)     The Independent Claims Administrator shall review the Claim Form, any related documentation of the Claim, and such other related information as the Claimant, Class Counsel, or CertainTeed may submit, and shall make a determination of whether he or she concurs with CertainTeed's evaluation or whether the Claim is eligible for compensation.

(d)     In any such appeal, the Independent Claims Administrator, the Claimant, Class Counsel, or CertainTeed may request that an Independent Inspector, appointed pursuant to subsection 4.20, visit the premises and evaluate the claim pursuant to the terms of this Agreement. Such an inspection by the Independent Inspector must be requested within 30 days of the Claimant's requesting the Independent Review and such inspection must be completed within 45 days of the request, weather permitting.   The Independent Inspector will submit his report to the Claimant, Class Counsel, CertainTeed, and the Independent Claims Administrator within 15 days following the inspection.

(e)     Following receipt of the report of the Independent Inspector, the Claimant, Class Counsel, and CertainTeed will have 30 days to submit additional information to the Independent Claims Administrator.   Any such additional submission will be limited to submissions permitted by procedures and rules for handling the review of claims by the Independent Claims Administrator, which will be established jointly by the Independent Claims Administrator, CertainTeed, and Class Counsel.

(f)     CertainTeed may, but is not required to, meet with the Independent Claims Administrator in connection with the review of any Claim or to present testimony, declarations, or other evidence in support of CertainTeed's

evaluation of the Claim.  In the event CertainTeed invokes this option, the Claimant and Class Counsel may but need not present similar evidence or participate in such meeting.

(g) The Independent Claims Administrator shall provide a written determination, setting forth the basis for his decision.  In conducting his review of Claims, the Independent Claims Administrator shall review the record of the Claim, including any inspection results, and shall determine whether the Claim was correctly evaluated in accordance with the provisions of this Agreement.

(h) The Independent Claims Administrator will make his final decision on the claim within 15 days after the expiration of the 30-day period for submission of additional information.  The Independent Claims Administrator will submit his report to the Claimant, Class Counsel and CertainTeed.

(i) The final decision of the Independent Claims Administrator will be non-appealable, except that if either Class Counsel or CertainTeed concludes that the Independent Claims Administrator's decision is not consistent with the terms of this Settlement Agreement, the Claim can be presented to the Special Master.

(j) The Independent Claims Administrator may provide only the compensatory relief provided for by this Agreement, and may not award any other relief with respect to any claim governed by this Agreement.

(k) CertainTeed will pay any final award of the Independent Claims Administrator within 45 days of receipt of his decision.

(l) Any dispute whether a Claimant has properly complied with the claims procedure set forth in this Agreement will be resolved by the Independent Claims Administrator.

(m) Any dispute whether CertainTeed has properly established any of the CertainTeed Causation Defenses described in subsection 3.7 will be resolved by the Independent Claims Administrator.

4.19  The Independent Claims Administrator shall be selected by agreement of Class Counsel and CertainTeed or, in the absence of such agreement, shall be appointed by the Court. Each Independent Claims Administrator shall serve for a six-month term, which may be renewed by Class Counsel and CertainTeed for subsequent six-month terms, or for such other periods as Class Counsel and CertainTeed may agree.  The Independent Claims Administrator shall be an

experienced roofing professional.  He shall have a continuing obligation to be neutral and unbiased for the duration of his appointment and shall inform Class Counsel and CertainTeed in the event of any conflict of interest.  Notwithstanding the time periods specified herein, either Party may invoke the dispute resolution provision of Section 5 in the event a dispute arises with respect to the performance of Claims review by the Independent Claims Administrator.  In the event Class Counsel and CertainTeed are unable to agree on the appointment of a subsequent Independent Claims Administrator, Class Counsel and CertainTeed shall petition the Court to make such an appointment.

4.20    The Independent Inspectors shall be selected by each Independent Claims Administrator.  The Independent Inspectors shall have a continuing obligation to be neutral and unbiased for the duration of this Agreement and shall inform the Independent Claims Administrator, Class Counsel, and CertainTeed in the event of any conflict of interest.  The Independent Inspectors shall be experienced roofing professionals.  The Independent Inspectors shall serve for terms commensurate with those of the appointing Independent Claims Administrator.  Notwithstanding the time periods specified herein, either Party may invoke the dispute resolution provision of Section 5 in the event a dispute arises with respect to the performance of inspections by the Independent Inspectors.

4.21    The Independent Claims Administrator shall maintain records of his activities in a computerized database electronically accessible to Class Counsel and CertainTeed in a secure, read-only environment and shall provide such periodic and special reports as the Court, Class Counsel, or CertainTeed may request.

4.22    CertainTeed and Class Counsel shall have the right to audit independently the work of the Independent Claims Administrator and any Claim or Claim payments.

4.23    In the event Class Counsel or CertainTeed reasonably believes that the Independent Claims Administrator is not properly applying any of the terms of this Agreement, or if Class Counsel reasonably believes CertainTeed is not properly applying any of the terms of this Agreement, or in the event there is a question concerning the application of the terms of this Agreement generally or with respect to an individual Claim by any of them, then:

      (a)    The objecting Party's counsel shall notify counsel for the other party to this Agreement in writing of the concern;

      (b)    Class Counsel and outside or in-house counsel for CertainTeed shall meet within 30 days of receipt of the written notification to resolve the concern;

      (c)    In the event that Class Counsel and outside or in-house counsel for CertainTeed cannot resolve the matter, then the matter shall be submitted to the Special Master to be appointed pursuant to Section 5.

      (d)    CertainTeed's obligation to pay any disputed Claim shall be suspended until 30 days after such dispute is resolved in accordance with the provisions of this Agreement, at which time the amount, if any is appropriate, shall be paid within 30 days thereafter.

4.24    In no event shall CertainTeed, or any of its present or former parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, representatives, insurers, or assigns, or Plaintiffs or Class Counsel, and their respective agents or employees, have any liability for claims of wrongful or negligent conduct on the part of the Independent Claims Administrator(s), the Independent Inspectors, the Special Master, or their agents.

4.25    CertainTeed shall issue checks on an agreed combined form of check and release to Claimants who are eligible to receive payment.  The release set forth in this document shall in no way be construed to limit or alter the terms of the releases provided by this Settlement.

4.26    Offsets for any amount paid to the Claimant as a result of any other claim, lawsuit, or dispute relating to the damage to the Shingles that are the subject of the Claim, including claims to insurers with respect to any compensation paid in whole or in part for roof

22

replacement, shall be deducted before any compensation is paid under this Agreement to an Eligible Claimant.

4.27    Claimants shall be required to provide CertainTeed with any change of address or updated or revised contact information.  CertainTeed shall use reasonable diligence to locate Claimants whose checks are returned as undeliverable.  Any such funds arising or remaining from any undeliverable checks from any Claim shall be CertainTeed's property.

4.28    In situations in which a Claimant has listed or advertised his or her home for sale or in which the Claimant is experiencing substantial water intrusion due to allegedly Damaged CertainTeed Organic Shingles, CertainTeed, the Independent Claims Administrator, and the Independent Inspector will use best efforts to expedite the claims procedure.

4.29    Unless the Shingles for which payment has been made have been removed and replaced, each Claimant who has received payment on a Claim shall advise any subsequent purchaser of the structure(s) on which the Claim was made of that fact and that no additional Claim can be made in the Claims Program and shall make such other disclosures as may be required by law.

4.30    Claimant or any eligible successor may submit another Claim once every two years from the date that the Claimant receives notice of the denial of his Claim by CertainTeed or the Independent Claims Administrator, provided the date of such subsequent Claim is within the applicable Claims Period of the Claims Program and the provisions of this Agreement. Should CertainTeed determine, upon consideration of the subsequent Claim that the shingles are damaged, the compensation to be paid to the Claimant shall be calculated based upon the date of the submission of the subsequent Claim.

4.31    Except as provided in this subsection 4.31, Settlement Class Members may not assign their claims.

> (a)    Upon the sale of a property covered by this Agreement, the purchaser shall succeed to the rights of the Settlement Class Member by acquiring property covered by this Agreement and may receive and succeed to all rights and obligations created by this Agreement, as limited by the terms and conditions of the Agreement, provided that the subsequent purchaser is qualified to assert a warranty claim in accordance with the transferability provisions of the CertainTeed warranty applicable to such shingles when they were installed.

> (b)    Upon the sale of a property covered by this Agreement, a Settlement Class Member who sells the property may retain, pursuant to a written assignment agreement executed contemporaneously with the sale of the property, all rights and obligations created by this Agreement, as limited by the terms and conditions of the Agreement, provided that the Settlement Class Member's Claims Package is postmarked or otherwise received by CertainTeed no later than 90 days after the later of the Effective Date of this Settlement Agreement or the settlement on the sale of the property.

4.32    Except as otherwise provided by this Agreement, CertainTeed shall be solely responsible for and shall pay all reasonable fees and expenses incurred by the Claims Office, the Independent Claims Administrator(s), the Independent Inspectors, and the Special Master in administering this Agreement, as well as all costs of implementing and administering the Claims Program.  Any dispute concerning the validity of fees, expenses, and any other costs incurred by the Independent Claims Administrator(s) or the Independent Inspectors shall be resolved by the Special Master.

4.33    On the first anniversary of the Effective Date, and annually thereafter until one year after the expiration of the last of the warranty periods identified on Exhibit A hereto, CertainTeed shall file with the Court and serve on a designee of Class Counsel a report identifying the Claimants whose claims have been resolved in the prior 12 months, the amount distributed to each Eligible Claimant, and the basis for denying any claims.

4.34    Class Counsel shall have the right to audit, on an annual basis, the processing and disposition of Claims submitted by Claimants to CertainTeed under this Agreement.  In connection with such an audit, Class Counsel shall have the right to examine all books and records maintained by CertainTeed related to the processing of Claims under this Agreement.  However, CertainTeed shall be permitted to dispose of any shingle samples submitted by a Claimant at the expiration of 60 days from the payment of compensation to that Claimant.  Should a Claim be denied, CertainTeed shall maintain a 1 foot square exemplar of any shingle samples submitted by the Claimant in support of his or her claim.

4.35    All information relating to the Claims Program, individual Claims, Claims processing, and inspections is confidential and proprietary and shall not be disclosed except to CertainTeed and its agents and employees, Class Counsel, the Independent Claims Administrator, the Special Master, and the Court in accordance with the terms of this Agreement, except that an electronic copy of any inspection report relating to an individual Claim will be made available, upon request, to the Claimant involved.  Class Counsel and counsel for CertainTeed will cooperate to obtain entry of Protective Orders governing the disclosure of information relating to the Settlement consistent with the terms of this Agreement.

4.36    Class Counsel and outside or in-house counsel for CertainTeed shall meet in person or by telephone conference regularly to discuss the implementation and execution of this Agreement and to attempt to resolve any concerns of the Parties.

## 5.    SPECIAL MASTER

5.1    The Parties shall jointly propose a Special Master to be appointed by the Court to preside over disputes between the Parties on an as-needed, part-time basis.  The Special Master shall have the power to make decisions in all matters brought to him or her by Class Counsel or CertainTeed pertaining to the administration, implementation, and enforcement of the Agreement

and to resolve those issues that are to be resolved by the Special Master in accordance with the terms of this Agreement, subject to review by the Court. The Special Master shall have a continuing obligation to be neutral and unbiased for the duration of the Agreement and shall inform Class Counsel and CertainTeed in the event of any conflict of interest.

6. **AMOUNTS PAYABLE WITH RESPECT TO CLAIMS**

6.1    If the Claims Office or the Independent Claims Administrator determines that the Claimant is an Eligible Claimant and does not find that CertainTeed has met its burden of establishing any Defenses asserted by CertainTeed pursuant to this Agreement, claims will be paid pursuant to subsections 6.2 through 6.10 hereof.

6.2    The number of squares for which CertainTeed shall compensate Eligible Claimants shall be calculated based on the size of the roof and the extent of Damaged CertainTeed Organic Shingles on a roof plane, as follows:

(a)    If the total area of the roof is 50 squares or less and 5% of the shingles on all the roof planes are Damaged CertainTeed Organic Shingles, then the entire roof shall be considered Damaged and the claim payment will be calculated based on the total number of squares on the entire roof.

(b)    If the total area of the roof is more than 50 squares, then each roof plane on which 5% of the shingles are Damaged CertainTeed Organic Shingles shall be considered Damaged and the claim payment will be calculated based on the total number of squares in the Damaged plane or planes.

(c)    If the Claimant does not qualify for a claim payment pursuant to subsection 6.2(a) or subsection 6.2(b), the claim payment will be calculated based on the number of squares of Damaged shingles.

(d)    In the event that CertainTeed compensates an Eligible Claimant for less than the entire roof (pursuant to either subsection 6.2(b) above or subsection 6.2(c) above), and the Claimant suffers additional Damage to other portions of the roof, such Claimant may submit further claims with respect to such other portions of the roof within the warranty period set forth on Exhibit A hereto, provided however that Claimants who receive compensation pursuant to subsection 6.7 must submit any such further claims within 12 months after the Effective Date.

6.3     Whenever a plane of a roof or the entire roof is considered damaged, CertainTeed will pay Eligible Claimants the applicable amount per square set forth in subsections 6.6 or 6.7 hereof for all the shingles on the plane or the entire roof.

6.4     Whenever Claimants do not qualify for claim payments pursuant to subsection 6.2(a) or subsection 6.2(b), CertainTeed will pay Eligible Claimants the applicable amount per square set forth in subsections 6.6 or 6.7 hereof, but only for the number of squares of Damaged Shingles.

6.5     CertainTeed will provide compensation to Eligible Claimants calculated in accordance with subsections 6.6 through 6.9 hereof.   A Claimant shall be eligible for compensation pursuant to only one of subsections 6.6 through 6.8.

6.6     Each Claimant who either was the owner of the building at the time that the CertainTeed Organic Shingles were applied or is a subsequent property owner who is qualified to assert a warranty claim in accordance with the transferability provisions of the warranty applicable to the shingles will receive compensation of US$74/square; if the Claim is postmarked or otherwise received by CertainTeed within 10 years of the installation of the Organic Shingles, US$34/square of the compensation for replacement shingles will be prorated from date of installation and US$40/square for labor and other materials will not be prorated; but if the Claim is postmarked or otherwise received by CertainTeed more than 10 years after installation of the Organic Shingles (but prior to the expiration of the applicable warranty period set forth on Exhibit A), the entire US$74/square (both the US$34/square for replacement shingles and the US$40/square for labor and other materials) will be prorated on the regular proration schedules for each warranty.

6.7     Each Claimant who is not qualified to assert a warranty claim because the Claimant did not own the building at the time that the CertainTeed Organic Shingles were applied and the transferability provisions of the warranty applicable to the shingles at the time that they were installed did not provide warranty coverage to the subsequent owner will receive compensation of US$34/square for replacement shingles, labor, and other materials ($15.64/square or 46% of the $34/square for the cost of replacement shingles and $18.36/square or 54% of the $34/square to the cost of labor and other materials), prorated from the date of installation, provided that the claim form is postmarked or otherwise received by CertainTeed within 12 months after the Effective Date.

6.8     Each Claimant who between August 1, 2006, and the Effective Date of this Settlement Agreement settled or settle their claims for the CertainTeed Organic Shingles on their buildings and in connection therewith have executed a release of their claims against CertainTeed will receive compensation (for the cost of labor and the cost of materials other than the replacement shingles) equal to 20% of the difference between the amount received on the warranty claim and any greater amount that would have been received had the Claimant been a claimant in the Settlement Agreement, provided that the Abbreviated Claim Form is postmarked or otherwise received by CertainTeed within 12 months after the Effective Date.

6.9     All compensation to be prorated pursuant to subsections 6.6 and 6.7 will be prorated based on the number of months remaining on CertainTeed's original limited warranty with respect to the Damaged CertainTeed Organic Shingles (as set forth on Exhibit A hereto) as of the date the claim is first received by the Claims Office.  Thus, in determining the value of any compensation to be given by CertainTeed with respect to claims under this Settlement, the compensation determined by the Claims Office or the Independent Claims Administrator to be

owed by CertainTeed will be multiplied by the percentage obtained by dividing the total months remaining, as of the date that the Claim is made, on the original limited warranty issued by CertainTeed at the time the Claimant's CertainTeed Organic Shingles were installed by the total number of months provided by that limited warranty, to reflect the number of months that the Claimant has had the use of the CertainTeed Organic Shingles.  For example, if a Claimant should submit a Claim concerning shingles warranted for 30 years (360 months) on the twelfth anniversary of the application of the shingles (when the Claimant has had use of the Shingles for 144 months, and 216 months remain on the original warranty), CertainTeed's payment would be calculated by multiplying the compensation amount determined under subsections 6.6 and 6.7 by 60%, representing the percentage of the warranty that remains (216/360).

6.10    For purposes of calculating the amount of compensation under subsections 6.6 and 6.9 to be awarded to Settlement Class Members who submitted to CertainTeed in the ordinary course of business (prior to the Effective Date of this Agreement) a complete warranty claim (including a shingle sample) that has not been rejected or denied by CertainTeed, the Claim date will be the date that CertainTeed received the complete warranty claim in the ordinary course of business.

6.11    Should a Claimant make a Claim during the SureStart or the SureStart Plus period of the applicable warranty with respect to such shingles at the time they were sold (as set forth on Exhibit A hereto), in lieu of the consideration provided by subsections 6.3 through 6.7, CertainTeed will reimburse the Claimant in accordance with the applicable SureStart warranty.

7.    **ATTORNEYS' FEES AND INCENTIVE PAYMENTS TO THE CLASS REPRESENTATIVES**

7.1    Upon the occurrence of the Effective Date defined in Section 12, below, CertainTeed will pay to an account designated by Class Counsel the total sum awarded to

plaintiffs' counsel by the Court, to compensate all firms representing any plaintiffs in the MDL Litigation, the Pennsylvania Action, and the Canada Action for all services rendered to the Plaintiffs and the Class and for reimbursement of counsel's out-of-pocket expenses in connection with the actions consolidated in the MDL Litigation.  To the extent the parties can reach agreement on the amount of attorneys' fees, costs, and expenses to be requested by Class Counsel, CertainTeed will take no position with respect to the application for attorneys' fees filed by Class Counsel.  However, to the extent the parties cannot reach an agreement on the amount of attorneys' fees, costs, and expenses to be requested by Class Counsel, CertainTeed retains its right to object to the application for attorneys' fees filed by Class Counsel.  The parties agree not to appeal or otherwise challenge Judge Pollak's ruling on fees.

      7.2     Subject to the approval of the Court, CertainTeed will pay an incentive award to each Named Plaintiff in each of the actions consolidated in this MDL Litigation, in the Pennsylvania Action, and in the Canada Action on whose buildings CertainTeed Organic Shingles are or were installed, over and above any amounts to which they may otherwise be entitled under the Settlement, to compensate them for their services in connection with this litigation.  At present, the Parties have agreed that the following Named Plaintiffs have or had CertainTeed Organic Shingles on their buildings, or are assignees of Claims for CertainTeed Organic Shingles pursuant to subsection 4.31(b):  Gilbert Anderson, Catherine Barrett, David Butz, Roger Dunker, Jack Helmick, Frederic G. Eldridge, Dawn Lynn Johnson, Roger Luft, Thomas Rybarczyk, William Simpson, Pat Nagy Swartz, Sherwood Wolfson, and Carole Venhaus.  Named Plaintiffs John Cassidy, Elizabeth Cumming, and Nancy Hollis will provide CertainTeed with samples of the shingles on their buildings so that CertainTeed may determine whether those shingles are CertainTeed Organic Shingles, and hence whether those Named

Plaintiffs are entitled to the incentive awards discussed in this subsection 7.2.  If the Named Plaintiff was deposed, the Named Plaintiff's incentive payment will be US$10,000; if the Named Plaintiff was not deposed, the Named Plaintiff's incentive payment will be US$5,000. CertainTeed will not be required to make more than one such incentive payment with respect to any property.

## 8.    THE PRELIMINARY APPROVAL ORDER

8.1    The Parties shall submit this Agreement to the Court within seven (7) days of execution of this Agreement and request that it enter an Order of Preliminary Approval of Settlement and Hearing Order (the "Preliminary Approval Order") in substantially the form of Exhibit D hereto.

8.2    The Preliminary Approval Order shall:

(a)    Provide for the certification of the Settlement Class, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23, and of Plaintiffs as the representatives of the Class;

(b)    Provide for notice to be given to Settlement Class Members in the manner described in Section 9, below, or in such different manner as may be required by the Court;

(c)    Prescribe periods of time during which Settlement Class Members may timely opt out of the Class or serve written objections to the Settlement or to the request of Class Counsel for counsel fees, costs, and expenses or the incentive payments proposed to be paid to certain plaintiffs; and

(d)    Schedule a hearing (the "Final Approval Hearing") to (i) consider the fairness, reasonableness, and adequacy to the Settlement Class Members of the proposed Settlement; (ii) consider the granting of final approval of the proposed Settlement and the dismissal with prejudice of the actions that compose this MDL Litigation, (iii) provide the members of the Settlement Class the opportunity to object to the proposed Settlement; (iv) consider Class Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses; (v) consider the payment of an incentive payment to certain plaintiffs; and (vi) consider such other matters as the Court may deem to be necessary or proper under the circumstances in accordance with Federal Rule of Civil Procedure 23.

**9.       NOTICE OF PROPOSED SETTLEMENT**

9.1       Notice to class members shall be the responsibility of CertainTeed pursuant to orders of the Court.  The cost of such notice shall be paid by CertainTeed pursuant to subsection 9.7.  Further, Class Counsel and CertainTeed agree that reasonable notice of this Settlement Agreement consistent with the Due Process requirements of the United States Constitution shall be given to any and all members of the Settlement Class pursuant to orders of the Court that so provide.  To effectuate such notice, Class Counsel and CertainTeed have agreed to engage CAC Services Group LLC to advise them with respect to the providing of notice.  Such notice shall include, but not be limited to, publication of summary notices as set forth in subsection 9.2 and mailing of long-form notices as set forth in subsections 9.3 and 9.4.  The text of the notices and the mechanisms for distributing the notices shall be subject to the approval of the Court.

9.2       Summary notices, substantially in the forms attached hereto as Exhibits E (print media), F (television), and G (internet) shall be published in accordance with the directions of the Court.  The publication notices shall be targeted to emphasize those areas where CertainTeed Organic Shingles were sold or where claims have been submitted, in proportion to the amount of such claims or sales.

9.3       A long-form notice, substantially in the form of attached Exhibit H or in such other form as directed by the Court, shall be mailed, first class postage prepaid, to each member of the Settlement Class identified by the Parties through reasonable efforts (other than Settlement Class Members who have submitted a warranty claim for the CertainTeed Organic Shingles on their buildings for which CertainTeed has offered a warranty claim payment, whether such claimant accepted the payment and settled the claim or not), including each member of the Settlement Class whose identity becomes known as a result of the notice published pursuant to

subsection 9.2 above.  The long-form notice shall also be mailed to reasonably identifiable distributors of CertainTeed's Organic Shingles at the addresses last known to CertainTeed.

