UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CERTAINTEED CORPORATION ROOFING SHINGLES PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1817 |
| This Order relates to: | |
| ALL CASES | |

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT, CERTIFYING CASE AS A CLASS ACTION IN LIGHT OF THE SETTLEMENT, DEFINING SETTLEMENT CLASS, AND PROVIDING FOR NOTICE OF SETTLEMENT CLASS CERTIFICATION, SETTLEMENT, AND SETTLEMENT HEARING**

AND NOW, this 29 day of December, 2009, upon consideration of the Motion for Preliminary Approval of the Settlement Agreement and Notice to Settlement Class Members (Doc. No. 116) of Plaintiffs Catherine Barrett, Roger Dunker, and Sherwood Wolfson, through Class Counsel, and Defendant CertainTeed Corporation ("CertainTeed"), the Court having reviewed the Motion and the Settlement Agreement attached to it, and the supporting papers submitted with it, and the Court being fully advised in the premises;

It is, therefore, hereby ORDERED that:

1. Unless otherwise indicated, all terms used in this Order shall have the same meaning ascribed to them as in the Agreement of Compromise and Settlement executed on December 15, 2009 and amended on December 29, 2009 ( the "Settlement Agreement") before the Court.

2. The proposed Settlement as set forth in the Settlement Agreement executed by Plaintiffs Catherine Barrett, Roger Dunker, and Sherwood Wolfson (the "Named Plaintiffs") and

Defendant is preliminarily approved, subject to a Final Approval Hearing as provided in this Order to determine whether the settlement is fair, adequate, and reasonable. The Court is satisfied that enough information has been presented to support the conclusion that there are no obvious deficiencies in the proposed Settlement Agreement, that the proposed Class satisfies the class action requirements set forth in Federal Rule of Civil Procedure 23(a) and (b) for purposes of a Settlement Class only, and that Settlement Class Members should be notified of the proposed Settlement and a Final Hearing scheduled.

3. For purposes of the settlement of this case (and only for such purposes, and without an adjudication on the merits), the Court makes the following findings under the United States Constitution, the Federal Rules of Civil Procedure, and the Rules of this Court:

   a. The Settlement Class consists of thousands of owners of buildings on which CertainTeed Organic Shingles were installed.

   b. There exist questions of fact and law common to the Settlement Class Members. All Settlement Class Members contend that CertainTeed made misrepresentations about its Organic Shingles and that the Organic Shingles were defective.

   c. The claims of the Named Plaintiffs are typical of the claims of the Settlement Class.

   d. Named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class.

   e. Resolution of this action in the manner proposed by the Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the action, and common issues resolved through this Settlement predominate over

individual issues. The Court notes also that, because this action is being settled rather than litigated, the Court need not consider defenses to individual claims that the Defendant has waived in order to settle the case or other manageability issues that might be presented were the case to be litigated through trial. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).

4. This case is certified as a class action for settlement purposes only pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Settlement Class shall be defined as follows:

> All individuals and entities that own, as of December 15, 2009, homes, residences, buildings, or other structures located in the United States or Canada whose roofs contain or contained roofing shingles made with a felt reinforcement base material that is saturated with asphalt, also known as organic roofing shingles, manufactured by CertainTeed after July 1, 1987; all individuals and entities who previously owned such a building and who, prior to the date of this Agreement, sold or transferred the building and at the time of the sale or transfer retained the right to make a claim for the shingles pursuant to a valid documented assignment; and all individuals and entities who owned such a building and who, between August 1, 2006, and the Effective Date of this Agreement, have settled or settle their warranty claims for such shingles.

5. Excluded from the Settlement Class are:

   a. all parties who timely exercise their rights under Federal Rule of Civil Procedure 23 to opt out of the Settlement;

   b. all persons who filed a claim concerning their CertainTeed Organic Shingles in any court of law, when that claim has been resolved with a final judgment, whether or not favorable to the claimant;

   c. all persons who are or were builders, developers, contractors, manufacturers, wholesalers, or retailers of real estate or real property (except as to personal residences or commercial property owned by them);

    d. Defendant, any entity in which Defendant has a controlling interest, any entity which has a controlling interest in Defendant, and Defendant's legal representatives, assigns, and successors; and

    e. the Judge to whom this case is assigned and any member of the Judge's immediate family.

6. The Court appoints Catherine Barrett, Roger Dunker, and Sherwood Wolfson to serve as Settlement Class Representatives.

7. As previously ordered in Pretrial Orders Nos. 1 and 2 dated April 17, 2007, the Court reaffirms the appointment of Arnold Levin of Levin, Fishbein, Sedran & Berman as Liaison Counsel, and also reaffirms the appointment of Robert K. Shelquist of Lockridge, Grindal & Nauen, L.L.P; Michael McShane of Audet & Partners, LLP; and Charles J. LaDuca of Cuneo, Gilbert & LaDuca, LLP, as Co-lead Counsel.

8. Notice to Settlement Class Members shall be the responsibility of Class Counsel and of CertainTeed, and the cost of such notice shall be paid by CertainTeed under the terms of the Settlement Agreement. To effect such notice, Class Counsel and CertainTeed have agreed to engage CAC Services Group LLC ("CAC") to advise them with respect to the providing of notice. CAC has proposed a class notice program that will provide notice to the Settlement Class Members as more fully described in paragraphs 9 to 11 hereof.