9.4     A long-form notice, substantially in the form of attached Exhibit I or in such other form as directed by the Court, shall be mailed, first class postage prepaid, to each Settlement Class Member who may submit an Abbreviated Claim Form pursuant to the requirements of subsection 4.9 at the address on the Settlement Class Member's warranty claim.

9.5     Press releases, substantially in the form of attached Exhibit J, shall be released through PR Newswire.

9.6     The long-form and summary notices, (other than the Summary Notice for the internet), as well as the press releases, shall (i) state that the Settlement is contingent upon the Court's final approval; (ii) advise Settlement Class Members that they may elect to opt out of the Class in accordance with Federal Rule of Civil Procedure 23; (iii) advise Settlement Class Members that they may object to the proposed Settlement by filing with the Court and serving upon  Class Counsel and CertainTeed a written statement of objections clearly specifying the grounds for objection and providing the information required by subsection 10.8 and that all such objections must be filed and served no later than 45 days before the Final Approval Hearing; (iv) advise that any Settlement Class Member may enter an appearance at the Final Approval Hearing through counsel of his or her choice, at his or her own expense; (v) state that any Settlement Class Member who does not properly and timely give notice of his or her intention to opt out of the Settlement Class will be bound by any judgment entered in this case, even if he or she has objected to the Settlement and even if he or she has other claims, lawsuits, or proceedings pending against CertainTeed involving allegedly defective CertainTeed Organic Shingles applied to his or her buildings during the Class Period.

9.7     All of the costs of the notice (such as the costs of printing, mailing, and postage) shall be paid by CertainTeed.  CertainTeed shall have the right to monitor, inspect, and audit such costs.

9.8     On or before the date of the Final Approval Hearing, CAC Services Group LLC shall file proof, by affidavit, of the aforesaid publications and mailings.

9.9     No later than the publication of the first notice to be published pursuant to subsection 9.2, CertainTeed shall cause a toll-free telephone facility to be established for the United States and Canada.  The toll-free telephone number of such facility shall be included in the published notice.  The telephone facility shall be capable of (1) receiving requests for Claim Forms or the long-form notice of this Settlement described in subsection 9.3 or any other materials described in this Section, (2) providing general information concerning deadlines for opting out of the Settlement, Claim Forms, and the dates of relevant Court proceedings, including the Final Approval Hearing, and (c) mailing materials to Class Members as provided in this Section.  The toll free number shall be maintained for thirteen months after the Effective Date.  The costs associated with establishing and maintaining the toll-free telephone facility shall be paid by CertainTeed.

9.10    CertainTeed shall mail long-form notices or Claims Forms or Request for Exclusion Forms to anyone requesting them.  CertainTeed shall maintain records of its activities, including logs of all telephone calls and mailings, and shall keep a running tally of the number of and types of materials mailed by it in computerized database form.

9.11    No later than the publication of the first notice to be published pursuant to subsection 9.2, CertainTeed shall cause an internet website concerning the Settlement to be established.  The website shall be maintained while CertainTeed is processing claims under this

Settlement Agreement; or, if as a result of the evolution of the electronic communication media, the maintenance of the website is no longer practicable, CertainTeed shall utilize a suitable alternative communications medium to make available information concerning the Settlement and the procedures for the submission of claims.  The internet address of the website shall be included in the published notice.  The website shall provide (a) generalized information concerning deadlines for opting out of the Settlement, Claim Forms, and the dates of relevant Court proceedings, including the Final Approval Hearing, (b) a listing of the toll-free phone number to be established pursuant to subsection 9.9; and (c) copies of this Agreement, the long-form notices, the Claim Forms,and information concerning the submission of Claims Packages. CertainTeed shall maintain records of their activities, including logs of inquiries to the internet website and downloads and/or mailings, and shall keep a running tally of the number and types of materials mailed by it or downloaded from the internet website in a computerized database form.  The costs associated with the establishing and maintaining the internet website shall be paid by CertainTeed.

9.12    CertainTeed shall include in the section of its corporate website concerning warranty claims for roofing shingles a link to the website to be established pursuant to section 9.11 hereof and such link shall be maintained while CertainTeed is processing warranty claims under this Settlement Agreement; or, if as a result of the evolution of the electronic communication media, CertainTeed is not maintaining a corporate website, CertainTeed shall utilize a suitable alternative communications medium to make available information concerning the Settlement and the procedures for the submission of claims.

## 10.    SETTLEMENT CLASS MEMBERS' RIGHT OF EXCLUSION AND TO OBJECT

10.1    A Settlement Class Member may opt out of the Settlement Class. To exercise this exclusion right, the Class Member must send written notification of the decision to request

exclusion via first class mail to Class Counsel.  The notice of exclusion must bear the signature of the Settlement Class Member (even if represented by counsel), state the address of the property(ies) that may contain CertainTeed Organic Shingles, and specify the number of units of residential property or other structures at each address containing CertainTeed Organic Shingles. If the class member has entered into a written or oral agreement to be represented by counsel, the objection shall also be signed by the attorney who represents the Class Member.  Such request must be postmarked or personally delivered on such schedule as the Court may direct.   In seeking Preliminary Approval of this Settlement, the Parties will request that the deadline for submission of requests for exclusion shall be set on a date no less than 60 days after the publication of the final notice to be published pursuant to subsection 9.2.  Exclusions sent by any Class Member to incorrect locations shall not be valid.  Any Class Member who submits a timely request for exclusion shall not be permitted to object to the Settlement.

10.2    Except for those Settlement Class Members who have properly and timely opted out of the Class, all Settlement Class Members will be deemed Settlement Class Members for all purposes under this Settlement.

10.3    Any Settlement Class Member who has not timely and properly filed a written request for exclusion from the Settlement Class shall be bound by this Settlement and by all subsequent proceedings, orders, and judgment in the MDL Litigation.  Any Class Member who elects to opt out of the Class pursuant to this Agreement shall not be entitled to relief under or be affected by this Agreement.

10.4    Settlement Class Members who have elected to opt out of the Settlement Class may withdraw their opt out requests prior to the Effective Date, but only if they accept the benefits and terms of this Settlement and dismiss with prejudice any other pending action against

CertainTeed arising from damage to their homes or other structures because of any alleged defects in CertainTeed Organic Shingles.

10.5    Class Counsel shall have the right to contact persons who file exclusion requests and to challenge the timeliness and validity of any exclusion request, as well as the right to effect the withdrawal of any exclusion filed in error and any exclusion which a Settlement Class Member wishes to withdraw for purposes of participating in the Settlement as set forth in this Agreement.  The Court shall determine whether any of the contested opt outs is valid.

10.6    Within seven (7) days of the closing of the opt out period, Class Counsel shall provide counsel for CertainTeed, by electronic mail, facsimile, and/or hand delivery, with a list identifying each person who has requested exclusion from the Settlement Class and attaching copies of all such requests for exclusion.

10.7    In the sole discretion of CertainTeed, this Settlement Agreement may be unilaterally voided if the number of Settlement Class Members opting out reaches a level that, in CertainTeed's judgment, threatens to frustrate the essential purpose of this Agreement. CertainTeed shall advise Class Counsel and the Court, in writing, of this election within seven (7) days of receiving the list of opt outs pursuant to subsection 10.6. In such event, this Settlement Agreement may not be offered or received into evidence or utilized for any other purpose in the Lawsuit or in any other action, suit, or proceeding.

10.8    A Settlement Class Member may object to the Settlement. To exercise this objection right, the Class Member must provide written notice of the objection via first class mail to the Court, Class Counsel, and CertainTeed's counsel.  The objection must bear the signature of the Settlement Class Member (even if represented by counsel), the class member's current address and telephone number, state the address of the property(ies) that may contain

CertainTeed Organic Shingles, specify the number of units of residential property or other structures at each address containing CertainTeed Organic Shingles, and state the exact nature of the objection and whether or not the class member intends to appear at the final approval hearing.  If the class member is represented by counsel, the exclusion request shall also be signed by the attorney who represents the Class Member.   Such request must be postmarked or personally delivered on such schedule as the Court may direct.  In seeking Preliminary Approval of this Settlement, the Parties will request that the deadline for submission of notice of objection shall be sent on a date no less than 45 days before the Final Approval Hearing.  Objections sent by any Class Member to incorrect locations shall not be valid.

## 11.  FINAL JUDGMENT OF DISMISSAL

11.1    At least fourteen (14) days before the Final Approval Hearing, the parties shall file a joint motion requesting that the Court grant final approval of the Settlement embodied in this Agreement and that the Court enter an Order of Final Approval of Settlement and Final Judgment of Dismissal consistent with the terms of this Agreement, substantially in the form of attached Exhibit K (the "Judgment").

11.2    If the Court grants final approval of the Settlement, the Judgment shall:

(a)    Provide that the Settlement is fair, reasonable, and adequate to the members of the Settlement Class and direct that the Agreement be implemented in accordance with its terms;

(b)    Make findings of fact concerning the allocation of the Settlement payments to Eligible Class Members among the costs of the replacement of the CertainTeed Organic Shingles, other materials, and labor;

(c)    Dismiss all the actions in MDL Docket No. 1817 against CertainTeed, with prejudice, as to any claims asserted in the Complaints by or on behalf of any Settlement Class Member (except for claims for damages to any interior part of the structure below the roof deck), and dismiss without prejudice the claims of any Named Plaintiff in any action in MDL Docket No. 1817 on whose building CertainTeed Organic Shingles have not been installed;

(d)      Adjudge that each and every Settlement Class Member is deemed to have fully, finally, and forever released and discharged CertainTeed from any and all claims, demands, rights, liabilities, or causes of action, whether known or unknown, related to, in connection with, or arising out of the facts asserted in the Complaints with respect to CertainTeed Organic Shingles, which any member of the Settlement Class had, has, or may have in the future, except for claims for damages to any interior part of the structure below the roof deck, and further shall permanently bar and enjoin the Settlement Class Members from asserting such claims directly or indirectly against CertainTeed;

(e)      Approve such award of attorneys' fees and expenses for Class Counsel and/or incentive payments to certain Plaintiffs as the Court may award or reserve jurisdiction to make such an award;

(f)      Provide that the form and manner of notice given to the Settlement Class Members fairly and adequately informed them of all material elements of this litigation and the proposed Settlement and constituted sufficient notice to the Settlement Class Members in accordance with Federal Rule of Civil Procedure 23 and due process requirements; and

(g)      Reserve jurisdiction over consummation and performance of the Agreement and administration of the Settlement.

11.3    Class Counsel agrees to take all steps reasonably required to obtain a dismissal without prejudice of the Pennsylvania Action and the Canada Action.

## 12.    EFFECTIVE DATE

12.1    The Settlement and the obligations of the parties under this Agreement shall not become effective until, and are expressly conditioned upon, the occurrence of the Effective Date.

12.2    The Effective Date shall occur when all of the following conditions have been satisfied:

(a)      The Court has granted final approval of the Settlement following notice to the Settlement Class Members and has entered Judgment in substantially the form of Exhibit K annexed hereto; and

(b)      The Judgment has become final. The Judgment shall become final when (i) all periods within which to file an appeal from the Judgment have expired without the filing of any appeals, or (ii) in the event that an appeal from the Judgment is filed, a final order has been entered disposing of the

appeal, and any time for further appeal, including any petition for writ of certiorari, has expired.

## 13.   **RELEASE**

13.1    Upon the Court's entry of the Judgment, all Settlement Class Members who have not properly and timely opted out of the Settlement Class pursuant to the terms of this Agreement shall be conclusively deemed to have released and forever discharged (as by an instrument under seal without further act by any person, and upon good and sufficient consideration), on behalf of themselves and their agents, heirs, executors and administrators, successors, attorneys, representatives, and assigns, each of CertainTeed, and its present or former parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, insurers, representatives, and assigns, from each and every claim of liability, including relief under federal law or the law of any state, which arises out of Damage to CertainTeed Organic Shingles applied during the Class Period, including without limitation all claims or liability on account of or related to Damage to CertainTeed Organic Shingles, including but not limited to claims for damage to the roof deck and associated roofing system and/or structure, which were alleged or could have been alleged in the Complaints in the actions consolidated in MDL Docket No. 1817; provided, however, that such Release will not release CertainTeed from (1) any obligations it has assumed under this Agreement; (2) any claims for damages to any interior part of the structure below the roof deck suffered on account of Damaged CertainTeed Organic Shingles; (3) any claims which do not arise from Damage to the CertainTeed Organic Shingles; (4) any claim for bodily injury, including claims for pain and suffering, emotional distress, mental anguish, or similar damages suffered as the result of such bodily injury; and (5) obligations incurred by CertainTeed in settlements it has made with Settlement Class Members prior to the Effective Date.  Notwithstanding the foregoing, all claims (whether arising prior to the Effective Date or

thereafter) for penalties, punitive damages, exemplary damages, statutory damages, damages based upon a multiplication of compensatory damages, court costs, or attorneys' fees or expenses, which might otherwise have been made in connection with any claim relating to Damaged CertainTeed Organic Shingles, shall be released. The Releasing Parties specifically reserve any and all other claims and causes of action against any and all other persons or entities not parties to this Agreement. The Releasing Parties acknowledge and agree that such reservation creates no basis for a claim of indemnification or contribution, however denominated, by the non-party against the Released Parties, as Releasing Parties have released all claims on which liability could be found against the Released Parties, and is solely intended to preserve a Releasing Party's ability to seek relief against the non-party. This Release shall apply to all related subrogation claims of the Settlement Class Members' subrogees or insurance carriers.

13.2    It is the intent of the Parties that no Releasing Party shall recover, directly or indirectly, any sums for claims released by operation of this Agreement, including but not limited to Settled Claims, from Releasees, other than sums received under this Agreement and that Releasees shall have no obligation to make any payments to any non-parties for liability arising out of claims released by operation of this Agreement.

      (a)    Releasing Parties agree that in any action brought by a Releasing Party against any non-party arising out of or related to CertainTeed Organic Shingles, should any such non-party sued by a Releasing Party file a claim or cause of action against any Releasee for contribution or indemnification, however denominated, arising out of or related to CertainTeed Organic Shingles, Releasing Parties agree that the Releasing Party shall agree to reduce or remit any judgment against the non-party by the percentage, amount, or share necessary under applicable law to fully discharge and relieve Releasees of liability to the non-party for claims for contribution and indemnification, however denominated.

      (b)    Plaintiffs and Releasing Parties agree that the provisions of this Agreement and any Claim thereunder constitute a good faith settlement

under California Civil Code §§ 877 and 877.6 and comparable laws in other states, that Plaintiffs, Class Counsel, and Releasing Parties shall cooperate fully in any effort of Releasees to establish such good faith settlement before any court (including, without limitation, by joining in any motion or other procedure and providing declarations and other evidence to establish such good faith settlement where requested by any Releasee) and that all payments made under this Agreement relate to claims arising out of or related to CertainTeed Organic Shingles.

(c)     If any non-party sued by a Releasing Party obtains a judgment against any Releasee for contribution or indemnification, however denominated, Releasing Parties agree that the Releasing Party shall reduce or remit its judgment against the non-party by the amount of the non-party's judgment against the Releasee not to exceed the amount of that portion of the judgment for which the non-party obtains contribution or indemnification, however denominated, so as to fully satisfy the non-party's judgment against the Releasee.

(d)     If notwithstanding the intention of the Parties expressed therein, any release given by the Releasing Parties is not given its full effect by operation of law, then the Releasing Parties shall be deemed to have and do hereby transfer and assign to Releasees all claims, if any, that were deemed not released, to the extent necessary to effectuate the intent of the release.

(e)     Class Counsel shall cooperate with Releasees to ensure that the releases set forth in this Section are given their full force and effect and that Releasing Parties comply with their obligations set forth in this Agreement.

13.3     In the event that any Releasing Party seeks to invoke California Civil Code § 1542 which provides that "a general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known to him must have materially affected his settlement with the debtor" (or any other like provision of law) in connection with CertainTeed Organic Shingles, the Releasing Parties and each of them now expressly waive the provision of California Civil Code § 1542 (and all other like provisions of law) to the full extent that these provisions may be applicable to this release.  Each of the Releasing Parties hereby does, and shall be deemed to, assume the risk that facts additional, different, or contrary to the facts, which each believes or understands to exist, may now exist or

may be discovered after this Agreement becomes effective.  Each of the Releasing Parties agrees that any such additional, different, or contrary facts shall in no way limit, waive, or reduce the foregoing release, which shall remain in full force and effect.

## 14.    EXCLUSIVE REMEDY; DISMISSAL OF ACTION; JURISDICTION OF COURT

14.1    Each and every member of the Settlement Class who has not requested exclusion pursuant to this Agreement submits to the jurisdiction of the Court and will be bound by the terms of this Settlement (including, without limitation, any and all releases).

14.2    This Agreement shall be the sole and exclusive remedy for any and all pending or future claims of Settlement Class Members against CertainTeed arising from the installation and incorporation of allegedly Damaged CertainTeed Organic Shingles, and upon entry of the Final Judgment by the Court, each Settlement Class Member who has not opted out of the Class shall be barred from initiating, asserting, or prosecuting any such claims against CertainTeed, except for claims for interior damage below the roof deck.

14.3    Upon the entry of the Final Order and Judgment, each of the actions consolidated in this MDL Litigation and all claims and allegations concerning CertainTeed Organic Shingles therein (except for claims for damages to any interior part of the structure below the roof deck) of Settlement Class Members (other than opt outs) will be dismissed with prejudice.

14.4    The Court shall retain exclusive and continuing jurisdiction to interpret and enforce the terms, conditions, and obligations of this Agreement and the Court's orders and judgments.  In the event of a breach by CertainTeed or a Settlement Class Member under this Agreement, the Court may exercise all equitable powers over CertainTeed or such Class Member to enforce this Agreement and the Final Order and Judgment irrespective of the availability or adequacy of any remedy at law.  Such powers include, among others, the power of specific performance, contempt, and injunctive relief.

## 15.    OTHER TERMS AND CONDITIONS

15.1    In the event that this Settlement does not become effective for any reason, this Agreement shall become null and void and of no further force and effect.  In such instance, this Agreement and any negotiations, statements, communications, or proceedings relating thereto, and the fact that the parties agreed to the Settlement, shall be without prejudice to the rights of the Plaintiffs or CertainTeed or any Settlement Class Member, shall not be used for any purpose whatsoever in any subsequent proceeding in this action or in any other action in any court or tribunal, and shall not be construed as an admission or concession by any party of any fact, matter, or allegation.  In the event that this Settlement does not become effective, the Plaintiffs, CertainTeed, and the Settlement Class Members shall be restored without prejudice to their respective positions as if the Settlement and any application for its approval by the Court had not been made or submitted.  Notwithstanding the foregoing, in the event that the Court should refuse to approve any material part of this Agreement or the Exhibits thereto or if, on appeal, an appellate court fails to affirm the Judgment entered pursuant to this Agreement, then the parties may (but are not obligated to) agree in writing to amend this Settlement Agreement and proceed with the Settlement as so amended.  Neither any award of an incentive payment to a Named Plaintiff in an amount less than that set forth in subsection 7.2, nor an award of attorneys' fees, costs, and disbursements to Class Counsel in an amount less than that requested by Class Counsel, nor a reversal on appeal of any such award shall be deemed to be a modification of a material part of this Agreement which shall cause the Agreement to become null and void pursuant to this subsection.

15.2    CertainTeed represents and warrants that: (i) it has all requisite corporate power and authority to execute, deliver, and perform this Agreement and to consummate the transactions contemplated hereby, (ii) the execution, delivery, and performance of this

44

Agreement have been duly authorized by all necessary corporate action on the part of CertainTeed; (iii) its signatories to the Agreement have full authority to sign on behalf of and to bind CertainTeed to its terms; and (iv) this Agreement has been duly and validly executed and delivered by CertainTeed and constitutes its legal, valid, and binding obligation.

15.3    Plaintiffs, CertainTeed, and their attorneys agree to cooperate fully in seeking Court approval of this Agreement and to use their best efforts to effect the consummation of the Settlement provided for herein.  They further agree to execute all such additional documents as shall be reasonably necessary to carry out the provisions of this Agreement.

15.4    The undersigned counsel represent that they have been fully authorized to execute this Agreement on behalf of their respective clients.

15.5    This Agreement shall be binding upon and inure to the benefit of the parties to this Agreement and to all members of the Settlement Class and their respective agents, heirs, executors, administrators, successors, or assigns.

15.6    This Agreement and its Exhibits constitute the entire agreement of the parties with respect to the subject matter thereof.  The Settlement contemplated by this Agreement is not subject to any condition not expressly provided for herein, and there exist no collateral or oral agreements relating to the subject matter of the Agreement.  In entering this Agreement, no party is relying on any promise, inducement, or representation other than those set forth herein and in the Exhibits hereto.  Any agreement purporting to change or modify the terms of this Agreement or the Exhibits hereto must be in writing, signed by counsel for each of the parties to this Agreement.

15.7    All of the Exhibits attached hereto or referred to herein are incorporated as if fully set forth in the body of this Agreement.

15.8    The waiver by any party to this Agreement of any breach of its terms shall not be deemed or construed to be a waiver of any other breach of this Agreement, whether prior, subsequent, or contemporaneous.

15.9    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original.  All counterparts shall constitute one Agreement, binding on all parties hereto, regardless of whether all parties are signatories to the same counterpart, but the Agreement will be without effect until and unless all parties to this Agreement have executed a counterpart.

15.10   This Agreement shall be governed by the laws of the Commonwealth of Pennsylvania without regard to its conflict of laws principles whether set forth in rules, precedent, or case law.

15.11   Any action or proceeding to construe or enforce this Agreement or to secure damages for its breach shall be brought in the Court.

15.12   Any headings, subheadings, or titles herein are used for purposes of convenience only and have no other legal force, meaning, or effect.

WHEREFORE, the undersigned have executed this Agreement on the 15th day of December, 2009.

**LEVIN FISHBEIN SEDRAN & BERMAN**
Arnold Levin, Esquire
Fred S. Longer, Esquire
Charles E. Schaffer, Esquire
*Attorneys for Plaintiffs*

**HOYLE, FICKLER, HERSCHEL &**
     **MATHES LLP**
Lawrence T. Hoyle, Jr., Esquire
Arlene Fickler, Esquire
*Attorneys for Defendant CertainTeed Corporation*

**LOCKRIDGE, GRINDAL NAUEN, P.L.L.P.**
Robert K. Shelquist, Esquire
*Attorneys for Plaintiffs*

**AUDET & PARTNERS, LLP**
Michael McShane, Esquire
*Attorneys for Plaintiffs*

**CUNEO GILBERT & LADUCA, LLP**
Charles LaDuca, Esquire
*Attorneys for Plaintiffs*

**HALUNEN & ASSOCIATES**
Clayton Halunen, Esquire
*Attorneys for Plaintiffs*

**SISKINDS LLP**
Charles M. Wright
*Attorneys for Canadian Plaintiffs*

WHEREFORE, the undersigned have executed this Agreement on the 15th day of December, 2009.