9. Long-Form Notices of the Proposed Settlement Agreement and of the Final Approval Hearing, substantially in the forms of Exhibits H and I attached to the Settlement Agreement, shall be mailed, first-class postage prepaid, to each member of the Settlement Class, as appropriate, identified by the Parties through reasonable efforts, including each member of the Settlement Class whose identity becomes known as a result of the Summary Notices required by Paragraph 10 of this Order. The mailings shall include the appropriate claim form – either Exhibit B or C.

10. Summary Notices of the Proposed Settlement Agreement and the Final Approval Hearing, substantially in the forms attached to the Settlement Agreement as Exhibits E (print media), F (television), G (internet) and J (informational press release) shall be published as follows: (1) three weeks of print publication in Parade Magazine's midwestern editions; (2) five print notice placements in U.S. and Canadian trade journals; (3) a 60 second television notice airing on four national cable networks, nine midwestern cable networks, and four Canadian cable networks; (4) internet notices on web properties such as Google, Yahoo, and Bing; and (5) an informational press release issued to PR Newswire (U.S. and Canada). The publication notices properly target those areas where CertainTeed Organic Shingles were sold or where claims have been submitted, in proportion to the amount of such claims or sales. The notices shall be published during the months of January, February, and March 2010.

11. Notice in compliance with the directives of Paragraphs 9 and 10 of this Order is hereby found to be the best notice practicable under the circumstances and constitutes due and sufficient Notice of the Settlement Agreement and the Final Approval Hearing to the Settlement Class and all persons entitled to receive such Notice as potential Settlement Class Members.

12. CAC shall file proof by affidavit of the direct mailing of the Long-Form Notices and publication of the Summary Notices and Press Release at or before the Final Approval Hearing.

13. A Settlement Class Member may opt out of the Settlement Class. To exercise this exclusion right, the Settlement Class Member must send written notification of the decision to request exclusion via first class mail to any one of the firms appointed as Co-Lead Class Counsel at the following addresses:

AUDET & PARTNERS, LLP
Michael McShane, Esquire
221 Main Street, Suite 1460
San Francisco, CA 94105

**OR**

CUNEO GILBERT & LADUCA, LLP
Charles LaDuca, Esquire
507 C Street NE
Washington, D.C. 20002

**OR**

LOCKRIDGE GRINDAL NAUEN P.L.L.P
Robert K. Shelquist, Esquire
Suite 2200
100 Washington Avenue South
Minneapolis, Minnesota 55401-2197

The notice of exclusion must bear the signature of the Settlement Class Member (even if represented by counsel), state the address of the property(ies) that may contain CertainTeed Organic Shingles, and specify the number of units of residential property or other structures at each address containing CertainTeed Organic Shingles. If the Settlement Class Member has entered into a written or oral agreement to be represented by counsel, the exclusion request shall also be signed by the attorney who represents the Settlement Class Member. Such request must be postmarked or personally delivered by May 11, 2010. Exclusions sent by any Settlement Class Member to incorrect locations shall not be valid. Any Settlement Class Member who submits a timely request for exclusion shall not be permitted to object to the Settlement.

14. Except for those Settlement Class Members who have properly and timely opted out of the Settlement Class, all others will be deemed Settlement Class Members for all purposes under this Settlement.

15. Any Settlement Class Member who has not timely and properly filed a written request for exclusion from the Settlement Class shall be bound by this Settlement and by all subsequent proceedings, orders, and judgments in this litigation. Any Settlement Class Member who elects to opt out of the Settlement Class pursuant to this Agreement shall not be entitled to relief under or be affected by the Settlement Agreement.

16. Settlement Class Members who have elected to opt out of the Settlement Class may withdraw their opt out requests prior to the Settlement Effective Date, but only if they accept the benefits and terms of this Settlement and dismiss with prejudice any other pending action against CertainTeed arising from damage to their homes or other structures because of any alleged defects in CertainTeed Organic Shingles.

17. Class Counsel shall have the right to contact persons who file exclusion requests and to challenge the timeliness and validity of any exclusion request, as well as the right to effect the withdrawal of any exclusion filed in error and any exclusion which a Settlement Class Member wishes to withdraw for purposes of participating in the Settlement as set forth in the Agreement. The Court shall determine whether any of the contested opt outs is valid.

18. Within seven (7) days of the closing of the opt out period, Class Counsel shall provide counsel for CertainTeed, by electronic mail, facsimile, and/or hand delivery, with a list identifying each person who has requested exclusion from the Settlement Class and attaching copies of all such requests for exclusion.

19. The Settlement Agreement provides that CertainTeed may unilaterally void the Settlement if it concludes, in its sole discretion, that the number of Settlement Class Members opting out reaches a level that, in CertainTeed's judgment, threatens to frustrate the essential purpose of this Agreement. CertainTeed shall advise Class Counsel and the Court, in writing,

whether it elects to void the Settlement Agreement, within seven (7) days of receiving the list of opt outs pursuant to Paragraph 18 of this Order. In such event, this Settlement Agreement may not be offered or received into evidence or utilized for any other purpose in the Lawsuit or in any other action, suit, or proceeding.