_____
**LEVIN FISHBEIN SEDRAN & BERMAN**
Arnold Levin
Fred S. Longer
Charles E. Schaffer
*Attorneys for Plaintiffs*

_____
**HOYLE, FICKLER, HERSCHEL &**
**          MATHES LLP**
Lawrence T. Hoyle, Jr.
Arlene Fickler
*Attorneys for Defendant CertainTeed Corporation*

_____
**LOCKRIDGE, GRINDAL NAUEN, P.L.L.P.**
Robert K. Shelquist
*Attorneys for Plaintiffs*

_____
**AUDET & PARTNERS, LLP**
Michael McShane
*Attorneys for Plaintiffs*

_____
**CUNEO GILBERT & LADUCA, LLP**
Charles LaDuca
*Attorneys for Plaintiffs*

_____
**HALUNEN & ASSOCIATES**
Clayton Halunen
*Attorneys for Plaintiffs*

_____
**SISKINDS LLP**
Charles M. Wright
*Attorneys for Canadian Plaintiffs*

47

# EXHIBIT A

| | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Hallmark Shingle | Independence Shingle | Horizon Shingle | Custom Sealdon | Custom Sealdon 30 | Sealdon 20 | Sealdon 25 | Hearthstead | Solid Slab | Master Slab | Custom Sal-T-Lok/ Sal-T-Lok | Custom Lok 25 |
| 4 | 1987 | 30 yrs (360 mos.) | 30 yrs (360 mos.) | 25 yrs (300 mos.) | N/A | N/A | 20 yrs (240 mos.) | N/A | 25 yrs (300 mos.) | 20 yrs (240 mos.) | 20 yrs (240 mos.) | 20 yrs (240 mos.) | N/A |
| 5 | 1988 | 30 yrs (360 mos.) | 30 yrs (360 mos.) | 25 yrs (300 mos.) | N/A | N/A | 20 yrs (240 mos.) | N/A | 25 yrs (300 mos.) | 20 yrs (240 mos.) | 25 yrs (300 mos.) | 20 yrs (240 mos.) | N/A |
| 6 | 1989 | 30 yrs (360 mos.) | 30 yrs (360 mos.) | 25 yrs (300 mos.) | N/A | N/A | 20 yrs (240 mos.) | N/A | 25 yrs (300 mos.) | 20 yrs (240 mos.) | 25 yrs (300 mos.) | 20 yrs (240 mos.) | N/A |
| 7 | 1990 | 30 yrs (360 mos.) | 30 yrs (360 mos.) | 25 yrs (300 mos.) | N/A | N/A | 20 yrs (240 mos.) | N/A | 25 yrs (300 mos.) | 20 yrs (240 mos.) | 25 yrs (300 mos.) | 20 yrs (240 mos.) | N/A |
| 8 | 1991 | 30 yrs (360 mos.) | 30 yrs (360 mos.) | 25 yrs (300 mos.) | 25 yrs (300 mos.) | N/A | 20 yrs (240 mos.) | N/A | 25 yrs (300 mos.) | 20 yrs (240 mos.) | 25 yrs (300 mos.) | 20 yrs (240 mos.) | N/A |
| 9 | 1992 | 30 yrs (360 mos.) | 30 yrs (360 mos.) | 25 yrs (300 mos.) | 25 yrs (300 mos.) | N/A | 20 yrs (240 mos.) | N/A | 25 yrs (300 mos.) | 20 yrs (240 mos.) | 25 yrs (300 mos.) | 20 yrs (240 mos.) | N/A |
| 10 | 1993 | 30 yrs (360 mos.) | 30 yrs (360 mos.) | 25 yrs (300 mos.) | 25 yrs (300 mos.) | N/A | 20 yrs (240 mos.) | N/A | 25 yrs (300 mos.) | 20 yrs (240 mos.) | 25 yrs (300 mos.) | N/A | 25 yrs (300 mos.) |
| 11 | 1994 | 30 yrs (360 mos.) | 30 yrs (360 mos.) | 25 yrs (300 mos.) | 25 yrs (300 mos.) | N/A | 20 yrs (240 mos.) | N/A | 25 yrs (300 mos.) | 20 yrs (240 mos.) | 25 yrs (300 mos.) | N/A | 25 yrs (300 mos.) |
| 12 | 1995 | 30 yrs (360 mos.) | 30 yrs (360 mos.) | 25 yrs (300 mos.) | N/A | 30 yrs (360 mos.) | N/A | 25 yrs (300 mos.) | 25 yrs (300 mos.) | 20 yrs (240 mos.) | 25 yrs (300 mos.) | N/A | 25 yrs (300 mos.) |
| 13 | 1996 | 30 yrs (360 mos.) | 30 yrs (360 mos.) | 25 yrs (300 mos.) | N/A | 30 yrs (360 mos.) | N/A | 25 yrs (300 mos.) | 25 yrs (300 mos.) | 25 yrs (300 mos.) | 25 yrs (300 mos.) | N/A | 25 yrs (300 mos.) |
| 14 | 1997 | 30 yrs (360 mos.) | N/A | N/A | N/A | 30 yrs (360 mos.) | N/A | 25 yrs (300 mos.) | 25 yrs (300 mos.) | 25 yrs (300 mos.) | N/A | N/A | 25 yrs (300 mos.) |
| 15 | 1998 | 30 yrs (360 mos.) | N/A | N/A | N/A | 30 yrs (360 mos.) | N/A | 25 yrs (300 mos.) | 25 yrs (300 mos.) | 25 yrs (300 mos.) | N/A | N/A | 25 yrs (300 mos.) |
| 16 | 1999 | 30 yrs (360 mos.) | N/A | N/A | N/A | 30 yrs (360 mos.) | N/A | 25 yrs (300 mos.) | 25 yrs (300 mos.) | 25 yrs (300 mos.) | N/A | N/A | 25 yrs (300 mos.) |
| 17 | 2000 | 30 yrs (360 mos.) | N/A | N/A | N/A | 30 yrs (360 mos.) | N/A | 25 yrs (300 mos.) | 25 yrs (300 mos.) | N/A | N/A | N/A | 25 yrs (300 mos.) |
| 18 | 2001 | 30 yrs (360 mos.) | N/A | N/A | N/A | 30 yrs (360 mos.) | N/A | 25 yrs (300 mos.) | 25 yrs (300 mos.) | N/A | N/A | N/A | 25 yrs (300 mos.) |
| 19 | 2002 | 30 yrs (360 mos.) | N/A | N/A | N/A | 30 yrs (360 mos.) | N/A | 25 yrs (300 mos.) | 25 yrs (300 mos.) | N/A | N/A | N/A | 25 yrs (300 mos.) |
| 20 | 2003 | 30 yrs (360 mos.) | N/A | N/A | N/A | 30 yrs (360 mos.) | N/A | 25 yrs (300 mos.) | 25 yrs (300 mos.) | N/A | N/A | N/A | 25 yrs (300 mos.) |
| 21 | 2004 | N/A | N/A | N/A | N/A | N/A | N/A | 25 yrs (300 mos.) | 25 yrs (300 mos.) | N/A | N/A | N/A | 25 yrs (300 mos.) |
| 22 | 2005 | N/A | N/A | N/A | N/A | N/A | N/A | 25 yrs (300 mos.) | 25 yrs (300 mos.) | N/A | N/A | N/A | 25 yrs (300 mos.) |
| 23 | 2006 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |

EXHIBIT A
Page 1 of 1

CTB000047

# EXHIBIT B

> # C E R T A I N T E E D   O R G A N I C   S H I N G L E S
> # C L A S S   A C T I O N   S E T T L E M E N T
> # S T A N D A R D   C L A I M   F O R M

## INSTRUCTIONS

*How to determine whether this Standard Claim Form is the right form for your claim.*

- You should submit this claim form if you believe that your CertainTeed Organic Shingles ("Organic Shingles") meet the criteria for Damaged Shingles set forth in the Settlement Agreement. The Settlement Agreement, including the criteria for determining eligibility for payment, can be found on the website, www.CertainTeedShingleSettlement.com.  To find out if your Organic Shingles meet the criteria for defective shingles and for more information about whether you are eligible to file a claim, see the attached Notice or visit the website and access the "Claim Eligibility" tab, or call CertainTeed at 1-888-898-4111.

- If you have already submitted a warranty claim to CertainTeed for the Organic Shingles **and** CertainTeed has offered you a warranty claim payment **you do not need to submit this Claim Form**; you need only submit an Abbreviated Claim Form. You can obtain an Abbreviated Claim Form by visiting www.CertainTeedShingleSettlement.com or calling 1-888- 898-4111.

*How to determine the due date for your Claim Form.*

**The due dates for Claim Forms vary and range from 90 days to 25 years** after the Settlement Effective date**.**  To find out the due date for your Claim Form, see the attached Notice or visit www.CertainTeedShingleSettlement.com and access the "Claims Deadline" tab, or call CertainTeed at 1-888- 898-4111.  Claim Forms postmarked (or if not mailed, received) after the applicable claims deadline cannot be processed under the terms of the Settlement.  A Claim Form received by the Claims Administrator will be deemed to have been submitted when posted, if a postmark is indicated on the envelope and it is mailed first class, and addressed in accordance with these instructions. In all other cases, a Claim Form will be deemed to have been submitted when actually received by the Claims Administrator.

*How to complete this Claim Form.*

1.      *All* questions *must* be answered. Please type or print your responses in ink. Use "N/A" when the question does not apply. You must respond to any request for additional information; if you fail to respond, your claim may not be processed, and you will forfeit important rights. The more complete the Claim Form, the more quickly your claim can be processed.

2.      Please keep a personal copy of the Claim Form and all enclosures. **Do not submit**

**your only copy of the supporting documents.** Materials submitted will not be returned. All copies of documentation submitted in support of this claim should be clear, legible, and complete.

3.     To support your claim as requested in this form, please submit as many color photographs as necessary. Due to computer security reasons, submissions may not be accepted via email. Paper copies must be photo-quality color pictures; do not submit black-and-white photocopies. Photographs may also be submitted on CD or DVD labeled with your claim number.

4.     Place the completed CertainTeed Organic Shingles Class Action Settlement Standard Claim Form, and all the photographs and other supporting documentation, together in an envelope so they do not become damaged or lost. Then place both the envelope and shingle sample together in one (1) box, seal and send the box to the following address:

> CertainTeed Organic Claims Settlement Administrator
> 1400 Union Meeting Road
> Blue Bell, PA 19422-0761

Further instructions for creating and shipping a box containing a shingle sample are provided in an instruction sheet included at the end of this form. Failure to provide any of the items listed above will delay the processing of your claim If you have a question or need to contact the Claims Administrator, email claimsadministrator@CertainTeedShingleSettlement.com, call 1-888-898-4111, or write to the address above.

**Please notify the Claims Administrator of any change of address that occurs after you submit your claim.**

*What to expect after you submit your Claim Form.*

1.     No acknowledgement will be made of the receipt of a Claim Form. If you wish to be assured that your Claim Form and documentation was delivered, please use a shipping method that provides delivery certification. You should be aware that it will take time to process fully all of the claims and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and evaluate each Claim Form.

2.     The Claims Administrator will evaluate all of the information and documentation that you submit in order to determine your eligibility for benefits under the Settlement Agreement. The Claims Administrator will contact you to request additional information if the information you provided is insufficient to process your claim.

Please be assured that we are committed to processing your claim in a fair and timely manner. For additional information about the Settlement and the specific warranty under which your shingles are covered, please visit www.CertainTeedShingleSettlement.com.

# CERTAINTEED ORGANIC SHINGLES CLASS ACTION SETTLEMENT CLAIM FORM
## CLAIM NUMBER_____

## I. CLAIMANT INFORMATION

**Name:**_____   **Co-owner's Name:** _____

**SSN, EIN or SIN #** _____   **Co-owner's SSN, EIN or SIN #:** _____

**Current Address:**_____
_____*Street Address*_____*Apt. Number*

_____   _____   _____
*City*_____*State*_____*Zip Code*

**Telephone**: (____) _____  (____) _____  (____) _____
_____*Daytime*_____*Evening*_____*Cellular*

**Fax:** (____) _____   **Email:** _____

**Co-owner's Current Address (If Different from Claimant):**

_____
*Street Address*_____*Apt. Number*

_____   _____   _____
*City*_____*State*_____*Zip Code*

If Claimant is other than an individual, state the name and capacity of the person completing this form *(Officer, Partner, etc)*: _____

Do you consent to receive official information about the claim via email? _____  _____
_____Yes_____No

## II. DESCRIPTION OF PROPERTY WHERE ORGANIC SHINGLES ARE OR WERE INSTALLED
### (Please Fill Out a Separate Copy of This Section For Each Property)

**STREET ADDRESS OF BUILDING WITH SHINGLES, IF DIFFERENT FROM CLAIMANT'S ADDRESS (Do Not Use A Post Office Box):**

_____
 *Street Address*_____*Apt. Number*

_____   _____   _____
*City*_____*State*_____*Zip Code*

_____
*Nearest cross street to property*

**NAME OF CURRENT OCCUPANT** (If different from Claimant): _____

**OWNERSHIP:**

When did you acquire the property?_____/_____
*(month/year)*

Do you currently own the Property?       _____   _____
                                          Y e s          N o

**If you now own the Property, you must provide the following proof of ownership:**

1. _____ A copy of the property deed or dated property tax record showing that you are the owner of the Property; *and*

2. Any *one* of the following documents:

    _____ a copy of the current Mortgage Statement;

    _____ a copy of the current home insurance statement;

    _____ a copy of a current utility bill; or

    _____ a copy of the property deed (if not supplied for #1 above).

**Enclosures Required:** Check off and enclose checked documents for proof of ownership. The document must name all owners and provide the address of the Property; a mailing address is not sufficient. Please do not send originals.

For manufactured homes a copy of the current registration or property title may be provided instead of the property deed.

**If you do not now own the Property:**

When did you sell the property? _____/_____
*(month/year)*

To whom did you sell the property? _____

Who owns the property now? _____

Has there been an assignment of the claims relating to the Shingles?_____ _____
                                                                    Yes        No

**If yes,** you must provide proof of the assignment with this claim form.

**PROPERTY TYPE:**

What type of property were or are the Organic Shingles installed on:

_____                         _____                              _____
Single-family                 Apartment Building                 Commercial
residence

_____                         _____                              _____
Condominium                   Duplex                             Other/Describe

When was the building built? : _____

List the name of the development, neighborhood, or subdivision where the property is located:_____

*Check Appropriate Boxes:*

Type of Deck:      ❑ Plywood or OSB ❑ Wood Planks (width :1 X ___) ❑ Other Type:_____
Roof Over or:      ❑ Complete Tear Off ❑ Over Asphalt Shingles ❑ Over Wood Shingles ❑*New*_____
Ventilation:       ❑ Ridge Vents   ❑ Eave Vents   ❑ Gable Vents   ❑ Roof Vents

EXHIBIT B
Page 4 of 12

❏Roof Turbines ❏Power Vents    ❏Other Type Vents:_____

**OTHER CLAIMS**

Did you or any prior owner ever make a warranty claim to CertainTeed regarding the shingles, before making this claim? _____  _____
　　　　Yes　　　　　No

**If yes**, provide your warranty claim number: #_____

When was the claim made? _____/_____
　　　　　　　　　　　　　　　　*(month/year)*

Have you *signed* a release with CertainTeed regarding your current claim?　_____  _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Yes　　　No

Was the property the subject of an insurance claim regarding the shingles?　_____  _____
　　　　　　　　　　　　　　　　　　　　　　　　　　Yes　　　　No

**If yes, p**rovide the insurance claim number:　#_____
When was the claim made?　_____/_____
　　　　　　　　　　　　　*(month/year)*

To whom was the claim made?　_____

How much money was received?　_____

# III. INSTALLATION, CONDITION, AND IDENTIFICATION OF ORGANIC SHINGLES

**INSTALLATION:**

What type of CertainTeed Organic Shingles are installed on your building?_____

When were the Shingles installed?:　_____/_____
　　　　　　　　　　　　　　　　　*(month/year)*

Indicate whether the Shingles were installed during original construction of the structure or later, by checking one of the following:
　　　___Installed when structure was originally built
　　　___Installed later

Provide the name and address of the builder or roofing contractor who installed the shingles.
　　**Name:**_____

　　**Address:**_____
　　　　　　　***Street* Address**

_____　_____　_____
***City*** 　　　　　　　　　　　　　　　　***State*** 　　　　***Zip* Code**

**AMOUNT OF SHINGLES INSTALLED ON PROPERTY**

   Total square feet of roof _____

   Total square feet of Organic Shingles on the property_____

   Total square feet of Organic Shingles that are damaged _____

   The total square feet of each structure on the property _____

   Measurement of the footprint of the property_____

   The number of stories the property has _____

   The pitch of the roof(s)_____.  Note: The pitch of the roof refers to the slope of the roof.  A roof's pitch is calculated by the number of inches it rises vertically for every 12 inches it extends horizontally. So a roof that rises 6 inches vertically for every 12 inches horizontally has a 6/12 pitch.

**CONDITION OF THE SHINGLES**

Describe your specific concern with the CertainTeed Organic Shingles and specify the areas of the roof where those concerns are manifested:

_____
_____
_____
_____
_____
_____
_____

**REPAIR/ REPLACEMENT HISTORY**

   Have you repaired or replaced your shingles? _____ _____
                                                    Yes      No

   Describe repairs that were made:

**THE SHINGLE SAMPLE**

   ***IMPORTANT:*  Providing a shingle sample is the most expeditious and sometimes the only means by which your claim can be processed and compensation paid.**  A sample shingle from your roof  is the best evidence that the shingles on your roof are CertainTeed Organic Shingles and of the current condition of your shingles.  Therefore, providing a shingle sample will help speed review of your claim and help you avoid follow up questions and delays during the claims process.  CertainTeed will reimburse you up to $50.00 for the expense of having a roofing professional remove and replace the shingle necessary to make a claim, provided that the shingle, upon inspection and testing, is determined to have been manufactured by CertainTeed.  Please submit an invoice at the time the sample is sent to the Claims Administrator.  In the event that the sample is proven not to be a product manufactured by CertainTeed, you will not be reimbursed the $50.

   **IF YOU ARE ABLE TO SUBMIT A SHINGLE SAMPLE, PLEASE FILL OUT PART ID-A OF THIS FORM.  IF YOU ARE UNABLE TO SUBMIT A SHINGLE SAMPLE, SKIP TO PART ID-B BELOW.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PART ID-A

***If you are able to submit a shingle sample, please:***

- Carefully remove a **full shingle** from the roof of the property, which clearly demonstrates the condition of the shingles. Shingles of the same or similar design must be installed immediately to replace the removed sample in order to prevent serious leakage.

- Label your shingle sample with the assigned Claim number, Claimant name, and Claimant address.

- Pack and ship the shingle as directed in the shingle sample removal instructions included in this packet.  The shingle sample must be shipped FLAT to insure proper evaluation.  All shingle samples submitted become the property of CertainTeed Corporation and are not returnable.

☐   I am submitting a full shingle sample in support of my claim as directed in the instructions above.  I certify that this shingle was installed on the structure with respect to which I am making my claim.  (Please check box to verify the truth of this statement).

If you are able to provide a shingle sample, you need only submit additional credible evidence (a) of the quantity of shingles; (c) the date of installation; and (d) that other shingles on the roof also meet the criteria for Damaged Shingles under the Settlement Agreement.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PART ID-B

If you are unable to provide a shingle sample, you still must provide credible evidence (a) that the shingles that are the subject of the claim are CertainTeed Organic shingles; (b) of the quantity of shingles; (c) of the date of installation; and (d) that the shingles meet the criteria for Damaged Shingles under the Settlement Agreement.  CertainTeed reserves the right to require a shingle sample if it determines that the alternative evidence that you supply does not adequately demonstrate that CertainTeed Organic Shingles were installed on your roof, the quantity of shingles, the date of installation, and that the shingles meet the criteria for Damaged Shingles under the Settlement Agreement.

☐   I am unable to provide a shingle sample but nevertheless I believe I have sufficient documentation to substantiate my claim.  I am enclosing a separate sheet of paper that explains in detail why I am unable to provide the sample, and how the documentation that I am submitting provides substantiation for the criteria noted in (a) through (d) in the preceding paragraph.  (Please check box to verify the truth of this statement).


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OTHER DOCUMENTATION**

*IMPORTANT:  Each submitted document must be labeled with the assigned Claim Number and Claimant Name.  Photographs must **also** be labeled to identify the plane or area of the roof shown.*

PLEASE CHECK OFF EACH BOX BELOW TO INDICATE WHETHER YOU ARE ENCLOSING THE DOCUMENT(S) DESCRIBED BY THE LANGUAGE NEXT TO EACH BOX.  YOU MAY HAVE DOCUMENTS THAT SATISFY MORE THAN ONE BOX; IF SO A SINGLE COPY OF THE DOCUMENT IS SUFFICIENT.

☐     If you hired a roofer to remove your shingle sample, attach the roofer's invoice for this job (needed to obtain your reimbursement of up to $50)

☐     Documentation of product identification.

Acceptable documentation, as an alternative to a shingle sample, would include reliable and contemporaneous documentary proof of purchase and installation of  the Organic Shingles, such as an invoice from a roofer and evidence of payment; or a prior communication from CertainTeed (e.g., where a prior warranty claim has been made), which confirms that the Shingles on the structure are CertainTeed Organic Shingles.  In some cases, photographs of the roof may be sufficient to establish that the Shingles installed on the property are CertainTeed Organic Shingles.  Bids are **not** acceptable.

☐     Documentation of date of installation.

Documentation that may show the date of installation would include: a dated invoice for installing the shingles from a roofer; a certificate of occupancy or final building inspection; or a Building Permit.  The Building Permit should be available by contacting your local township office.  Bids from roofers for shingle installation are not acceptable.

☐     Documentation of quantity of shingles.

Acceptable documentation would be the original receipt showing the date and quantity of materials purchased, or the roofing contractor's invoice at the time of application.  Photographs of the building sufficient to establish the size of the roof may be accepted if other documentation is not available.

☐     Documentation of the condition of the shingles.  ***Please submit photographs in each category specified below***.  *In general, try to make sure that the photographs are sufficient to establish the condition of the roof and Organic Shingles in sufficient detail and quality to allow the Claims Administrator to evaluate whether and how many of your shingles qualify as Damaged under the settlement agreement, and to determine the nature and extent of any affected areas.*

☐     **a minimum of two** photographs indicating the location from which the sample was removed before and after removal. (for persons who are submitting a shingle sample).

☐     **sufficient** photographs to show the entire structure (front and back) from the ground level, and from a distance sufficient to show the entire structure.