20. A Settlement Class Member may object to the Settlement. To exercise this objection right, the Settlement Class Member must provide written notice of the objection via first class mail to the Court, Class Counsel, and CertainTeed's counsel. The objection must bear the signature of the Settlement Class Member (even if represented by counsel), the Settlement Class Member's current address and telephone number, state the address of the property(ies) that may contain CertainTeed Organic Shingles, specify the number of units of residential property or other structures at each address containing CertainTeed Organic Shingles, and state the exact nature of the objection and whether or not the Settlement Class Member intends to appear at the final approval hearing. If the Settlement Class Member is represented by counsel, the objection shall also be signed by the attorney who represents the Settlement Class Member. Such request must be postmarked or personally delivered on or before April 26, 2010. Objections sent by any Settlement Class Member to incorrect locations shall not be valid.

21. Any attorneys hired by individual Settlement Class Members for the purpose of objecting to the proposed Settlement shall file with the Clerk of the Court and serve on Class Counsel and CertainTeed's counsel a notice of appearance, not later than April 26, 2010.

22. Any filings, objections, or appearances shall be filed and/or served with the Court and counsel for CertainTeed at the following addresses:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
James A. Byrne Federal Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

HOYLE, FICKLER, HERSCHEL & MATHES LLP
Lawrence T. Hoyle, Jr., Esquire
Arlene Fickler, Esquire
One South Broad Street, Suite 1500
Philadelphia, PA 19107
**ATTORNEYS FOR DEFENDANT CERTAINTEED CORPORATION**

Any filings, objections, or appearances shall also be served on ONE of the firms appointed as

Class Counsel at one of the following addresses:

AUDET & PARTNERS, LLP
Michael McShane, Esquire
221 Main Street, Suite 1460
San Francisco, CA 94105

**OR**

CUNEO GILBERT & LADUCA, LLP
Charles LaDuca, Esquire
507 C Street NE
Washington, D.C. 20002

**OR**

LOCKRIDGE GRINDAL NAUEN P.L.L.P
Robert K. Shelquist, Esquire
Suite 2200
100 Washington Avenue South
Minneapolis, Minnesota 55401-2197

23.     Class Counsel and CertainTeed's counsel shall promptly furnish each other with copies of any objections and appearances that come into their possession.

24.     No person shall be entitled in any way to contest the approval of the terms and conditions of the Settlement Agreement or the Final Order and Judgment to be entered thereon

except by filing and serving written objections in accordance with the provisions of this Order and the Settlement Agreement. Any Settlement Class Member who does not submit a timely, written objection or request for exclusion from the Settlement Class in compliance with all of the procedures set forth in this Order and the Settlement Agreement will be deemed to have waived all such objections and will, therefore, be bound by all proceedings, orders, and judgments in this case, which will be preclusive in all pending or future lawsuits or other proceedings.

25. All other motions and deadlines pending in this case are hereby stayed.

26. If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

27. The Settlement Class certification shall be automatically vacated and this Order shall become null and void if the Settlement Agreement is terminated or disapproved by the Court, any appellate court, and/or any other court of review, or if any of the Parties invoke his, her, or its right to terminate the Settlement Agreement, in which event the Settlement Agreement and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including the ability of any other class to be certified. The Settlement Agreement, actions in conformance with or in furtherance of the Settlement Agreement, and the other documents prepared or executed by any party in negotiating or implementing the settlement in the Settlement Agreement, including any terms of any such documents, shall never be offered in evidence in or shared with any party to any civil, criminal, or administrative action or proceeding without CertainTeed's express written consent.

28. A Final Approval Hearing is hereby set for June 8, 2010, at 10:00 a.m., in Courtroom 16-B, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106-1797, to determine whether the proposed Settlement is fair, reasonable, and adequate, to consider any objections of Settlement Class Members, and to consider an award of reasonable attorneys' fees and expenses and an award to Class Representatives.

29. At least fourteen (14) days before the Final Approval Hearing, the parties shall file a motion requesting that the Court grant final approval of the Settlement embodied in this Agreement and that the Court enter an Order of Final Approval of Settlement and Final Judgment of Dismissal consistent with the terms of this Agreement, substantially in the form of Exhibit K attached to the Settlement Agreement.

30. On or before one week before the Final Approval Hearing, Named Plaintiffs and CertainTeed may file memoranda of law responding to any objections of Settlement Class Members filed with the Court.

31. All Settlement Class Members who have not been timely excluded from the Settlement Class are hereby enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Release. In addition, all persons are hereby preliminarily enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members who have not been timely excluded from the Settlement Class, if

such other class action is based on or relates to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Transactions. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over this action. The Court finds no bond is necessary for issuance of this injunction.

32. Class Counsel shall file with the Court their petition for an award of attorneys' fees and reimbursement of expenses no later than thirty-five (35) days before the Final Approval Hearing.

December 29, 2009

_____
Louis H. Pollak, U.S.D.J.