☐ **a minimum of two** photographs of each roof plane showing the plane and the condition of the Shingles.  Such photographs should include close-up pictures of the problem.

☐ **one** photograph showing the building number on the building or on a mailbox in front of the building.

☐ **sufficient** photographs to show existing ventilation in the structure (soffit, eave, ridge, box vents, etc.)

☐ **one or more** photographs showing a close-up of the problem

**INSPECTION**

If the property must be inspected, do you wish to be present for the inspection? _____ _____
                                                                                                                                                 Yes            No

**If yes,** please provide convenient times to call to schedule the inspection and the telephone numbers and e-mail addresses that are best to use for scheduling:

_____

Is there a dog(s) on the property? _____        _____
                                                                  Yes                 No

Are there locked gates on the property?        _____     _____
                                                                                  Yes            No

# IV. ACKNOWLEDGMENT OF CLAIMANT(S)

**Claimants must acknowledge that they have read and agree to the following by checking the boxes (mandatory):**

☐   SUBMISSION TO JURISDICTION OF COURT. Claimant agrees to submit to the exclusive jurisdiction of the U. S. District Court for the Eastern District of Pennsylvania for all purposes associated with this Claim.

☐   VERIFICATION OF CLAIM AND WARRANTY. Claimant represents and warrants that the information, enclosures, and supporting documentation submitted herewith are true, correct, and accurate. Claimant specifically warrants that Claimant is the rightful and only owner or assignee of the Claim submitted and has not otherwise transferred or encumbered any right or interest in this Claim and/or right or entitlement arising from the Settlement to any person.

☐   RELEASE. In consideration of the benefits provided by the Settlement, and subject to various paragraphs contained in the Settlement Agreement, I, on behalf of myself and my agents, heirs, executors and administrators, successors, attorneys, representatives, and assigns, fully and finally settle, release and discharge from the Settled Claims (defined below) each and all of the Released Parties defined as CertainTeed Corporation and its former and present parents, subsidiaries, affiliates, shareholders, directors, officers, employees, agents, representatives, accountants, auditors, attorneys, advisors, insurers, investment bankers, heirs, executors, administrators, beneficiaries and the predecessors, successors, heirs and assigns of any of them, and any person or entity in which any of the foregoing has or had a controlling interest or which is or was related to or affiliated with any of the

foregoing.  If the CertainTeed Organic Shingles remain on the roof when the structure is sold, I further agree to advise the subsequent Purchaser of the Property of the payment and Release and make such other appropriate disclosure as may be required by applicable local, provincial, and state laws regarding the purchase and sale of the property.  I hereby warrant and represent that I have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

**"Settled Claim"** means any claim liability, right, demand, suit, matter, obligation, damage, loss or cost (including the cost of remediation), action or cause of action, of every kind and description that the Releasing Party has or may have, including assigned claims whether known or unknown, asserted or unasserted, latent or patent, which arises out of damage to the Organic Shingles, including without limitation all claims or liability on account of or related to Damage to the Organic Shingles, including but not limited to claims for damage to the roof deck and associated roofing system and/or structure, which were alleged or could have been alleged in the Complaints in the actions consolidated in MDL Docket No. 1817.  Without limiting the generality of the foregoing, Settled Claim shall include, with regard to the foregoing subject matter: (1) any claim for breach or violation of any federal or state statute, consumer protection acts, case law, common law, or other law; (2) any claim for breach of any duty imposed by law, by contract, or otherwise; (3) any claim based on strict product liability, failure to warn, negligent failure to warn, negligence, reliance, breach of express or implied warranty, racketeering, fraud, conspiracy, consumer fraud, negligent misrepresentation/omission, or intentional misrepresentation/omission; (4) any claim arising from or in any way related to the design, manufacture, production, labeling, warning, sale, promotion, distribution, assembly, or installation of Organic Shingles, and/or any alleged defects in the Organic Shingles, or any part thereof; and (5) any claim for penalties, punitive damages, exemplary damages, or any claim for damages based upon any multiplication or enhancement of compensatory damages associated with (1) through (4) above.

Settled Claim does not include: (1) any claims for damages to the interior part of a building below the roof deck suffered on account of damage to the Organic Shingles; (2) any claims which do not arise from damage to the Organic Shingles; (3) any claim for bodily injury, including claims for pain and suffering, emotional distress, mental anguish, or similar damages suffered as the result of such bodily injury; and (4) obligations incurred by CertainTeed in settlements it has made with class members prior to the Effective Date of the Settlement Agreement.

# V. CERTIFICATION

All the information that I supplied in this Claim Form is true and correct to the best of my knowledge and belief.

All samples or photographs I have supplied are typical of the damage to the roof or roof plane for which I seek compensation.

This document is signed under penalties of perjury. By my signature below, I also authorize the Claims Administrator to verify the Claim, including by retaining an Inspector to inspect the Organic Shingles on the Property.

_____     _____
*Signature of Owner*                           *Date*

# ACCURATE CLAIMS PROCESSING TAKES TIME.

## THANK YOU FOR YOUR PATIENCE.

**Reminder Checklist:**

1.  Please check to make sure you have answered all of the questions on the Standard Claim Form.

2.  Please sign the above release and certification.

3.  Remember to enclose copies of all required supporting documentation.

4.  Keep a copy of the completed Claim Form for your records.

5.  If you desire an acknowledgment of receipt of your Claim Form, please use a form of mailing that will provide you with a return receipt.

6.  If you move, or if the Settlement Notice was sent to you at an old or incorrect address, please provide us with your new address.

7.  If you have any questions concerning this Claim Form, contact the Claims Administrator by calling 1-888-898-4111 or writing: CertainTeed Claims Administrator, 1400 Union Meeting Road, Blue Bell, PA 19422-0761.

## ***Shingle Sample Packing Instructions***

To insure a proper and timely evaluation of your claim, the manner in which your shingle sample is packaged and shipped to the Claims Administrator is very important. **The applied and complete shingle sample must be shipped flat, (not folded, cut up or rolled).**

To make a shingle box:

*A)* Obtain 1 or 2 large cardboard boxes, (commonly available at department or grocery stores), and cut down the sides of the box.

*B)* Place the sample in the center and cut away the excess cardboard. "Sandwich" the sample between the two pieces of cardboard. The finished pieces should be around 12 1/2" x 37" (for English size shingles), 14" x 40" (for Metric size shingles) and 18 1/2" x 37" (for oversize shingles)

*C)* Include the completed CertainTeed Organic Shingle Class Action Settlement Claim Form, photographs, and other documentation in a separate envelope and place in the package with the shingles.

*D)* Tape securely around the entire circumference of the box with duct or packaging tape and place the address label provided on the outside of the box.

*E)* We recommend shipping insured USPS (United States Postal Service), UPS (United Parcel Service), FedEx (Federal Express) or another traceable and insured carrier.

# EXHIBIT C

<div style="border:1px solid black">

# C E R T A I N T E E D   R O O F I N G   S H I N G L E

# C L A S S   A C T I O N   S E T T L E M E N T
# A B B R E V I A T E D   C L A I M   F O R M

</div>

## INSTRUCTIONS

1.      You are eligible to submit this Abbreviated Claim Form **only if** you have already submitted a warranty claim to CertainTeed for your CertainTeed Organic Shingles ("Organic Shingles") **and** CertainTeed has offered you a warranty claim payment.  **Note:** You may submit this Abbreviated Claim Form whether you accepted CertainTeed's warranty claim payment or not.

2.      If CertainTeed has not offered you a warranty claim payment and your Organic Shingles have deteriorated you must submit the Standard Claim Form.  You get the Standard Claim Form at www.CertainTeedShingleSettlement.com, or by calling CertainTeed at 1-888-898-4111.

3.      *All* questions on this Abbreviated Claim Form *must* be answered. Please type or print your responses in ink.  Additional information will be requested if this form is incomplete or otherwise insufficient to process your claim. You must respond to any request for additional information; if you fail to respond, your claim may not be processed, and you will forfeit important rights.

5.      **The due date** for this Abbreviated Claim Form is 12 months after the Effective Date of the Settlement.  Abbreviated Claim forms postmarked (or if not mailed, received) after this due date cannot be processed under the terms of the Settlement.  To find out more information about the Effective Date of the Settlement, see the attached Notice, or go to www.CertainTeedShingleSettlement.com, or call the CertainTeed Claims Administrator at 1-888-898-4111.

6.      Mail the completed Abbreviated Claim Form to:
                CertainTeed Organic Claims Settlement Administrator
                1400 Union Meeting Road
                Blue Bell, PA 19422-0761

7      No acknowledgement will be made of the receipt of a Claim Form.  If you wish to be assured that your Claim Form and documentation was delivered, please use a shipping method that provides delivery certification. You should be aware that it will take time to process fully all of the claims and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and evaluate each Claim Form. Please notify the Claims Administrator of any change of address.

8      If you have questions regarding this Abbreviated Claim Form or recovery under

EXHIBIT C
Page 1 of 5

the Settlement, you can check the website (www.CertainTeedShingleSettlement.com) or call the Claims Administrator at 1-888- 898-4111.  Your questions will be answered at no cost to you.

EXHIBIT C
Page 2 of 5

## I. CLAIMANT INFORMATION

## CLAIM NUMBER_____

## I. CLAIMANT INFORMATION

**Name:**_____

**Current Address:**_____
                        *Street Address*                                           *Apt. Number*

_____          _____          _____
*City*                                          *State*                  *Zip Code*

**Telephone**: (____) _____     (____) _____     (____) _____
                *Daytime*                     *Evening*                  *Cellular*

**Fax:** (____) _____          **Email:** _____

If Claimant is other than an individual, state the name and capacity of the person completing this form
*(Officer, Partner, etc)*: _____

## II.    CLAIM INFORMATION

When did you submit a warranty claim to CertainTeed regarding your Organic Shingles? _____/_____
                                                                                    *Month / Year*

Provide your CertainTeed Warranty Claim Number: _____

Have you signed a release with CertainTeed regarding your original warranty claim?_____    _____
                                                                                    Yes        No

## III. PROPERTY WHERE ORGANIC SHINGLES ARE OR WERE INSTALLED
**(Please Fill Out a Separate Copy of This Section For Each Property)**

### PROPERTY ADDRESS AND ZIP CODE/POSTAL CODE (Do Not Use A Post Office Box)

_____
*Street Address*                            *Apt. Number*

_____          _____          _____
*City*                                          *State*                  *Zip Code*

EXHIBIT C
Page 3 of 5

# IV. ACKNOWLEDGMENT OF CLAIMANT(S)

**Claimants must acknowledge that they have read and agree to the following by checking the boxes (mandatory):**

☐ SUBMISSION TO JURISDICTION OF COURT. Claimant agrees to submit to the exclusive jurisdiction of the U. S. District Court for the Eastern District of Pennsylvania for all purposes associated with this Claim.

☐ VERIFICATION OF CLAIM AND WARRANTY. Claimant represents and warrants that the information contained herein is true, correct, and accurate. Claimant specifically warrants that Claimant is the rightful and only owner or assignee of the Claim submitted and has not otherwise transferred or encumbered any right or interest in this Claim and/or right or entitlement arising from the Settlement to any person.

☐ RELEASE. In consideration of the benefits provided by the Settlement, and subject to various paragraphs contained in the Settlement Agreement, I, on behalf of myself and my agents, heirs, executors and administrators, successors, attorneys, representatives, and assigns, fully and finally settle, release and discharge from the Settled Claims (defined below) each and all of the Released Parties defined as CertainTeed Corporation and its former and present parents, subsidiaries, affiliates, shareholders, directors, officers, employees, agents, representatives, accountants, auditors, attorneys, advisors, insurers, investment bankers, heirs, executors, administrators, beneficiaries and the predecessors, successors, heirs and assigns of any of them, and any person or entity in which any of the foregoing has or had a controlling interest or which is or was related to or affiliated with any of the foregoing. If the CertainTeed Organic Shingles remain on the roof when the structure is sold, I further agree to advise the subsequent Purchaser of the Property of the payment and Release and make such other appropriate disclosure as may be required by applicable local, provincial, and state laws regarding the purchase and sale of the property.. I hereby warrant and represent that I have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

**"Settled Claim"** means any claim liability, right, demand, suit, matter, obligation, damage, loss or cost (including the cost of remediation), action or cause of action, of every kind and description that the Releasing Party has or may have, including assigned claims whether known or unknown, asserted or unasserted, latent or patent, which arises out of damage to the Organic Shingles, including without limitation all claims or liability on account of or related to damage to the Organic Shingles, including but not limited to claims for damage to the roof deck and associated roofing system and/or structure, which were alleged or could have been alleged in the Complaints in the actions consolidated in MDL Docket No. 1817. Without limiting the generality of the foregoing, Settled Claim shall include, with regard to the foregoing subject matter: (1) any claim for breach or violation of any federal or state statute, consumer protection acts, case law, common law, or other law; (2) any claim for breach of any duty imposed by law, by contract, or otherwise; (3) any claim based on strict product liability, failure to warn, negligent failure to warn, negligence, reliance, breach of express or implied warranty, racketeering, fraud, conspiracy, consumer fraud, negligent misrepresentation/omission, or intentional misrepresentation/omission; (4) any claim arising from or in any way related to the design, manufacture, production, labeling, warning, sale, promotion, distribution, assembly, or installation of Organic Shingles, and/or any alleged defects in the Organic Shingles, or any part thereof; and (5) any claim for penalties, punitive damages, exemplary damages, or any claim for damages based upon any multiplication or enhancement of compensatory damages associated with (1) through (4) above.

EXHIBIT C
Page 4 of 5

Settled Claim does not include: (1) any claims for damages to the interior part of a building below the roof deck suffered on account of damage to the Organic Shingles; (2) any claims which do not arise from damage to the Organic Shingles; (3) any claim for bodily injury, including claims for pain and suffering, emotional distress, mental anguish, or similar damages suffered as the result of such bodily injury; and (4) obligations incurred by CertainTeed in settlements it has made with class members prior to the Effective Date of the Settlement Agreement.

# V. CERTIFICATION

All the information that I supplied in this Abbreviated Claim Form is true and correct to the best of my knowledge and belief.

This document is signed under penalties of perjury.

If more than one owner, Claim Form must be signed by all owners.

_____   _____
*Signature of Owner*                *Date*


# ACCURATE CLAIMS PROCESSING TAKES TIME.

# THANK YOU FOR YOUR PATIENCE.

EXHIBIT C
Page 5 of 5

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CERTAINTEED CORPORATION | : | MDL DOCKET NO. 1817 |
| ROOFING SHINGLES PRODUCTS | : | |
| LIABILITY LITIGATION | : | |
| | : | |
| This Order  relates to: | : | |
| | : | |
| ALL CASES | : | |
| | : | |

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT
AGREEMENT, CERTIFYING CASE AS A CLASS ACTION
IN LIGHT OF THE SETTLEMENT, DEFINING SETTLEMENT CLASS,
AND PROVIDING FOR NOTICE OF SETTLEMENT CLASS CERTIFICATION,
SETTLEMENT, AND SETTLEMENT HEARING**

AND NOW, this _____ day of _____, 2009, upon consideration of the

Motion for Preliminary Approval of the Settlement Agreement and Notice to Settlement Class

Members (Doc. No. ____) of Plaintiffs Catherine Barrett, Roger Dunker, and Sherwood

Wolfson, through Class Counsel, and Defendant CertainTeed Corporation ("CertainTeed"), the

Court having reviewed the Motion and the Settlement Agreement attached to it, and the

supporting papers submitted with it, and the Court being fully advised in the premises;

It is, therefore, hereby ORDERED that:

1.      Unless otherwise indicated, all terms used in this Order shall have the same

meaning ascribed to them in the Settlement Agreement before the Court.

2.      The proposed Settlement as set forth in the Settlement Agreement executed by

Plaintiffs Catherine Barrett, Roger Dunker, and Sherwood Wolfson (the "Named Plaintiffs") and

Defendant is preliminarily approved, subject to a Final Approval Hearing as provided in this

Order to determine whether the settlement is fair, adequate, and reasonable.  The Court is

satisfied that enough information has been presented to support the conclusion that there are no obvious deficiencies in the proposed Settlement Agreement, that the proposed Class satisfies the class action requirements set forth in Federal Rule of Civil Procedure 23(a) and (b) for purposes of a Settlement Class only, and that Settlement Class Members should be notified of the proposed Settlement and a Final Hearing scheduled.

3.  For purposes of the settlement of this case (and only for such purposes, and without an adjudication on the merits), the Court makes the following findings under the United States Constitution, the Federal Rules of Civil Procedure, and the Rules of this Court:

a.  The Settlement Class consists of thousands of owners of buildings on which CertainTeed Organic Shingles were installed.

b.  There exist questions of fact and law common to the Settlement Class Members. All Settlement Class Members contend that CertainTeed made misrepresentations about its Organic Shingles and that the Organic Shingles were defective.

c.  The claims of the Named Plaintiffs are typical of the claims of the Settlement Class.

d.  Named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class.

e.  Resolution of this action in the manner proposed by the Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the action, and common issues resolved through this Settlement predominate over individual issues.  The Court notes also that, because this action is being settled rather than litigated, the Court need not consider defenses to individual claims

that the Defendant has waived in order to settle the case or other manageability issues that might be presented were the case to be litigated through trial.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).

4.      This case is certified as a class action for settlement purposes only pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.  The Settlement Class shall be defined as follows:

> All individuals and entities that own, as of December 15, 2009, homes, residences, buildings, or other structures located in the United States or Canada whose roofs  contain or contained roofing shingles made with a felt reinforcement base material that is saturated with asphalt, also known as organic roofing shingles, manufactured by CertainTeed after July 1, 1987; all individuals and entities who previously owned such a building and who, prior to the date of this Agreement, sold or transferred the building and at the time of the sale or transfer retained the right to make a claim for the shingles pursuant to a valid documented assignment; and all individuals and entities who owned such a building and who, between August 1, 2006, and the Effective Date of this Agreement, have settled or settle their warranty claims for such shingles.

5.      Excluded from the Settlement Class are:

   a.   all parties who timely exercise their rights under Federal Rule of Civil Procedure 23 to opt out of the Settlement;

   b.   all persons who filed a claim concerning their CertainTeed Organic Shingles in any court of law, when that claim has been resolved with a final judgment, whether or not favorable to the claimant;

   c.   all persons who are or were builders, developers, contractors, manufacturers, wholesalers, or retailers of real estate or real property (except as to personal residences or commercial property owned by them);

   d.   Defendant, any entity in which Defendant has a controlling interest, any entity which has a controlling interest in Defendant, and Defendant's legal representatives, assigns, and successors; and

   e.   the Judge to whom this case is assigned and any member of the Judge's immediate family.

EXHIBIT D
Page 3 of 12

6.     The Court appoints Catherine Barrett, Roger Dunker, and Sherwood Wolfson to serve as Settlement Class Representatives.

7.     As previously ordered in Pretrial Orders Nos. 1 and 2 dated April 17, 2007, the Court reaffirms the appointment of Arnold Levin of Levin, Fishbein, Sedran & Berman as Liaison Counsel, and also reaffirms the appointment of Robert K. Shelquist  of Lockridge, Grindal & Nauen, L.L.P;  Michael McShane of Audet & Partners, LLP; and Charles J. LaDuca of Cuneo, Gilbert & Laduca, LLP, as Co-lead Counsel.

8.     Notice to Settlement Class Members shall be the responsibility of Class Counsel and of CertainTeed, and the cost of such notice shall be paid by CertainTeed under the terms of the Settlement Agreement.  To effect such notice, Class Counsel and CertainTeed have agreed to engage CAC Services Group LLC ("CAC") to advise them with respect to the providing of notice.  CAC has proposed a class notice program that will provide notice to the Settlement Class Members as more fully described in paragraphs 9 to 11 hereof.

9.     Long-Form Notices of the Proposed Settlement Agreement and of the Final Approval Hearing, substantially in the forms of Exhibits H and I attached to the Settlement Agreement, shall be mailed, first-class postage prepaid, to each member of the Settlement Class, as appropriate, identified by the Parties through reasonable efforts, including each member of the Settlement Class whose identity becomes known as a result of the Summary Notices required by Paragraph 10 of this Order.  The mailings shall include the appropriate claim form – either Exhibit B or C.

10.     Summary Notices of the Proposed Settlement Agreement and the Final Approval Hearing, substantially in the forms attached to the Settlement Agreement as Exhibits E  (print media), F (television), G (internet) and J (informational press release) shall be published as

follows: (1) three weeks of print publication in Parade Magazine's midwestern editions; (2) five print notice placements in U.S. and Canadian trade journals; (3) a 60 second television notice airing on four national cable networks, nine midwestern cable networks, and four Canadian cable networks; (4) internet notices on web properties such as Google, Yahoo, and Bing; and (5) an informational press release issued to PR Newswire (U.S. and Canada). The publication notices properly target those areas where CertainTeed Organic Shingles were sold or where claims have been submitted, in proportion to the amount of such claims or sales. The notices shall be published during the months of January, February, and March 2010.

11.    Notice in compliance with the directives of Paragraphs 9 and 10 of this Order is hereby found to be the best notice practicable under the circumstances and constitutes due and sufficient Notice of the Proposed Settlement Agreement and the Final Approval Hearing to the Settlement Class and all persons entitled to receive such Notice as potential Settlement Class Members.

12.    CAC shall file proof by affidavit of the direct mailing of the Long-Form Notices and publication of the Summary Notices and Press Release at or before the Final Approval Hearing.

13.    A Settlement Class Member may opt out of the Settlement Class. To exercise this exclusion right, the Settlement Class Member must send written notification of the decision to request exclusion via first class mail to any one of the firms appointed as Co-Lead Class Counsel at the following addresses:

AUDET & PARTNERS, LLP
Michael McShane, Esquire
221 Main Street, Suite 1460
San Francisco, CA  94105

**OR**

CUNEO GILBERT & LADUCA, LLP
Charles LaDuca, Esquire
507 C Street NE
Washington, D.C. 20002

**OR**

LOCKRIDGE GRINDAL NAUEN P.L.L.P
Robert K. Shelquist, Esquire
Suite 2200
100 Washington Avenue South
Minneapolis, Minnesota 55401-2197

The notice of exclusion must bear the signature of the Settlement Class Member (even if represented by counsel), state the address of the property(ies) that may contain CertainTeed Organic Shingles, and specify the number of units of residential property or other structures at each address containing CertainTeed Organic Shingles.  If the Settlement Class Member has entered into a written or oral agreement to be represented by counsel, the exclusion request shall also be signed by the attorney who represents the Settlement Class Member.  Such request must be postmarked or personally delivered by _____.  Exclusions sent by any Settlement Class Member to incorrect locations shall not be valid.  Any Settlement Class Member who submits a timely request for exclusion shall not be permitted to object to the Settlement.

14.     Except for those Settlement Class Members who have properly and timely opted out of the Settlement Class, all others will be deemed Settlement Class Members for all purposes under this Settlement.

15.     Any Settlement Class Member who has not timely and properly filed a written request for exclusion from the Settlement Class shall be bound by this Settlement and by all subsequent proceedings, orders, and judgments in this litigation.  Any Settlement Class Member

who elects to opt out of the Settlement Class pursuant to this Agreement shall not be entitled to relief under or be affected by the Settlement Agreement.

16.     Settlement Class Members who have elected to opt out of the Settlement Class may withdraw their opt out requests prior to the Settlement Effective Date, but only if they accept the benefits and terms of this Settlement and dismiss with prejudice any other pending action against CertainTeed arising from damage to their homes or other structures because of any alleged defects in CertainTeed Organic Shingles.

17.     Class Counsel shall have the right to contact persons who file exclusion requests and to challenge the timeliness and validity of any exclusion request, as well as the right to effect the withdrawal of any exclusion filed in error and any exclusion which a Settlement Class Member wishes to withdraw for purposes of participating in the Settlement as set forth in the Agreement.  The Court shall determine whether any of the contested opt outs is valid.

18.     Within seven (7) days of the closing of the opt out period, Class Counsel shall provide counsel for CertainTeed, by electronic mail, facsimile, and/or hand delivery, with a list identifying each person who has requested exclusion from the Settlement Class and attaching copies of all such requests for exclusion.

19.     The Settlement Agreement provides that CertainTeed may unilaterally void the Settlement if it concludes, in its sole discretion, that the number of Settlement Class Members opting out reaches a level that, in CertainTeed's judgment, threatens to frustrate the essential purpose of this Agreement.  CertainTeed shall advise Class Counsel and the Court, in writing, whether it elects to void the Settlement Agreement, within seven (7) days of receiving the list of opt outs pursuant to Paragraph 18 of this Order. In such event, this Settlement Agreement may

not be offered or received into evidence or utilized for any other purpose in the Lawsuit or in any other action, suit, or proceeding.

20.     A Settlement Class Member may object to the Settlement. To exercise this objection right, the Settlement Class Member must provide written notice of the objection via first class mail to the Court, Class Counsel, and CertainTeed's counsel.  The objection must bear the signature of the Settlement Class Member (even if represented by counsel), the Settlement Class Member's current address and telephone number, state the address of the property(ies) that may contain CertainTeed Organic Shingles, specify the number of units of residential property or other structures at each address containing CertainTeed Organic Shingles, and state the exact nature of the objection and whether or not the Settlement Class Member intends to appear at the final approval hearing.  If the Settlement Class Member is represented by counsel, the objection shall also be signed by the attorney who represents the Settlement Class Member. Such request must be postmarked or personally delivered on or before _____. Objections sent by any Settlement Class Member to incorrect locations shall not be valid.

21.     Any attorneys hired by individual Settlement Class Members for the purpose of objecting to the proposed Settlement shall file with the Clerk of the Court and serve on Class Counsel and CertainTeed's counsel a notice of appearance, not later than _____.

22.     Any filings, objections, or appearances shall be filed and/or served with the Court and counsel for CertainTeed at the following addresses:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
James A. Byrne Federal Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

HOYLE, FICKLER, HERSCHEL & MATHES LLP
Lawrence T. Hoyle, Jr., Esquire
Arlene Fickler, Esquire
One South Broad Street, Suite 1500
Philadelphia, PA 19107
**ATTORNEYS FOR DEFENDANT CERTAINTEED CORPORATION**

Any filings, objections, or appearances shall also be served on ONE of the firms appointed as

Class Counsel at one of the following addresses:

AUDET & PARTNERS, LLP
Michael McShane, Esquire
221 Main Street, Suite 1460
San Francisco, CA  94105

**OR**

CUNEO GILBERT & LADUCA, LLP
Charles LaDuca, Esquire
507 C Street NE
Washington, D.C. 20002

**OR**

LOCKRIDGE GRINDAL NAUEN P.L.L.P
Robert K. Shelquist, Esquire
Suite 2200
100 Washington Avenue South
Minneapolis, Minnesota 55401-2197

23.     Class Counsel and CertainTeed's counsel shall promptly furnish each other with

copies of any objections and appearances that come into their possession.

24.     No person shall be entitled in any way to contest the approval of the terms and

conditions of the Settlement Agreement or the Final Order and Judgment to be entered thereon

except by filing and serving written objections in accordance with the provisions of this Order

and the Settlement Agreement.  Any Settlement Class Member who does not submit a timely,

written objection or request for exclusion from the Settlement Class in compliance with all of

the procedures set forth in this Order and the Settlement Agreement will be deemed to have

waived all such objections and will, therefore, be bound by all proceedings, orders, and judgments in this case, which will be preclusive in all pending or future lawsuits or other proceedings.

25.    All other motions and deadlines pending in this case are hereby stayed.

26.    If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

27.    The Settlement Class certification shall be automatically vacated and this Order shall become null and void if the Settlement Agreement is terminated or disapproved by the Court, any appellate court, and/or any other court of review, or if any of the Parties invoke his, her, or its right to terminate the Settlement Agreement, in which event the Settlement Agreement and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including the ability of any other class to be certified. The Settlement Agreement, actions in conformance with or in furtherance of the Settlement Agreement, and the other documents prepared or executed by any party in negotiating or implementing the settlement in the Settlement Agreement, including any terms of any such documents, shall never be offered in evidence in or shared with any party to any civil, criminal, or administrative action or proceeding without CertainTeed's express written consent.

28.    A Final Approval Hearing is hereby set for _____, 2010, at _____, in Courtroom 16-B, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106-1797, to determine whether the proposed Settlement is fair, reasonable, and

adequate, to consider any objections of Settlement Class Members, and to consider an award of reasonable attorneys' fees and expenses and an award to Class Representatives.

29.     At least fourteen (14) days before the Final Approval Hearing, the parties shall file a motion requesting that the Court grant final approval of the Settlement embodied in this Agreement and that the Court enter an Order of Final Approval of Settlement and Final Judgment of Dismissal consistent with the terms of this Agreement, substantially in the form of Exhibit K attached to the Settlement Agreement.

30.     On or before one week before the Final Approval Hearing, Named Plaintiffs and CertainTeed may file memoranda of law responding to any objections of Settlement Class Members filed with the Court.

31.     All Settlement Class Members who have not been timely excluded from the Settlement Class are hereby enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Release. In addition, all persons are hereby preliminarily enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members who have not been timely excluded from the Settlement Class, if such other class action is based on or relates to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Transactions. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's

jurisdiction over this action.   The Court finds no bond is necessary for issuance of this injunction.

32.      Class Counsel shall file with the Court their petition for an award of attorneys' fees and reimbursement of expenses no later than thirty-five (35) days before the Final Approval Hearing.

December \_\_\_, 2009

_____
Louis H. Pollak, U.S.D.J.

# EXHIBIT E

## NOTICE OF SETTLEMENT
### For Qualifying Owners of Property on Which Certain Organic Asphalt Shingles Manufactured by CertainTeed Corporation Are Or Have Been Installed

**What Is The Litigation About?**   In this lawsuit, *In re: CertainTeed Corporation Roofing Shingles Products Liability Litigation, MDL Docket No. 1817*, filed in the United States District Court for the Eastern District of Pennsylvania, the Representative Plaintiffs (representatives of owners of buildings on which certain CertainTeed Organic Shingles had been installed) alleged that the CertainTeed Organic Shingles are subject to premature failure and otherwise do not perform in accordance with the reasonable expectations of users.  CertainTeed Corporation denies these allegations and asserts that the vast majority of the shingles are free of any defect and will last throughout the warranty period.  In December 2009, CertainTeed and the Representative Plaintiffs reached a proposed class action settlement to resolve this dispute.  Further information about this lawsuit and related Settlement is available in the Standard Long Form Notice, Settlement Agreement, and other documents located on the Settlement Website.

**What Shingles Are The Subject Of This Lawsuit?**   The shingles that are the subject of this lawsuit (called CertainTeed Organic Shingles throughout this Notice) are organic asphalt shingles manufactured from July 1, 1987 through 2005 under the brand names Hallmark Shangle, Independence Shangle, Horizon Shangle, Custom Sealdon, Custom Sealdon 30, Sealdon 20, Sealdon 25, Hearthstead, Solid Slab, Master Slab, Custom Saf-T-Lok, Saf-T-Lok, and Custom Lok 25.  However, not all shingles marketed with these brand names were CertainTeed Organic Shingles.  The Horizon, Independence, Hallmark, and Hearthstead brands were marketed in both organic and fiberglass formulations.  CertainTeed no longer manufactures these CertainTeed Organic Shingles; all shingles sold after 2005 are fiberglass shingles and are not part of this Settlement.  [Notices Published in Trade Journals will include following sentence:  Although the settlement covers potential class members throughout the U.S. and Canada, the organic shingles in question were sold primarily in the upper Midwestern states and in the Canadian provinces north of those states.]  To find out if your shingles are CertainTeed Organic Shingles and for more information about whether you are eligible to file a claim, access the "Claim Eligibility" tab on the website shown at the end of this Notice, or call CertainTeed at 1-888- 898-4111.

**Who Is Involved?**   To receive a payment from this Settlement, you must be a Class Member.  You are a Class Member if:

- As of December 15, 2009, you were the owner of a home or other building in the United States or Canada, on which CertainTeed Organic Shingles were or had been installed; **OR**
- You owned such a building prior to December 15, 2009, but sold or transferred the building and at the time of the sale or transfer retained the right to make a claim for the shingles pursuant to a valid documented assignment; **OR**
- You settled a warranty claim with CertainTeed regarding CertainTeed Organic Shingles between August 1, 2006, and the Effective Date of this Agreement.  If you previously filed a claim concerning your CertainTeed Organic Shingles in any court of law, and the claim was resolved with a final judgment, you are bound by that resolution whether or not that judgment was favorable to you; you do not qualify for any additional payment under the Settlement.

As a Class Member, you qualify for a payment only if you are an Eligible Claimant.  This means that your shingles are damaged pursuant to the criteria set forth in the Settlement Agreement AND evidence shows that the damaged condition was caused by a product defect rather than improper installation or other causes that are not the fault of CertainTeed.

**What Are The Settlement Terms?**   In summary, this Settlement provides enhanced compensation for the removal and replacement of Organic Shingles during the warranty period.  Each valid claim will be paid in accordance with the formulas set forth in the Settlement Agreement.  The amount paid per claimant depends upon a number of factors such as (1) whether the claimant originally purchased the shingles; (2) the terms of the warranty; (3) how many damaged shingles are on the roof; (4) how long the shingles have been on the roof; (5) whether the shingles are damaged as defined in the Settlement Agreement; (6) whether the damage was due to a manufacturing defect or was caused by circumstances outside of CertainTeed's control; and (7) whether the claimant has already settled the warranty claim under CertainTeed's standard warranty.  The amount paid per claimant is fixed as specified in the Settlement Agreement regardless of how many or how few claims are actually filed.

The attorneys will petition the Court for attorneys' fees plus reasonable expenses and costs.  The amount of these fees and costs will not affect the payments to the Settlement Class set forth in the Settlement Agreement.  The Motion for attorneys' fees, expenses and costs will be submitted to the Court no later than _____, 2010.

**If I'm A Member Of The Class, What Are My Legal Rights?**

**EXCLUDE YOURSELF.**  If you exclude yourself, you will get no payment, but you will be free to sue CertainTeed on your own about the claims discussed in this Notice.  For instructions on excluding yourself from the Settlement, see the Standard Long Form Notice.  The deadline for excluding yourself is _____ _____, 2010.

**OBJECT.**  If you do not wish to exclude yourself from the Settlement but you think some aspects of the proposed settlement are unfair, you can write to the Court about why you don't like the Settlement.  For instructions on objecting to the Settlement, see the Standard Long Form Notice.  The deadline for objecting to the Settlement is _____ _____, 2010.

**APPEAR AT A HEARING.**  If you do not exclude yourself, you can ask to speak to the Court about the fairness of the Settlement.  The Court will hold a Final Approval Hearing to decide if the proposed Settlement is fair, reasonable and adequate on _____, 2010. The Hearing will be held at _____ at the United States District Court for the Eastern District of Pennsylvania, Byrne Federal Courthouse, 601 Market Street, Philadelphia, PA 19106-1797  For instructions on appearing at the Fairness Hearing, see the Standard Long Form Notice.  The deadline for filing paperwork that will allow you to appear at the hearing yourself or through counsel is _____, 2010.

**SEND IN A CLAIM FORM.**  If your shingles appear to be damaged prior to the expiration of their warranty period, send in a Claim Form.  There are two Claim Forms:  a Standard Claim Form and an Abbreviated Claim Form that can only be used by qualifying people who have already been offered a warranty settlement by CertainTeed for their CertainTeed Organic Shingles.  Deadlines for filing the appropriate Claim Form vary according to your individual situation.  For information regarding the Claim Form deadline that applies to you, see the Standard Long Form Notice.  You will not receive a payment if you do not submit a Claim Form.

**DO NOTHING.**  If you do nothing, you will be bound by the terms of the Settlement and give up your right to sue CertainTeed on these claims later.  You will receive no payment if you fail to file a Claim Form by the deadline that applies to you as set forth in the Standard Long Form Notice.

**How Do You Receive A Payment?**   In order to receive a payment, you must timely submit a Claim Form.  The due dates for filing a claim form can range from 90 days to 25 years from the Settlement Effective Date depending on your individual situation.  To determine the due date for your claim form, use the Settlement Website or the other contact information above.

**For More Information On Your Rights Under The Proposed Settlement, Including Access To The Settlement Agreement, Long Form Notices, And Standard And Abbreviated Claim Forms, visit www.CertainTeedShingleSettlement.com  call 1-888-898-4111  or write to CertainTeed Claims Administrator, 1400 Union Meeting Road, Blue Bell, PA 19422-0761.**  PLEASE DO NOT CALL THE COURT.

EXHIBIT E
Page 1 of 1

# EXHIBIT F

CERTAINTEED ROOFING SHINGLE LITIGATION SETTLEMENT

TELEVISION SCRIPT

A settlement has been reached in a class action lawsuit in which the plaintiffs allege that certain shingles manufactured by CertainTeed are subject to premature failure.  Although CertainTeed asserts that the vast majority of the shingles are free of any defect and will last throughout the warranty period, the Parties have entered into the Settlement Agreement to resolve this dispute without the additional costs and risks of prolonged litigation.

The shingles covered by the Settlement Agreement are *only* organic asphalt shingles manufactured by CertainTeed from July 1, 1987 through 2005 [LIST SHINGLE BRAND NAMES--. HALLMARK SHANGLE, INDEPENDENCE SHANGLE, HORIZON SHANGLE, CUSTOM SEALDON, CUSTOM SEALDON 30, SEALDON 20, SEALDON 25, HEARTHSTEAD, SOLID SLAB, MASTER SLAB, CUSTOM SAF-T-LOK, SAF-T-LOK, AND CUSTOM LOK 25-- ON TV SCREEN].   After 2005, CertainTeed no longer manufactured or sold these organic shingles covered by this Settlement.  [For advertisements on national or Canadian stations, include following sentence:]  Although the settlement covers potential class members throughout the U.S. and Canada, the organic shingles in question were sold primarily in the upper Midwestern states and in the Canadian provinces north of those states.

The Settlement provides compensation for removal and replacement of organic shingles during the time periods for which the shingles were under warranty.  Claim payments will vary depending on a number of factors identified in the Settlement Agreement.

EXHIBIT F
Page 1 of 2

Your rights may be affected by this settlement. If you are a class member, you must decide whether to stay in the class and obtain the settlement benefits or exclude yourself from the settlement altogether.

If you choose to stay in the class you do not have to do anything at this time, although if you want a payment from the settlement must file a claim form by the deadline that applies to your particular situation.  The claim filing deadline ranges from 90 days to 25 years after the effective date of the Settlement.

If you choose to exclude yourself from the settlement, meaning you will not be bound by the terms of the Settlement Agreement, you must do so in writing by _____ __, 2010.

The Court will hold a Fairness Hearing to consider whether to approve the settlement on _____ __, 2010 at _____a.m. in Philadelphia, Pennsylvania before Federal District Judge Louis Pollak.  If you do not opt out of the settlement, and you wish to be heard at the Fairness Hearing, you must send notice of your desire to appear by _____ __, 2010.

This is only a summary of some of the terms of the Settlement.  You can obtain additional information about the settlement and the filing deadlines by checking the website at www.CertainTeedShingleSettlement.com; by calling 1-888- 898-4111, or by writing to the CertainTeed Shingle Settlement Claims Administrator at 1400 Union Meeting Road, Blue Bell, PA 19422-0761.

EXHIBIT F
Page 2 of 2

# EXHIBIT G

**<u>CertainTeed Class Action</u>**
Have CertainTeed Organic Shingles?
Lawsuit settlement may affect you.
CertainTeedShingleSettlement.com

# EXHIBIT H

LONG FORM NOTICE with STANDARD CLAIM FORM
FOR CLASS MEMBERS TO WHOM CERTAINTEED HAS NEVER OFFERED A WARRANTY CLAIM PAYMENT

---

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### NOTICE OF SETTLEMENT

**For Qualifying Owners of Property on Which Certain Organic Asphalt Shingles**

**Manufactured by CertainTeed  Corporation Are or Have Been Installed**
**You Could Get A Payment From A Class Action Settlement.**

*A U.S. federal court authorized this notice.  It is not from a lawyer.  You are not being sued.*

---

- This Settlement resolves a lawsuit over whether or not Organic Roofing Shingles manufactured by the Defendant, CertainTeed Corporation, from July 1, 1987 through 2005 are defective and failed to perform as promised when installed on buildings located in the United States and Canada.

- The Settlement will provide cash payments to qualifying people in the United States and Canada to provide compensation in instances where the Organic Shingles show premature deterioration that is likely caused by a product defect.

- You must file a claim form and fit the definition of an Eligible Claimant in order to receive a cash payment.

- ***If you have Organic Shingles on your roof, your legal rights will be affected whether you act or don't act. Please read this Notice carefully.***

| YOUR LEGAL RIGHTS AND CHOICES | | DUE DATE |
|---|---|---|
| EXCLUDE YOURSELF | You get **no** payment.  This is the only choice that will allow you to sue CertainTeed on your own about the claims discussed in this Notice. | [To be set by Court] |
| OBJECT | If you do not exclude yourself, you can write to the Court about why you don't like the Settlement | [To be set by Court] |
| APPEAR AT A HEARING | If you do not exclude yourself, you can ask to speak to the Court about the fairness of the Settlement. | [To be set by Court] |
| SEND IN A CLAIM FORM | If your shingles appear to be damaged prior to the expiration of their warranty period, send in a Claim Form.  Deadlines vary according to your individual situation.  You will not receive a payment if you do not submit a Claim Form. | See Questions 11-20 in this Notice. |
| DO NOTHING | You are bound by the terms of the Settlement and give up your right to sue CertainTeed on these claims later.  You will receive no payment if you fail to file a Claim Form by the deadline that applies to you. | |

These rights and options—**and the deadlines for each**—are explained in this Notice.

The Court in charge of this case has not yet decided whether or not to approve the Settlement.  Cash payments cannot be made until after the Court approves the Settlement and after any possible appeals are resolved.

EXHIBIT H
Page 1 of 15

# BASIC INFORMATION

In December 2009, CertainTeed Corporation and representatives of owners of buildings on which certain CertainTeed Organic Shingles had been installed reached a proposed class action settlement. CertainTeed no longer manufactures these shingles; all shingles it has sold after 2005 are fiberglass shingles and are not at issue in this suit. The settlement is intended to resolve disputes between the parties about the performance of the shingles. This proposed class action settlement covers the entire United States and Canada.

## 1.   What shingles are the subject of this law suit?

The shingles that are the subject of this lawsuit (called Organic Shingles throughout this Notice) are organic asphalt shingles manufactured from July 1, 1987 through 2005 under the brand names Hallmark Shangle, Independence Shangle, Horizon Shangle, Custom Sealdon, Custom Sealdon 30, Sealdon 20, Sealdon 25, Hearthstead, Solid Slab, Master Slab, Custom Saf-T-Lok, Saf-T-Lok, and Custom Lok 25. However, not all shingles marketed with these brand names were Organic Shingles. The Horizon, Independence, Hallmark, and Hearthstead brands were marketed in both organic and fiberglass formulations. If your shingles are fiberglass, they are not part of this law suit.

CertainTeed's sales records indicate that over 90% of CertainTeed's Organic Shingles were sold in Iowa, Illinois, Michigan, Minnesota, North Dakota, Nebraska, South Dakota, and Wisconsin. Therefore, if you live in the U.S. but do not live in one of those states, it is less likely that your shingles are the ones addressed in this law suit. There were few Canadian sales, and shingles that were sold in Canada were sold in the Burlington, Kitchener, Thunder Bay, Toronto, Pickering, and Windsor regions of Ontario and in Winnipeg, Manitoba. If you live elsewhere in Canada, it is less likely your shingles are Organic Shingles.

## 2.   Why did I get this Notice package?

The Court directed this Notice package to you because you may own a home or other property on which the Organic Shingles are or were installed. If so, you are likely to be a member of the proposed class. If you are a member of the proposed class, the proposed Settlement will affect your rights. You have choices to make before the Court decides whether or not to approve the Settlement.

This Notice package explains:

- What a class action lawsuit is.
- What this class action  lawsuit is about.
- What your legal rights are.
- What the Settlement involves.
- What the benefits are and who is eligible to get them.
- How to apply for the benefits.

*A separate Notice package* is available for people who have submitted a warranty claim for the Organic Shingles on their buildings for which CertainTeed has offered a warranty claim payment, whether they accepted the payment and settled the claim or not. It has an Abbreviated Claim Form, which has been shortened so that people who have already submitted much of the information required to process a claim need not do so again. If you are in this group of people, you can get the Abbreviated Claim Form from the website, www.CertainTeedShingleSettlement.com, or by calling the Claims Administrator at 1-888- 898-

4111.

### 3.   What is  a Class Action?

In a class action lawsuit, one or more people called "Representative Plaintiffs" sue one or more Defendants on behalf of other people who have similar claims.  All these people together are a "Class" or "Class Members."  One Court decides all the issues in the lawsuit for all Class Members, except for those who exclude themselves from the Class.

### 4.   What is this class action about?

The Representative Plaintiffs allege that the Organic Shingles are subject to premature failure and otherwise do not perform in accordance with the reasonable expectations of users.   CertainTeed denies these allegations and asserts that the vast majority of the shingles are free of any defect and will last throughout the warranty period.  The proposed Settlement is intended to resolve this dispute.  The Court has not decided in favor of either the Class or CertainTeed.  The Court's role in the Settlement is to make sure it is a proper settlement that is fair, reasonable, and adequate for all class members.

The Court in charge of this lawsuit is the United States District Court for the Eastern District of Pennsylvania.  The name of the lawsuit is *In re: CertainTeed Corporation Roofing Shingles Products Liability Litigation*, MDL Docket No. 1817.  The judge is the Honorable Louis H. Pollak.

### 5.   Why is the class action being settled?

Rather than proceeding to litigate through a jury trial, both sides in the lawsuit have agreed to a Settlement.  That way, everyone avoids the cost and risk of a trial, and the members of the Class will be eligible to file a claim form to get compensation greater than the original warranty provided if their shingles are defective.

## WHO IS IN THE SETTLEMENT

### 6.   How do I know if I'm part of the Settlement?

To see if you can get money from this Settlement, you first have to know if you are a Class Member.  You are a Class Member if:

- As of December 15, 2009, you were the owner of a home or other building in the United States or Canada, on which Organic Shingles were or had been installed
  **OR**
- You owned such a building prior to December 15, 2009, but sold or transferred the building and at the time of the sale or transfer retained the right to make a claim for the shingles pursuant to a valid documented assignment;
  **OR**:
- You have settled a warranty claim with CertainTeed regarding Organic Shingles between August 1, 2006, and the Effective Date of this Agreement.

If you are a Class Member, you only qualify for a payment if you are an Eligible Claimant.  Briefly, this means that your shingles are Damaged pursuant to the criteria set forth in the Settlement Agreement AND available evidence shows that the damaged condition was caused by a product defect rather than improper

installation or other causes that are not the fault of CertainTeed.

## 7.    Are there exceptions to being included in the Settlement?

You are **_not_** a Class Member even if the Organic Shingles covered in the Settlement were installed on your building if:

- You exclude yourself from this Settlement.
- You previously filed a claim concerning your CertainTeed Organic Shingles in any court of law, and the claim was resolved with a final judgment, whether or not that judgment was favorable to you;
- You are or were a builder, developer, contractor, manufacturer, wholesaler, or retailer of real estate or real property (except as to personal residences or commercial property that you own or owned).
- You are a company that owns or is owned by CertainTeed, you are CertainTeed or its successor, or you are an agent of CertainTeed.
- You are the Judge in this lawsuit, or a member of the Judge's immediate family.

## 8.    How do I know if I have the Organic Shingles described in Question 1 that are the subject of this lawsuit?

There are several ways to find out if you have Organic Shingles:

- *Check your purchase or repair documents*.  You may have receipts, warranties, bills of sales, or brochures from when you purchased or repaired your shingles.  These documents may say that CertainTeed Organic Shingles were installed on your property.

- *The contractor or company that installed or repaired your shingles may know* whether or not Organic Shingles were installed.

- *See if you still have packaging material for the shingles.*  The roofer may have left a package of leftover shingles in your garage or basement and you may be able to identify them from the packaging.

- *Ask a roofer.*  An experienced roofer may be able to tell by looking at your roof whether you may have Organic Shingles.

- *Have a roofing professional remove a shingle* from your roof and send it in to CertainTeed for identification.  CertainTeed will reimburse you up to US$50.00 for the expenses you incur, but only if the shingles are determined to have been manufactured by CertainTeed.

- *Go to the website,* www.CertainTeedShingleSettlement.com.  The Settlement website includes further information and pictures of Organic Shingles to help you identify them.

## 9.    Do I qualify for a payment just because I have Organic Shingles on my building?

No.  To qualify for a payment, you must meet three more criteria:

- The shingles about which you are filing your claim must meet the definition of Damage as set forth in the Settlement Agreement.  Shingles that show blistering, clawing, cracking, curling,

cold weather curling, fishmouthing, or spalling as defined in the Settlement Agreement are Damaged.

- The Damage must occur prior to the end of the shingles' warranty period (see answer to Question 17 below).
- The Damage must be caused by a product defect, not by circumstances beyond CertainTeed's control such as improper installation or maintenance.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

### 10.   How does the Settlement work?

This is a claims made settlement.  That means that each valid claim will be paid in accordance with the formulas set forth in the Settlement Agreement.  The amount paid per claimant is fixed as specified in the Settlement Agreement regardless of how many or how few claims are actually filed.  Also, the amount paid per claimant depends upon a number of factors such as (1) whether the claimant originally purchased the shingles; (2) the terms of the warranty; (3) how many damaged shingles are on the roof; (4) how long the shingles have been on the roof; (5) whether the shingles are damaged as defined in the Settlement Agreement; (6) whether the damage was due to a manufacturing defect or was caused by circumstances outside of CertainTeed's control; and (7) whether the claimant has already settled the warranty claim under CertainTeed's standard warranty.

Information about the amounts of payment is supplied in answer to Questions 11 through 14 below.  When you read the answers to those questions, keep in mind:

- All the payment formulas use the term "square," which simply means 100 square feet of roofing shingles.

- Payments are "prorated" as specified in each payment formula depending on the length of the shingle warranty.  "Prorated" means that the payment will be reduced proportionally to account for the years of use you have already received from your shingles.  For example, if you were to submit a Claim concerning shingles warranted for 30 years (360 months) exactly 12 years after they were installed, you would have used the Shingles for 144 months, and 216 months would remain on the original warranty.  Your payment would be calculated by multiplying the non-prorated compensation amount by 60%, which is the percentage of the warranty that remains (216/360).

The Settlement replaces and supplements benefits you received under the original warranty, although if you have SureStart or SureStart Plus Protection, you may still make a claim under those provisions of your warranty.

In addition, if you participate in the Settlement, you can still file any claims for compensatory damages that you may have for harm to any interior part of your building below the roof deck or any personal injury claims that you believe were caused by premature deterioration of the Organic Shingles.  However, you would not be able to file claims for attorneys' fees, penalties, punitive damages, or any other damages in excess of compensatory damages, which you otherwise could have made in connection with those claims.

Remember, this Notice is only a summary of important features.  The Settlement Agreement, available on the website, www.CertainTeedShingleSettlement.com, contains all the details about the Settlement.

11. **If I am the original purchaser of the Organic Shingles, or if the warranty for my shingles covers me even though I bought the building with the shingles already installed. . .**

    (a)    **when should I submit my claim?**

Check the warranty length for your shingles. You can submit your claim any time up till the end of the original warranty period that applies to you, and you will receive the enhanced compensation provided in the Settlement Agreement.

    (b)    **how much will I be paid if, after all of the factors under the Settlement Agreement are applied, my claim is found to be valid?**

- if the Claim is postmarked or otherwise received by CertainTeed within 10 years of the installation of the Organic Shingles: US$40 per square (not pro-rated), **plus** US$34 per square, prorated from date of installation to account for the years of actual use compared to the warranty length.

- if the Claim is postmarked or otherwise received by CertainTeed more than 10 years after installation of the Organic Shingles (but prior to the expiration of the applicable warranty period): US$74 per square, prorated to account for years of actual use compared to warranty length.

12. **If I bought the building with the Organic Shingles already installed. . .**

    (a)    **when should I submit my claim?**

First, check to see if the warranty for the Organic Shingles covers you. If so, you can submit your claim any time allowed under the warranty as set forth under Question 17 below. If you are not covered by the warranty, your claim form must be postmarked or otherwise received by CertainTeed within 12 months after the Settlement Effective Date (see Question 16 below).

    (b)    **if I am not covered by the Warranty, how much will I be paid if, after all of the factors under the Settlement Agreement are applied, my claim is found to be valid?**

You will receive compensation of US$34 per square for replacement shingles, labor, and other materials, prorated from the date of installation.

13. **If I sold or transferred a building with Organic Shingles, but at that time I retained the right to make a claim for the shingles with a valid documented assignment . . .**

    (a)    **when should I submit my claim?**

Your Claims Package must be postmarked or otherwise received by CertainTeed no later than 90 days after the later of the Effective Date of the Settlement Agreement (see Question 16 below) or the settlement on the sale of the property.

(b)      how much will I be paid if, after all of the factors under the Settlement Agreement are applied, my claim is found to be valid?

Your claim will be paid just the same as if you were still the building owner; see Questions 11 and 12 above.

14.    If I have already settled a warranty claim for Organic Shingles with CertainTeed. . .

(a)     may I receive any additional payment under the Settlement?

You can receive a payment if you settled your warranty claim on or after August 1, 2006.  You must file an Abbreviated Claim Form within 12 months of the Settlement Effective Date (see Question 16 below).  If you settled a warranty claim for Organic Shingles prior to August 1, 2006, you have no claim under this Settlement Agreement

(b)     how much will I be paid?

You will receive 20% of the difference between the amount you received on the warranty claim and any greater amount that you would have received had you been a claimant under the Settlement Agreement.

15.    What if I submitted a warranty claim for Organic Shingles to CertainTeed, but never settled the claim with CertainTeed?

If CertainTeed offered you a settlement but you did not accept it, you may use the Abbreviated Claim Form discussed in Question 2 above.  If you submitted a warranty claim and CertainTeed did not offer to settle, you must fill out the Standard Claim Form attached to this Notice.  Your claim will be reconsidered, but you still have to meet all of the criteria in the Settlement, such as whether you have Organic Shingles, whether they are Damaged under the definition in the Settlement Agreement, and whether they are still in their warranty period.

16.    When is the Settlement Effective Date?

For information about the Settlement Effective Date, check the website, www.CertainTeedShingleSettlement.com.  The Settlement Effective Date will be 30 days from the Court's Order giving final approval to the Settlement if there are no appeals, but if there are appeals the date will be later.  When the date becomes known, it will be posted on the website.

17.   How long is the warranty for my shingles?

Check the warranty length of your shingles in the chart below:

| CertainTeed Limited Warranties on Organic Shingles (1987 - 2005) | |
|---|---|
| **Shingle** | **Length of Limited Warranty** |
| **Custom Lok 25** | 25 Years (1993 - 2005) |
| **Custom Saf-T-Lok/ Saf-T-Lok** | 20 Years (1987 - 1992) |
| **Custom Sealdon** | 25 Years (1991 - 1994) |
| **Custom Sealdon 30** | 30 Years (1995 - 2004) |
| **Hallmark Shangle** | 30 Years (1987 - 2003) |
| **Hearthstead** | 25 Years (1987 - 2005) |
| **Horizon Shangle** | 25 Years (1987 - 1996) |
| **Independence Shangle** | 30 Years (1987 - 1996) |
| **Master Slab** | 20 Years (1987); 25 Years (1988 - 1995) |
| **Sealdon 20** | 20 Years (1987 - 1994) |
| **Sealdon 25** | 25 Years (1995 - 2005) |
| **Solid Slab** | 20 Years (1987 - 1995); 25 Years (1996 - 1999) |

18.   How can I tell if I am covered under the warranty for my Organic Shingles?

If you purchased the shingles yourself, bought the building as new construction, or contracted with a roofer to install the shingles, you are covered by the warranty.  If you bought the building from a previous owner with the shingles already installed, whether you are covered by the warranty depends on the transferability provisions of the applicable warranty – that is, the warranty for the type of shingles on the building issued during the year the shingles were installed.   The warranties, including their respective transferability provisions, are available on the website, www.CertainTeedShingleSettlement.com.  If you are still unsure whether you are covered, call 1-888- 898-4111 for assistance.

19.   Should I submit a claim form if I know I am a class member, but my shingles appear to be fine?

Do not submit a claim form if your shingles have not deteriorated.  The settlement provides for claims to be paid only if the shingles meet the criteria for a defective shingle that are set forth in the Settlement Agreement.

20.   Should I submit a claim form if I know I am a class member and my shingles appear to have deteriorated, but the shingles have been on the house longer than the warranty period?

Do not submit a claim form if your shingles have been on the building throughout the warranty period.  In this case, you have no claim.

21.    **What happens if the Settlement is not approved by the Court?**

If the Settlement is not approved at the Final Approval Hearing, then the Settlement will terminate and all Class members and Parties will be restored to the positions in which they were before the Settlement Agreement was signed.

# HOW TO GET A PAYMENT – SUBMITTING A CLAIM FORM

22.    **How can I get a payment?**

To qualify for a payment, you must fill out the appropriate Claim Form demonstrating the damage to your shingles, and attach all of the documentation it requests. Use the Standard Claim Form attached to this Notice unless you are eligible to use the Abbreviated Claim Form as described in Question 2 above.
You can obtain a copy of either Claim Form by:

- calling this toll-free number: 1-888- 898-4111
- visiting the website, www.CertainTeedShingleSettlement.com
- writing to:  CertainTeed Claims Administrator, 1400 Union Meeting Road, Blue Bell, PA 19422-0761.

23.    **When will I get my payment?**

On _____, ___, 20___, the Court will hold a hearing to decide whether or not to approve the Settlement.  If the Court approves the Settlement, CertainTeed will begin reviewing each Claim Form submitted.  Please note that there is often delay after a Settlement like this is approved.  For example, there may be appeals of the Court's order approving the Settlement, and payments can't be made unless appeals are finished and the Court's Order is upheld.  Because of this, there could be a delay before the first claims are reviewed and paid.  The claims will generally be reviewed and paid on a first-come, first-served basis.

24.    **What if CertainTeed denies my claim?**

If you believe CertainTeed wrongly denied your claim, you can appeal to an Independent Claims Administrator.

# YOUR RIGHTS – GETTING OUT OF THE SETTLEMENT

25.    **What if I don't want to be part of the Settlement or the Class?**

You do not have to take part in the Settlement or be a Member of the Class.  You can do what is called "excluding" yourself or "opting out."  If you exclude yourself, you cannot get a payment and you cannot object to the Settlement.  Any Court orders will not apply to you.  By excluding yourself, you keep any right to file or proceed with a lawsuit about the shingles that you may have.

### 26.   How do I exclude myself from the Settlement?

To exclude yourself, you must send written notice of your decision to request exclusion via first class mail to Class Counsel at any ONE of the following addresses:

AUDET & PARTNERS, LLP
Michael McShane, Esquire
221 Main Street, Suite 1460
San Francisco, CA  94105

**OR**

CUNEO GILBERT & LADUCA, LLP
Charles LaDuca, Esquire
507 C Street NE
Washington, D.C. 20002

**OR**

LOCKRIDGE GRINDAL NAUEN P.L.L.P
Robert K. Shelquist, Esquire
Suite 2200
100 Washington Avenue South
Minneapolis, Minnesota 55401

Your request for exclusion should include the caption of this case, *In re: CertainTeed Corporation Roofing Shingles Products Liability Litigation*, MDL Docket No. 1817, and must:

- be signed by you *and* your attorney, if you have one;

- state the address of the property or properties that you wish to exclude from the Settlement;

- specify the number of units of residential property or other structures at each address that you believe may contain Organic Shingles.

**Deadline for Exclusion:**   Your request for exclusion from the Settlement must be postmarked or personally delivered by _____, __, 2010.

If you do not follow these instructions properly, you will lose your right to exclude yourself. There are no exceptions.

**UNLESS YOU PROPERLY FILE A REQUEST FOR EXCLUSION, YOU WILL BE BOUND BY ANY JUDGMENT IN THIS CASE AND YOU WILL NOT BE PERMITTED TO PURSUE ANY PENDING OR FUTURE LITIGATION ON MATTERS RESOLVED IN THIS SETTLEMENT.**

**THIS IS TRUE**:

- even if you have objected to the settlement

- even if you are actively litigating a pending lawsuit regarding the shingles

- even if you sent in an exclusion request but sent it to an incorrect location

### 27.   If I exclude myself, can I get money from the Settlement or tell the Court that I don't think the Settlement is fair?

No.  If you exclude yourself, you cannot get any money from the Settlement, and you cannot tell the Court that you don't like the Settlement (which is called "objecting").  If you exclude yourself, you are no longer

part of the Class or the Settlement.  But you can sue or be part of a different lawsuit against CertainTeed about the claims in this case.

## YOUR RIGHTS – OBJECTING TO THE SETTLEMENT

### 28.    How do I tell the Court if I don't like the Settlement?

If you're a Class Member and don't exclude yourself, you can object to the Settlement.  This means you can tell the Court you don't like the Settlement or some part of it.  For example, you can say you don't think the Settlement is fair or adequate or that you object to the amount of the attorneys' fees, costs, or expenses.  The Court will consider your views but may approve the Settlement anyway.

To object, you or your lawyer must prepare  a letter that contains <u>all</u> of the following:

- The name and title of the lawsuit, *In re: CertainTeed Corporation Roofing Shingles Products Liability Litigation, MDL Docket No. 1817.*

- A written statement of objections clearly specifying the grounds or reasons for each objection.

- A statement of whether or not you or your lawyer will ask to appear at the Final Approval Hearing to talk about your objections, and, if so, how long you will need to present your objections;

- Copies of any documents you or your lawyer will present at the Final Approval Hearing; and

- Your signature *and* that of your attorney, if you have one.

Your objection letter must be sent to the Court, Class Counsel, and CertainTeed at the addresses below, and postmarked or received **no later than _____, ___, 2010.**

| | |
|---|---|
| **The Court:** | Clerk of the Court |
| | United States District Court for the Eastern District of Pennsylvania |
| | Byrne Federal Courthouse |
| | 601 Market Street |
| | Philadelphia, PA 19106-1797. |
| | |
| **Class Counsel:** | AUDET & PARTNERS, LLP |
| | Michael McShane, Esquire |
| | 221 Main Street, Suite 1460 |
| | San Francisco, CA  94105 |
| | |
| | **OR** |
| | |
| | CUNEO GILBERT & LADUCA, LLP |
| | Charles LaDuca, Esquire |
| | 507 C Street NE |
| | Washington, D.C. 20002 |
| | |
| | **OR** |

EXHIBIT H
Page 11 of 15

LOCKRIDGE GRINDAL NAUEN P.L.L.P
Robert K. Shelquist, Esquire
Suite 2200
100 Washington Avenue South
Minneapolis, Minnesota 55401

**CertainTeed Corporation:**  Lawrence T. Hoyle, Jr.
Hoyle, Fickler, Herschel & Mathes LLP
Suite 1500, One South Broad Street
Philadelphia, PA 19107

## 29.    What's the difference between objecting and excluding myself?

Objecting is the way to tell the Court what you don't like about the Settlement.  You can object only if you stay in the Class and the Settlement.

Excluding yourself is the way to tell the Court that you don't want to be a part of the Class and the Settlement and that you want to keep the right to file your own lawsuit.  If you exclude yourself, you can't object because the Settlement doesn't affect you any more.

# IF YOU DO NOTHING

## 30.    What happens if I do nothing at all?

If you have Organic Shingles on your building, all decisions made by the Court in this lawsuit or about the Settlement will apply to you.  If the Court approves the Settlement, you will have released CertainTeed from any further claims against it about the issues settled in this lawsuit, and you can't ever sue CertainTeed again about these issues.  This is true even if you do not send in a Claim Form for a payment.

However, you will retain the right to make a claim under the Settlement Agreement until your warranty expires, which may be as long as 25 years from now.

## THE LAWYERS REPRESENTING YOU

### 31.    Do I have a lawyer in this lawsuit?

The Court has designated the following lawyers to represent you and all Class Members.  Together, these lawyers are called Lead Class Counsel.  *You will not be charged for these lawyers*.   The names and addresses of Lead Class Counsel are as follows:

Charles J. LaDuca
Cuneo Gilbert & LaDuca, LLP
507 C Street, NE
Washington, DC 20002

Michael McShane
Audet and Partners LLP
221 Main Street
Suite 1460
San Francisco, CA 94105

Robert K. Shelquist
Lockridge, Grindal Nauen, P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

 Liaison Counsel for the Class is::

Arnold Levin
Charles E. Schaffer
Levin, Fishbein, Sedran & Berman, P.C.
510 Walnut Street, Suite 600
Philadelphia, PA 19103

### 32.    How will the lawyers be paid?

The lawyers who represent the Class will ask the Court for reimbursement of their out of pocket expenses and an award of attorneys' fees based on their work in this litigation. The amount of attorneys' fees to be awarded will be determined solely by the Court. The amount of the award will in large part be based on the amount of time spent by the lawyers litigating this case since early 2006. The amount of expenses and fees awarded by the Court will not decrease or in any manner limit the amount of money class members will receive under the Settlement.  A Motion for attorneys' fees, expenses, and costs shall be submitted to the Court no later than ____ __, 2010.  The Court must approve any requests for fees, expenses, and costs.

33.   Will the Class Representatives who have worked with the lawyers receive any extra payment?

Yes.  To compensate them for work in this litigation, each Named Plaintiff in each of the actions covered by the Settlement (including cases consolidated in Multi-District Litigation, a roofing shingle action brought in Pennsylvania, and an action brought in Canada) will be paid an incentive payment provided the shingles that were the subject of their complaint were Organic Shingles.  If the class representative was deposed, he or she will receive an incentive payment of US$10,000; if he or she was not deposed, the incentive payment will be US$5,000.  CertainTeed will not be required to make more than one such incentive payment to any individual regardless of the number of his or her properties subject to this Settlement.

# THE COURT'S FINAL APPROVAL HEARING

34.   When and where will the Court decide whether or not to approve the Settlement?

The District Court will hold a Final Approval Hearing at 10:00 a.m. on _____, 2010.  At this hearing, the Court will consider whether or not the Settlement is fair and adequate.  If there are written objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether or not to approve the Settlement.

The Hearing will be held at:    United States District Court for the Eastern District of Pennsylvania, James A. Byrne Federal Courthouse, 601 Market Street, Philadelphia, PA 19106-1797.

35.   Do I have to come to the Hearing?

No.  Class Counsel will answer questions the Court may have.  But you are welcome to come at your own expense.  If you send a written objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

36.   Can I have my lawyer appear at the Final Approval Hearing to tell the Court about my opinions regarding the Settlement?

Yes. As long as you don't exclude yourself, you have the right to appear through counsel at the Final Approval Hearing, so long as your Notice of Appearance and any written objections you may have are postmarked or received by the Court, CertainTeed, and Class Counsel by ___, 2010.  If you do this, however, the cost of having your lawyer appear will be at your own expense.

# GETTING MORE INFORMATION

37.   Are more details about the Settlement and my rights under the Settlement available?

This Notice summarizes the Settlement and your rights under the Settlement.  It cannot tell you every right to which you may be entitled.  To obtain further information or advice about your legal rights, you may contact Class Counsel or consult a lawyer at your own expense.

More details about the terms of the settlement are set forth in the Settlement Agreement.  If you have

questions or want to know more about the settlement, you can call the Claims Administrator toll-free, at 1-888- 898-4111, or write to:  CertainTeed Claims Administrator, 1400 Union Meeting Road, Blue Bell, PA 19422-0761.  You can also check the website, www.CertainTeedShingleSettlement.com.  The website has a copy of the complete Settlement Agreement and other important documents and will be maintained to provide answers to frequently asked questions.

You can also look at and copy the legal documents filed in this lawsuit at any time during regular office hours at the Office of the Clerk of the Court, United States District Court for the Eastern District of Pennsylvania, James A. Byrne Federal Courthouse, 601 Market Street, Philadelphia, PA 19106-1797.

# EXHIBIT I

LONG FORM NOTICE with ABBREVIATED CLAIM FORM
FOR CLASS MEMBERS TO WHOM CERTAINTEED HAS OFFERED A WARRANTY CLAIM PAYMENT

---

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### NOTICE OF SETTLEMENT

**For Qualifying Owners of Property on Which Certain Organic Asphalt Shingles**

**Manufactured by CertainTeed Corporation Are or Have Been Installed.**

**You Could Get A Payment From A Class Action Settlement.**

*A U.S. federal court authorized this notice.  It is not from a lawyer.  You are not being sued.*

---

- This Settlement resolves a lawsuit over whether or not Organic Roofing Shingles manufactured by the Defendant, CertainTeed Corporation, from July 1, 1987 through 2005 are defective and failed to perform as promised when installed on buildings located in the United States and Canada.

- The Settlement will provide cash payments to qualifying people in the United States and Canada to provide compensation in instances where the Organic Shingles show premature deterioration that is likely caused by a product defect.

- You must file a claim form and fit the definition of an Eligible Claimant in order to receive a cash payment.

- *If you have Organic Shingles on your roof, your legal rights will be affected whether you act or don't act. Please read this Notice carefully.*

| YOUR LEGAL RIGHTS AND CHOICES | | DUE DATE |
|---|---|---|
| EXCLUDE YOURSELF | You get **no** payment.  This is the only choice that will allow you to sue CertainTeed on your own about the claims discussed in this Notice. | [To be set by Court] |
| OBJECT | If you do not exclude yourself, you can write to the Court about why you don't like the Settlement | [To be set by Court] |
| APPEAR AT A HEARING | If you do not exclude yourself, you can ask to speak to the Court about the fairness of the Settlement. | [To be set by Court] |
| SEND IN A CLAIM FORM | If your shingles appear to be damaged prior to the expiration of their warranty period, send in a Claim Form.  Deadlines vary according to your individual situation.  You will not receive a payment if you do not submit a Claim Form. | See Questions 10, 11, 12, and 14 in this Notice. |
| DO NOTHING | You are bound by the terms of the Settlement and give up your right to sue CertainTeed on these claims later. You will receive no payment if you fail to file a Claim Form by the deadline that applies to you. | |

These rights and options—**and the deadlines for each**—are explained in this Notice.

The Court in charge of this case has not yet decided whether or not to approve the Settlement.  Cash payments

EXHIBIT I
Page 1 of 13

cannot be made until after the Court approves the Settlement and after any possible appeals are resolved.

EXHIBIT I
Page 2 of 13

# BASIC INFORMATION

In December 2009, CertainTeed Corporation and representatives of owners of buildings on which certain CertainTeed Organic Shingles had been installed reached a proposed class action settlement. CertainTeed no longer manufactures these shingles; all shingles it has sold after 2005 are fiberglass shingles and are not at issue in this suit. The settlement is intended to resolve disputes between the parties about the performance of the shingles. This proposed class action settlement covers the entire United States and Canada.

## 1.    What shingles are the subject of this law suit?

The shingles that are the subject of this lawsuit (called Organic Shingles throughout this Notice) are organic asphalt shingles manufactured from July 1, 1987 through 2005 under the brand names Hallmark Shangle, Independence Shangle, Horizon Shangle, Custom Sealdon, Custom Sealdon 30, Sealdon 20, Sealdon 25, Hearthstead, Solid Slab, Master Slab, Custom Saf-T-Lok, Saf-T-Lok, and Custom Lok 25. However, not all shingles marketed with these brand names were Organic Shingles. The Horizon, Independence, Hallmark, and Hearthstead brands were marketed in both organic and fiberglass formulations. If your shingles are fiberglass, they are not part of this law suit.

CertainTeed's sales records indicate that over 90% of CertainTeed's Organic Shingles were sold in Iowa, Illinois, Michigan, Minnesota, North Dakota, Nebraska, South Dakota, and Wisconsin. Therefore, if you live in the U.S. but do not live in one of those states, it is less likely that your shingles are the ones addressed in this law suit. There were few Canadian sales, and shingles that were sold in Canada were sold in the Burlington, Kitchener, Thunder Bay, Toronto, Pickering, and Windsor regions of Ontario and in Winnipeg, Manitoba. If you live elsewhere in Canada, it is less likely your shingles are Organic Shingles.

## 2.    Why did I get this Notice package?

The Court directed this Notice package to you because CertainTeed's records suggest that you own or owned a building with Organic Shingles, that you are a member of the proposed class and that, because you previously made a warranty claim to CertainTeed, you may be eligible to submit the Abbreviated Claim Form attached to this Notice.

If you are a member of the proposed class, the proposed Settlement will affect your rights. You have choices to make before the Court decides whether or not to approve the Settlement.

This Notice package explains:

- What a class action lawsuit is.
- What this class action lawsuit is about.
- What your legal rights are.
- What the Settlement involves.
- What the benefits are and who is eligible to get them.
- How to apply for the benefits.

## 3.    How can I tell whether I am eligible to submit the Abbreviated Claim Form attached to this Notice?

EXHIBIT I
Page 3 of 13

You can use the Abbreviated Claim Form instead of the Standard Claim form only if:

- you settled a warranty claim for Organic Shingles with CertainTeed on or after August 1, 2006, OR

- CertainTeed offered you a settlement for your Organic Shingles but you did not accept the offer.

If this is true for you, it means that CertainTeed has already reviewed your documentation and determined that you have Organic Shingles that show evidence of a defect covered under the warranty.  You can therefore use the Abbreviated Claim Form attached to this Notice Package.  The Claim Form has been shortened so that people who have already submitted much of the information required to process a claim need not do so again.

*A separate Notice package* with a Standard Claim Form is available if you believe that you have Organic Shingles that have deteriorated and you want to file a claim, but you are not eligible to use the Abbreviated Claim Form.  You can get the Standard Claim Form from the website, www.CertainTeedShingleSettlement.com, or by calling the Claims Administrator at 1-888-898-4111.

## 4.    What is  a Class Action?

In a class action lawsuit, one or more people called "Representative Plaintiffs" sue one or more Defendants on behalf of other people who have similar claims.  All these people together are a "Class" or "Class Members."  One Court decides all the issues in the lawsuit for all Class Members, except for those who exclude themselves from the Class.

## 5.    What is this class action about?

The Representative Plaintiffs allege that the Organic Shingles are subject to premature failure and otherwise do not perform in accordance with the reasonable expectations of users.   CertainTeed denies these allegations and asserts that the vast majority of the shingles are free of any defect and will last throughout the warranty period.  The proposed Settlement is intended to resolve this dispute.  The Court has not decided in favor of either the Class or CertainTeed.  The Court's role in the Settlement is to make sure it is a proper settlement that is fair, reasonable, and adequate for all class members.

The Court in charge of this lawsuit is the United States District Court for the Eastern District of Pennsylvania.   The name of the lawsuit is *In re: CertainTeed Corporation Roofing Shingles Products Liability Litigation*, MDL Docket No. 1817.  The judge is the Honorable Louis H. Pollak.

## 6.    Why is the class action being settled?

Rather than proceeding to litigate through a jury trial, both sides in the lawsuit have agreed to a Settlement.  That way, everyone avoids the cost and risk of a trial, and the members of the Class will be eligible to file a claim form to get compensation greater than the original warranty provided if their shingles are defective.

# WHO IS IN THE SETTLEMENT

## 7.    How do I know if I'm part of the Settlement?

EXHIBIT I
Page 4 of 13

To see if you can get money from this Settlement, you first have to know if you are a Class Member.  You are a Class Member if:

- As of December 15, 2009, you were the owner of a home or other building in the United States or Canada, on which Organic Shingles were or had been installed
  **OR**
- You owned such a building prior to December 15, 2009, but sold or transferred the building and at the time of the sale or transfer retained the right to make a claim for the shingles pursuant to a valid documented assignment;
  **OR**:
- You have settled a warranty claim with CertainTeed regarding Organic Shingles between August 1, 2006, and the Effective Date of this Agreement.

If you are a Class Member, you only qualify for a payment if you are an Eligible Claimant.  Briefly, this means that your shingles are Damaged pursuant to the criteria set forth in the Settlement Agreement AND available evidence shows that the damaged condition was caused by a product defect rather than improper installation or other causes that are not the fault of CertainTeed.

## 8.     Are there exceptions to being included in the Settlement?

You are **_not_** a Class Member even if the Organic Shingles covered in the Settlement were installed on your building if:

- You exclude yourself from this Settlement.
- You previously filed a claim concerning your CertainTeed Organic Shingles in any court of law, and the claim was resolved with a final judgment, whether or not that judgment was favorable to you;
- You are or were a builder, developer, contractor, manufacturer, wholesaler, or retailer of real estate or real property (except as to personal residences or commercial property that you own or owned).
- You are a company that owns or is owned by CertainTeed, you are CertainTeed or its successor, or you are an agent of CertainTeed.
- You are the Judge in this lawsuit, or a member of the Judge's immediate family.

# THE SETTLEMENT BENEFITS - WHAT YOU GET

## 9.     How does the Settlement work?

This is a claims made settlement.  That means that each valid claim will be paid in accordance with the formulas set forth in the Settlement Agreement.  The amount paid per claimant is fixed as specified in the Settlement Agreement regardless of how many or how few claims are actually filed.  The amount paid per claimant depends upon a number of factors such as (1) whether the claimant originally purchased the shingles; (2) the terms of the warranty; (3) how many damaged shingles are on the roof; (4) how long the shingles have been on the roof; (5) whether the shingles are damaged as defined in the Settlement Agreement; (6) whether the damage was due to a manufacturing defect or was caused by circumstances outside of CertainTeed's control; and (7) whether the claimant has already settled the warranty claim under CertainTeed's standard warranty.

EXHIBIT I
Page 5 of 13

Information about the amounts of payment is supplied in answer to Questions 10 through 12 below.  When you read the answers to those questions, keep in mind:

- All the payment formulas use the term "square, " which simply means 100 square feet of roofing shingles.

- Payments are "prorated" as specified in each payment formula depending on the length of the shingle warranty.  "Prorated" means that the payment will be reduced proportionally to account for the years of use you have already received from your shingles.  For example, if you were to submit a Claim concerning shingles warranted for 30 years (360 months) exactly 12 years after they were installed, you would have used the Shingles for 144 months, and 216 months would remain on the original warranty.  Your payment would be calculated by multiplying the non-prorated compensation amount by 60%, which is the percentage of the warranty that remains (216/360).

The Settlement replaces and supplements benefits you received under the original warranty, although if you have SureStart or SureStart Plus Protection, you may still make a claim under those provisions of your warranty.

In addition, if you participate in the Settlement, you can still file any claims for compensatory damages that you may have for harm to any interior part of your building below the roof deck or any personal injury claims that you believe were caused by premature deterioration of the Organic Shingles.  However, you would not be able to file claims for attorneys' fees, penalties, punitive damages, or any other damages in excess of compensatory damages, which you otherwise could have made in connection with those claims.

Remember, this Notice is only a summary of important features.  The Settlement Agreement, available on the website, www.CertainTeedShingleSettlement.com, contains all the details about the Settlement.

## 10. What if I submitted a warranty claim for Organic Shingles to CertainTeed, but never settled the claim with CertainTeed?

### (a) What Claim Form should I use?

If CertainTeed offered you a settlement but you did not accept it, you may use the Abbreviated Claim Form discussed in Question 3 above.  If you submitted a warranty claim and CertainTeed did not offer to settle, you must fill out the Standard Claim Form available at www.CertainTeedShingleSettlement.com; your claim will be reconsidered, but you still have to meet all of the criteria in the Settlement, such as whether you have Organic Shingles, whether they are Damaged under the definition in the Settlement Agreement, and whether they are still in their warranty period.

### (b) How much will I be paid if I submit the appropriate Claim Form and receive a payment under the settlement?

Eligible Claimants who are covered under CertainTeed's warranty and who did not previously settle their claims under CertainTeed's warranty program receive the following compensation:

- if the Claim is postmarked or otherwise received by CertainTeed within 10 years of the installation of the Organic Shingles: US$40 per square (not pro-rated), **plus** US$34 per square,

EXHIBIT I
Page 6 of 13

prorated from date of installation to account for the years of actual use compared to the warranty length.

- if the Claim is postmarked or otherwise received by CertainTeed more than 10 years after installation of the Organic Shingles (but prior to the expiration of the applicable warranty period: US$74 per square, prorated to account for years of actual use compared to warranty length.

(c)    what is the deadline for submission of my Claim Form?

You may submit your Claim Form at any time prior to the expiration of the warranty period.

## 11.    If I have already settled a warranty claim for Organic Shingles with CertainTeed. . .

(a)    may I receive any additional payment under the Settlement?

You can receive a payment if you settled your warranty claim on or after August 1, 2006.  If you settled a warranty claim for Organic Shingles prior to August 1, 2006, you have no claim under this Settlement Agreement.

(b)    how much will I be paid?

You will receive 20% of the difference between the amount you received on the warranty claim and any greater amount that you would have received had you been a claimant under the Settlement Agreement.  See response to Question 10 above to find out how much you would have received as a claimant under the settlement had you not elected to accept CertainTeed's offer on the warranty.  The reason for the 20% figure is that you elected to receive the benefit of the standard CertainTeed warranty payment much sooner than claimants who elected to await the outcome of the litigation, without having to wait through the uncertainties of the litigation process to receive your money.

(c)    what is the deadline for submission of my Abbreviated Claim Form?

You must file an Abbreviated Claim Form within 12 months of the Settlement Effective Date. The Settlement Effective Date will be 30 days from the Court's Order giving final approval to the Settlement if there are no appeals, but if there are appeals the date will be later.  When the date becomes known, it will be posted on the website.

## 12.    What if I was never offered a settlement on my Organic Shingles by CertainTeed, but:

(a)    I am covered by the CertainTeed Warranty OR

(b)    I bought the building with the Organic Shingles already installed OR

(c)    I sold or transferred a building with Organic Shingles, but at that time I retained the right to make a claim for the shingles with a valid documented assignment?

If one of the above is true, you may be a Class Member eligible for a payment, but you cannot use the

EXHIBIT I
Page 7 of 13

Abbreviated Claim Form.  People described in  (b) and (c) above may receive payment according to a different formula from that described in Question 10.  For further information and to obtain the Standard Claim form, use the contact information listed below.

### 13.   What happens if the Settlement is not approved by the Court?

If the Settlement is not approved at the Final Approval Hearing, then the Settlement will terminate and all Class members and Parties will be restored to the positions in which they were before the Settlement Agreement was signed.

## HOW TO GET A PAYMENT – SUBMITTING A CLAIM FORM

### 14.   How can I get a payment?

To qualify for a payment, you must fill out the appropriate Claim Form demonstrating the damage to your shingles, and attach all of the documentation it requests.  Use the Abbreviated Claim Form attached to this Notice if you are eligible to use it (see Question 3 above).  Otherwise, use the Standard Claim Form.  You can obtain a copy of either Claim Form by:

- calling this toll-free number: 1-888- 898-4111
- visiting the website, www.CertainTeedShingleSettlement.com,  or
- writing to: CertainTeed Claims Administrator, 1400 Union Meeting Road, Blue Bell, PA 19422-0761.

### 15.   When will I get my payment?

On _____, ___, 20 ___, the Court will hold a hearing to decide whether or not to approve the Settlement.  If the Court approves the Settlement, CertainTeed will begin reviewing each Claim Form submitted.  Please note that there is often delay after a Settlement like this is approved.  For example, there may be appeals of the Court's order approving the Settlement, and payments can't be made unless appeals are finished and the Court's Order is upheld.  Because of this, there could be a delay before the first claims are reviewed and paid.  The claims will generally be reviewed and paid on a first-come, first-served basis.

### 16.   What if CertainTeed denies my claim?

If you believe CertainTeed wrongly denied your claim, you can appeal to an Independent Claims Administrator.

## YOUR RIGHTS – GETTING OUT OF THE SETTLEMENT

### 17.   What if I don't want to be part of the Settlement or the Class?

EXHIBIT I
Page 8 of 13

You do not have to take part in the Settlement or be a Member of the Class.  You can do what is called "excluding" yourself or "opting out."  If you exclude yourself, you cannot get a payment and you cannot object to the Settlement.  Any Court orders will not apply to you.  By excluding yourself, you keep any right to file or proceed with a lawsuit about the shingles that you may have.

## 18.   How do I exclude myself from the Settlement?

To exclude yourself, you must send written notice of your decision to request exclusion via first class mail to Class Counsel at any ONE of the following addresses:

AUDET & PARTNERS, LLP
Michael McShane, Esquire
221 Main Street, Suite 1460
San Francisco, CA  94105

**OR**

CUNEO GILBERT & LADUCA, LLP
Charles LaDuca, Esquire
507 C Street NE
Washington, D.C. 20002

**OR**

LOCKRIDGE GRINDAL NAUEN P.L.L.P
Robert K. Shelquist, Esquire
Suite 2200
100 Washington Avenue South
Minneapolis, Minnesota 55401

Your request for exclusion should include the caption of this case, *In re: CertainTeed Corporation Roofing Shingles Products Liability Litigation*, MDL Docket No. 1817, and must:
- be signed by you *and* your attorney, if you have one;
- state the address of the property or properties that you wish to exclude from the Settlement;
- specify the number of units of residential property or other structures at each address that you believe may contain Organic Shingles.

**Deadline for Exclusion:**   Your request for exclusion from the Settlement must be postmarked or personally delivered by _____.

If you do not follow these instructions properly, you will lose your right to exclude yourself. There are no exceptions.

**UNLESS YOU PROPERLY FILE A REQUEST FOR EXCLUSION, YOU WILL BE BOUND BY ANY JUDGMENT IN THIS CASE AND YOU WILL NOT BE PERMITTED TO PURSUE ANY PENDING OR FUTURE LITIGATION ON MATTERS RESOLVED IN THIS SETTLEMENT.**

**THIS IS TRUE**:

- even if you have objected to the settlement
- even if you are actively litigating a pending lawsuit regarding the shingles
- even if you sent in an exclusion request but sent it to an incorrect location

EXHIBIT I
Page 9 of 13

19.    **If I exclude myself, can I get money from the Settlement or tell the Court that I don't think the Settlement is fair?**

No.  If you exclude yourself, you cannot get any money from the Settlement, and you cannot tell the Court that you don't like the Settlement (which is called "objecting").  If you exclude yourself, you are no longer part of the Class or the Settlement.  But you can sue or be part of a different lawsuit against CertainTeed about the claims in this case.

# YOUR RIGHTS – OBJECTING TO THE SETTLEMENT

20.    **How do I tell the Court if I don't like the Settlement?**

If you're a Class Member and don't exclude yourself, you can object to the Settlement.  This means you can tell the Court you don't like the Settlement or some part of it.  For example, you can say you don't think the Settlement is fair or adequate or that you object to the amount of the attorneys' fees, costs, or expenses.  The Court will consider your views but may approve the Settlement anyway.

To object, you or your lawyer must prepare  a letter that contains <u>all</u> of the following:

- The name and title of the lawsuit, *In re: CertainTeed Corporation Roofing Shingles Products Liability Litigation, MDL Docket No. 1817.*

- A written statement of objections clearly specifying the grounds or reasons for each objection.

- A statement of whether or not you or your lawyer will ask to appear at the Final Approval Hearing to talk about your objections, and, if so, how long you will need to present your objections;

- Copies of any documents you or your lawyer will present at the Final Approval Hearing.;

- Your signature *and* that of your attorney, if you have one.

Your objection letter must be sent to the Court, Class Counsel, and CertainTeed at the addresses below, and postmarked or received **no later than ___.**

**The Court:**    Clerk of the Court
United States District Court for the Eastern District of Pennsylvania
Byrne Federal Courthouse
601 Market Street
Philadelphia, PA 19106-1797.

**Class Counsel:**    AUDET & PARTNERS, LLP
Michael McShane, Esquire
221 Main Street, Suite 1460
San Francisco, CA  94105

                **OR**

                CUNEO GILBERT & LADUCA, LLP

EXHIBIT I
Page 10 of 13

Charles LaDuca, Esquire
507 C Street NE
Washington, D.C. 20002

**OR**

LOCKRIDGE GRINDAL NAUEN P.L.L.P
Robert K. Shelquist, Esquire
Suite 2200
100 Washington Avenue South
Minneapolis, Minnesota 55401

**CertainTeed Corporation:**  Lawrence T. Hoyle, Jr.
Hoyle, Fickler, Herschel & Mathes LLP
Suite 1500, One South Broad Street
Philadelphia, PA 19107

## 21.   What's the difference between objecting and excluding myself?

Objecting is the way to tell the Court what you don't like about the Settlement.  You can object only if you stay in the Class and the Settlement.

Excluding yourself is the way to tell the Court that you don't want to be a part of the Class and the Settlement and that you want to keep the right to file your own lawsuit.  If you exclude yourself, you can't object because the Settlement doesn't affect you any more.

# IF YOU DO NOTHING

## 22.   What happens if I do nothing at all?

If you have Organic Shingles on your building, all decisions made by the Court in this lawsuit or about the Settlement will apply to you.  If the Court approves the Settlement, you will have released CertainTeed from any further claims against it about the issues settled in this lawsuit, and you can't ever sue CertainTeed again about these issues.  This is true even if you do not send in a Claim Form for a payment.

However, you will retain the right to make a claim under the Settlement Agreement until your warranty expires, which may be as long as 25 years from now.

# THE LAWYERS REPRESENTING YOU

## 23.   Do I have a lawyer in this lawsuit?

The Court has designated the following lawyers to represent you and all Class Members.  Together, these lawyers are called Lead Class Counsel.  *You will not be charged for these lawyers*.  The names and addresses of Lead Class Counsel are as follows:

EXHIBIT I
Page 11 of 13

Charles J. LaDuca
Cuneo Gilbert & LaDuca, LLP
507 C Street, NE
Washington, DC 20002

Michael McShane
Audet and Partners LLP
221 Main Street
Suite 1460
San Francisco, CA 94105

Robert K. Shelquist
Lockridge, Grindal Nauen, P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

 Liaison Counsel for the Class is::

Arnold Levin
Charles E. Schaffer
Levin, Fishbein, Sedran & Berman, P.C.
510 Walnut Street, Suite 600
Philadelphia, PA 19103

24.   How will the lawyers be paid?

The lawyers who represent the Class will ask the Court for reimbursement of their out of pocket expenses and an award of attorneys' fees based on their work in this litigation. The amount of attorneys' fees to be awarded will be determined solely by the Court. The amount of the award will in large part be based on the amount of time spent by the lawyers litigating this case since early 2006. The amount of expenses and fees awarded by the Court will not decrease or in any manner limit the amount of money class members will receive under the Settlement.  A Motion for attorneys' fees, expenses, and costs shall be submitted to the Court no later than _____, 2010.   The Court must approve any requests for fees, expenses, and costs.

25.   Will the Class Representatives who have worked with the lawyers receive any extra payment?

Yes.  To compensate them for  work in this litigation, each Named Plaintiff in each of the actions covered by the Settlement (including cases consolidated in Multi-District Litigation, a roofing shingle action brought in Pennsylvania, and an action brought in Canada) will be paid an incentive payment provided the shingles that were the subject of their complaint were Organic Shingles.  If the class representative was deposed, he or she will receive an incentive payment of US$10,000; if he or she was not deposed, the incentive payment will be US$5,000.  CertainTeed will not be required to make more than one such incentive payment to any individual regardless of the number of his or her properties subject to this Settlement.

## THE COURT'S FINAL APPROVAL HEARING

EXHIBIT I
Page 12 of 13

**26.   When and where will the Court decide whether or not to approve the Settlement?**

The District Court will hold a Final Approval Hearing at 10:00 a.m. on _____, 2010.  At this hearing, the Court will consider whether or not the Settlement is fair and adequate.  If there are written objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether or not to approve the Settlement.

The Hearing will be held at:   United States District Court for the Eastern District of Pennsylvania, James A. Byrne Federal Courthouse, 601 Market Street, Philadelphia, PA 19106-1797.

**27.   Do I have to come to the Hearing?**

No.  Class Counsel will answer questions the Court may have.  But you are welcome to come at your own expense.  If you send a written objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

**28.   Can I have my lawyer appear at the Final Approval Hearing to tell the Court about my opinions regarding the Settlement?**

Yes. As long as you don't exclude yourself, you have the right to appear through counsel at the Final Approval Hearing, so long as your Notice of Appearance and any written objections you may have are postmarked or received by the Court, CertainTeed, and Class Counsel by ___.  If you do this, however, the cost of having your lawyer appear will be at your own expense.

## GETTING MORE INFORMATION

**29.   Are more details about the Settlement and my rights under the Settlement available?**

This Notice summarizes the Settlement and your rights under the Settlement.  It cannot tell you every right to which you may be entitled.  To obtain further information or advice about your legal rights, you may contact Class Counsel or consult a lawyer at your own expense.

More details about the terms of the settlement are set forth in the Settlement Agreement.  If you have questions or want to know more about the settlement, you can call the Claims Administrator toll-free at 1-888-898-4111 or write to:  CertainTeed Claims Administrator, 1400 Union Meeting Road, Blue Bell, PA 19422-0761.  You can also check the website, www.CertainTeedShingleSettlement.com.  The website has a copy of the complete Settlement Agreement and other important documents and will be maintained to provide answers to frequently asked questions.

You can also look at and copy the legal documents filed in this lawsuit at any time during regular office hours at the Office of the Clerk of the Court, United States District Court for the Eastern District of Pennsylvania, James A. Byrne Federal Courthouse, 601 Market Street, Philadelphia, PA 19106-1797.

EXHIBIT I
Page 13 of 13

# EXHIBIT J

**For immediate release:**

### CertainTeed Corporation Settles Class Action Lawsuit
### Regarding Organic Roofing Shingles

(February 8, 2010 -- Valley Forge, Pa.) –CertainTeed Corporation and Counsel for the Plaintiffs in *In re: CertainTeed Corporation Roofing Shingles Products Liability Litigation, MDL Docket No. 1817* (E.D. Pa), announced today that they have entered into an agreement to settle a class action alleging that organic asphalt shingles manufactured by CertainTeed from July 1, 1987 through 2005 are subject to premature failure and otherwise do not perform in accordance with the reasonable expectations of users.  CertainTeed denies these allegations and asserts that the vast majority of the shingles are free of any defect and will last throughout the warranty period. The parties have agreed to the settlement to avoid the expense, inconvenience, and distraction of further protracted litigation and to fully resolve this matter.

Organic shingles were made with a felt reinforcement material, as contrasted with the fiberglass reinforced material used in CertainTeed shingles today.  The settlement relates to organic shingles under the brand names Hallmark Shangle, Independence Shangle, Horizon Shangle, Custom Sealdon, Custom Sealdon 30, Sealdon 20, Sealdon 25, Hearthstead, Solid Slab, Master Slab, Custom Saf-T-Lok/Saf-T-Lok and the Custom Lok 25.  The Horizon, Independence, Hallmark, and Hearthstead brands were marketed in both organic and fiberglass formulations, but only organic shingles, which CertainTeed no longer manufactures, are covered by the Settlement Agreement.  Although the settlement covers potential class members throughout the U.S. and Canada, the organic shingles in question were sold primarily in the upper Midwestern states and in the Canadian provinces north of those states.

EXHIBIT J

Page 1 of 3

The settlement agreement provides enhanced compensation for the removal and replacement of organic shingles during the warranty period.  The amount paid per claimant depends upon a number of factors such as (1) whether the claimant originally purchased the shingles; (2) the terms of the warranty; (3) how many damaged shingles are on the roof; (4) how long the shingles have been on the roof; (5) whether the shingles are damaged as defined in the Settlement Agreement; (6) whether the damage was due to a manufacturing defect or was caused by circumstances outside of CertainTeed's control; and (7) whether the claimant has already settled the warranty claim under CertainTeed's standard warranty.  The amount paid per claimant is fixed as specified in the Settlement Agreement and will not be affected by the number of people who file claims under the settlement.

Potential class members have legal rights under the settlement.  For example, class members must decide whether to stay in the class and obtain the settlement's benefits.  If they do not want to participate, they must opt out by _____.  If they do not opt out, they will be automatically bound by the terms of the settlement.  If they want to stay in the class, they need do nothing at this time, although class members who want a distribution from the settlement must file a claim form  by the deadline that applies to their particular situation.  The deadline for filing claims ranges from 90 days to 25 years, depending on the individual circumstances of the claim.

Because this is a class action settlement, the agreement must be approved by a judge – in this case, by United States District Court Judge Louis H. Pollak.  A hearing will be held on _____ in Philadelphia, Pennsylvania concerning approval of the settlement.

People who own or owned buildings with CertainTeed organic shingles and believe they may qualify for a payment under this settlement can obtain additional information about the

EXHIBIT J

Page 2 of 3

settlement by checking the website at www.CertainTeedShingleSettlement.com; by calling 1-

888- 898-4111, or  by writing to: CertainTeed Claims Administrator, 1400 Union Meeting Road,

Blue Bell, PA 19422-0761.

.

###

For Further Information:

For CertainTeed:        Michael B. Loughery, CertainTeed
                        (610) 341-7328
                        mike.b.loughery@saint-gobain.com
                        www.certainteed.com/pressroom

For Class Plaintiffs:

                        Michael McShane, Esquire
                        AUDET & PARTNERS, LLP
                        (415) 568-2555 207
                        MMcShane@audetlaw.com

                        OR

                        Charles LaDuca, Esquire
                        CUNEO GILBERT & LADUCA, LLP
                        (202) 789-3960
                        CharlesL@cuneolaw.com

                        OR

                        Robert K. Shelquist, Esquire
                        LOCKRIDGE GRINDAL NAUEN P.L.L.P
                        (612) 339-6900
                        rshelquist@locklaw.com

EXHIBIT J

Page 3 of 3

# EXHIBIT K

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CERTAINTEED CORPORATION | : | MDL DOCKET NO. 1817 |
| ROOFING SHINGLES PRODUCTS | : | |
| LIABILITY LITIGATION | : | |
| | : | |
| This Order relates to: | : | |
| | : | |
| ALL CASES | : | |
| | : | |

## ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT

AND NOW, this _____ day of _____, 2010, upon consideration whether the proposed settlement of the above-referenced litigation (the "Litigation") should be finally approved, the parties having presented to the Court the Settlement Agreement between Plaintiffs Catherine Barrett, Roger Dunker, and Sherwood Wolfson, Settlement Class Representatives, and Defendant CertainTeed Corporation ("CertainTeed"), dated December 15, 2009, ("Settlement Agreement"); and the Court having considered (1) whether the proposed Settlement was fairly and honestly negotiated; (2) whether material issues of law and fact exist, making uncertain the ultimate outcome of the Litigation; (3) whether the value of an immediate recovery outweighs the possibility of future relief after protracted and expensive Litigation; and (4) the judgment of the parties to the Settlement and their respective counsel that the Settlement is fair and reasonable; and the Court having held a hearing on the fairness of the proposed Settlement of the Litigation, at which the parties presented evidence, and the objectors to the Settlement could appear; and the Court being fully advised in the premises, the Court finds:

1.    Notice of the proposed Settlement has been given to the Settlement Class in accordance with ¶¶ 9.2, 9.3, 9.4, and 9.5 of the Settlement Agreement.  This notice complied with the requirements of Fed. R. Civ. P. 23, satisfied the requirements of 28 U.S.C. § 1715 and Due Process, is the best notice practicable under the circumstances, and constituted due and sufficient notice of the Settlement, Final Approval Hearing, and other matters referred to in the Notice.

2.    _____ Settlement Class Members have timely requested exclusion from the Settlement Class.

3.    Class Counsel and Counsel for CertainTeed, after extensive factual investigation and discovery, have engaged in arm's-length and protracted good faith negotiations, and these negotiations have resulted in the proposed Settlement as set forth in the Settlement Agreement.

4.    Class Counsel have represented to the Court that they believe this Settlement to be fair, reasonable, and adequate.

5.    _____ objections to the Settlement Agreement have been filed.  The Court has considered and denied all filed objections.

6.    In essence, in this Litigation, Plaintiffs contend that organic asphalt shingles manufactured by CertainTeed from July 1, 1987 through 2005 are subject to premature failure and otherwise do not perform in accordance with the reasonable expectations of users. CertainTeed denies these allegations and asserts that the vast majority of the shingles are free of any defect and will last throughout the warranty period.  There are substantial grounds for difference of opinion regarding these issues of liability and remedies.  The proposed Settlement of the Litigation constitutes a resolution of those issues that is fair, reasonable, and adequate to members of the Settlement Class.

7.      With respect to persons whose shingles are covered by a CertainTeed warranty (usually persons who originally purchased the shingles), the warranty provides a three to five year "SureStart" period, during which warranty holders are reimbursed for certain labor costs and shingle replacement costs should the Organic Shingles prove defective within the period specified for their shingles.  Following the SureStart period, the warranty no longer covers any labor costs; it provides shingle replacement costs only, and the full replacement cost is discounted proportionately to account for the number of months of use the warranty holder has already received from the shingles. Plaintiffs contend that this compensation is insufficient when the shingles are defective.  To resolve this dispute in light of the relevant facts and law, the Settlement provides enhanced compensation to Settlement Class Members who are qualified to assert warranty claims when their shingles manifest Damage as defined in the Settlement Agreement prior to the expiration of the applicable warranty period, if the Damage is caused by a product defect.  The enhanced compensation for such persons is set forth in Paragraph 6.6 of the Settlement Agreement.  Paragraph 6.6 reasonably allocates the full settlement consideration of U.S.$74/square, which is to be discounted in accordance with a formula set forth in the Settlement Agreement to account for the number of months of use the claimant has received from the shingles, as follows:  $34/square of the $74/square to the cost of replacement shingles and the remaining $40/square to the cost of labor and other materials.

8.      With some exceptions, CertainTeed's limited warranties do not cover transferees – people who bought a building with the shingles already installed.  Applicable warranty law permits exclusion of such persons from warranty coverage by limiting the warranty to original purchasers only; therefore, these Settlement Class Members' legal claims are much weaker than those of Settlement Class Members who are qualified to assert warranty claims.  Nevertheless,

Plaintiffs contend that those persons are also entitled to compensation when their shingles are defective.  To resolve this dispute in light of the relevant facts and law, the Settlement provides benefits at a reduced rate to Settlement Class Members who were precluded from making claims under CertainTeed's warranties, provided they submit their claims before a specified claims deadline.  Compensation for such Settlement Class Members is set forth in Paragraph 6.7 of the Settlement Agreement.  Paragraph 6.7 reasonably allocates the full settlement consideration of U.S.$34/square, which is to be discounted proportionately to account for the number of months of use the claimant and his or her predecessor owner has received from the shingles, between the cost of replacement shingles and the cost of labor and other materials in the same proportion as the $74/square for persons whose shingles are covered by a CertainTeed warranty: $15.64/square or 46% of the $34/square for the cost of replacement shingles and $18.36/square or 54% of the $34/square to the cost of labor and other materials

9.      After the start of this Litigation, CertainTeed continued settling claims made under the terms of its warranties, obtaining general releases from claimants as consideration for its payments.  Plaintiffs contend that this practice was over-reaching because the claimants were asserting only warranty claims, yet released broader claims as well.  Nevertheless, Plaintiffs recognize that persons who elected to settle their claims without awaiting the uncertain outcome of the Litigation did receive the benefit of early payment not received by other Settlement Class Members.  To resolve this dispute in light of the relevant facts and law, the Settlement provides that persons who settled their claims after the start of the Litigation receive 20% of the difference between the amount they received for their warranty claim and any greater amount they would have received had they awaited the outcome of the Litigation.  Compensation for persons who settled their claims on or after August 1, 2006 when this Litigation began is set forth in

Paragraph 6.8 of the Settlement Agreement.  Under the terms of CertainTeed's warranties, all warranty settlements already paid out to Settlement Class Members who are eligible to recover a payment under Paragraph 6.8 of the Settlement Agreement constituted compensation for shingle replacement costs only.  Therefore, Paragraph 6.8 of the Settlement Agreement reasonably allocates the additional amount to which each claimant is entitled for the cost of labor and materials other than replacement shingles.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Settlement Agreement is approved as fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the parties are directed to consummate the Settlement Agreement in accordance with its terms.  All terms in this Order have the same meaning ascribed to them in the Settlement Agreement.

2.    All persons within the definition of the Settlement Class, other than those specifically excluded from the Settlement Class in Paragraph 2.2 of the Settlement Agreement and those who have timely requested exclusion from the Settlement Class, are hereby determined to be the "Settlement Class Members."

3.    Upon entry of this Order and Judgment, the Settlement Class Members, and all and each of them, are hereby bound by the terms and exclusive remedies related to CertainTeed Organic Shingles set forth in the Settlement Agreement, in lieu of the warranties issued by CertainTeed at the time the shingles were sold.  Nonetheless, no claims shall be cognizable under this Settlement Agreement after expiration of the period specified for warranty coverage that pertains to the Organic Shingles of the Settlement Class Member making the claim.

4.    All actions by Settlement Class Members in MDL Docket No. 1817 against CertainTeed are dismissed with prejudice with respect to any claims asserted in the Complaints

by or on behalf of any Settlement Class Member concerning CertainTeed Organic Shingles (except for claims for damages to any interior part of the structure below the roof deck, which are dismissed without prejudice).

5.      Claims of any Named Plaintiff in any action in MDL Docket No. 1817 on whose building CertainTeed Organic Shingles have not been installed are dismissed without prejudice.

6.      All Settlement Class Members who have not properly and timely opted out of the Settlement Class pursuant to the terms of this Settlement Agreement shall be conclusively deemed to have released and forever discharged (as by an instrument under seal without further act by any person, and upon good and sufficient consideration), on behalf of themselves and their agents, heirs, executors and administrators, successors, insurers, attorneys, representatives, and assigns, each of CertainTeed, and its present or former parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, insurers, representatives, and assigns (the "Releasees"), from each and every claim of liability, including relief under federal law or the law of any state, which arises out of Damage to CertainTeed Organic Shingles applied during the Class Period, including without limitation all claims or liability on account of or related to Damage to CertainTeed Organic Shingles, including but not limited to claims for damage to the roof deck and associated roofing system and/or structure, which were alleged or could have been alleged in the Complaints in the actions consolidated in MDL Docket No. 1817 (the "Release"); provided, however, that such Release will not release CertainTeed from

(a) any obligations it has assumed under this Settlement Agreement;

(b) any claims for damages to any interior part of the structure below the roof deck suffered on account of Damaged CertainTeed Organic Shingles;

(c) any claims which do not arise from Damage to the CertainTeed Organic Shingles;

(d) any claim for bodily injury, including claims for pain and suffering, emotional distress, mental anguish, or similar damages suffered as the result of such bodily injury; and

(e) obligations incurred by CertainTeed in settlements it has made with Settlement Class Members prior to the Effective Date.

Notwithstanding the foregoing exceptions to the terms of the Release in favor of CertainTeed, all claims (whether arising prior to the Effective Date of the Settlement or thereafter) for penalties, punitive damages, exemplary damages, statutory damages, damages based upon a multiplication of compensatory damages, court costs, or attorneys' fees or expenses, which might otherwise have been made in connection with any claim relating to Damaged CertainTeed Organic Shingles, shall be released.

7.      The Settlement Class Members retain any and all claims and causes of action against any and all other persons or entities not parties to the Settlement Agreement, but such reservation creates no basis for a claim of indemnification or contribution, however denominated, by the non-party against the Releasees, as Settlement Class Members have released all claims on which liability could be found against the Releasees, and is solely intended to preserve a Settlement Class Member's ability to seek relief against the non-party.  This Release shall apply to all related subrogation claims of the Settlement Class Members' subrogees or insurance carriers.

8.      No Settlement Class Member shall recover, directly or indirectly, any sums for claims released by operation of this Settlement Agreement, including but not limited to Settled

Claims, from Releasees, other than sums received under this Settlement Agreement, and Releasees shall have no obligation to make any payments to any non-parties for liability arising out of claims released by operation of this Settlement Agreement.

9.     In any action brought by a Settlement Class Member against any non-party arising out of or related to CertainTeed Organic Shingles, should any such non-party sued by a Settlement Class Member file a claim or cause of action against any Releasee for contribution or indemnification, however denominated, arising out of or related to CertainTeed Organic Shingles, Settlement Class Members shall be deemed to have agreed to reduce or remit any judgment against the non-party by the percentage, amount, or share necessary under applicable law to fully discharge and relieve Releasees of liability to the non-party for claims for contribution and indemnification, however denominated.

10.    The provisions of this Settlement Agreement and any Claim thereunder constitute a good faith settlement under California Civil Code §§ 877 and 877.6 and comparable laws in other states.  Plaintiffs, Class Counsel, and Settlement Class Members shall cooperate fully in any effort of Releasees to establish such good faith settlement before any court (including, without limitation, by joining in any motion or other procedure and providing declarations and other evidence to establish such good faith settlement where requested by any Releasee) and that all payments made under this Settlement Agreement relate to claims arising out of or related to CertainTeed Organic Shingles.

11.    If any non-party sued by a Settlement Class Member obtains a judgment against any Releasee for contribution or indemnification, however denominated, Settlement Class Members shall reduce or remit their judgment against the non-party by the amount of the non-party's judgment against the Releasee not to exceed the amount of that portion of the judgment

for which the non-party obtains contribution or indemnification, however denominated, so as to fully satisfy the non-party's judgment against the Releasee.

12.     If any release given by the Settlement Class Member is not given its full effect by operation of law, then the Settlement Class Member shall be deemed to have transferred and assigned to Releasees all claims, if any, that were deemed not released, to the extent necessary to effectuate the intent of the release.

13.     Class Counsel shall cooperate with Releasees to ensure that the releases set forth in this Order are given their full force and effect and that the Settlement Class Members comply with their obligations set forth in this Settlement Agreement.

14.     In the event that any Settlement Class Member seeks to invoke California Civil Code § 1542, which provides that "a general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known to him must have materially affected his settlement with the debtor" or any other like provision of law in connection with CertainTeed Organic Shingles, the Settlement Class Members and each of them are deemed to have expressly waived the provision of California Civil Code § 1542 (and all other like provisions of law) to the full extent that these provisions may be applicable to this Release.  Each of the Settlement Class Members is deemed to have assumed the risk that facts additional, different, or contrary to the facts, which each believes or understands to exist, may now exist or may be discovered after this Settlement Agreement becomes effective.  Each of the Settlement Class Members is deemed to have agreed that any such additional, different, or contrary facts shall in no way limit, waive, or reduce the foregoing Release, which shall remain in full force and effect.

15.     Any Settlement Class Member who receives compensation under this Settlement and who thereafter sells the building while the CertainTeed Organic Shingles remain on the building shall advise the Purchaser of the Property of the payment and Release and make such other appropriate disclosure as may be required by applicable local, provincial, and state laws regarding the purchase and sale of the property.

16.     All Settlement Class Members who have not timely requested exclusion from the Settlement Class are hereby enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Release.  In addition, all persons are hereby enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members who have not timely requested exclusion from the Settlement Class, if such other class action is based on or relates to the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Release.  The Court finds that issuance of this injunction is necessary and appropriate in aid of the Court's jurisdiction over this Litigation.  The Court finds no bond is necessary for issuance of this injunction.

17.     Upon the occurrence of the Effective Date of the Settlement, CertainTeed shall pay Class Counsel's fair and reasonable fees and reimbursement of costs and expenses as awarded by the Court.  The award of such fees and costs and expenses shall be made pursuant to a separate Order.

18.     Incentive awards pursuant to Paragraph 7.2 of the Settlement Agreement are awarded to the following named Plaintiffs:  Gilbert Anderson, Catherine Barrett, David Butz, Roger Dunker, Jack Helmick, Frederic G. Eldridge, Dawn Lynn Johnson, Roger Luft, Thomas Rybarczyk, William Simpson, Pat Nagy Swartz, Sherwood Wolfson, and Carole Venhaus.  John Cassidy, Elizabeth Cumming, and Nancy Hollis will also be eligible for such incentive payments provided that, within 30 days from the date of entry of this Order, he or she has submitted a shingle sample to CertainTeed which is determined to be a CertainTeed Organic Shingle.  If the named Plaintiff was deposed, his or her incentive payment will be U.S. $10,000.00; if the named Plaintiff was not deposed, his or her incentive payment will be U.S. $5,000.00.

19.     Consummation of the settlement shall proceed as described in the Settlement Agreement and the Court hereby retains jurisdiction of this matter in order to resolve any disputes which may arise in the implementation of the Settlement Agreement or the implementation of this Final Judgment and Order.  The Court retains continuing and exclusive jurisdiction for purposes of supervising the implementation of the Settlement Agreement and to interpret and enforce the terms, conditions, and obligations of this Settlement Agreement and the Court's orders and judgments.  In the event of a breach by CertainTeed or a Settlement Class Member under this Settlement Agreement, the Court may exercise all equitable powers over CertainTeed or such Class Member to enforce this Settlement Agreement and the Final Order and Judgment irrespective of the availability or adequacy of any remedy at law.  Such powers include, among others, the power of specific performance, contempt, and injunctive relief.

20.     Final judgment shall be entered as provided herein.

21.     Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement

or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any Released Party, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Party in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  CertainTeed may file the Settlement Agreement or this Order for Final Judgment in any other action that may be brought against it related to CertainTeed Organic Shingles in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim or issue preclusion or similar defense or counterclaim.

22.     In the event that the Settlement Agreement does not become effective, is terminated, or is disapproved by any appellate court, then the Court's certification of the Settlement Class shall be automatically vacated and this Order for Final Judgment shall be rendered null and void, and in such event, all orders entered and releases delivered in connection therewith shall be null and void.

BY THE COURT:


Dated _____, 2010        _____
                                 Louis H. Pollak, U.S.D.J.