IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re: Certainteed Corp. Roofing : MDL DOCKET NO. 1817

Shingle Products Liability Litigation
    :

This document relates to :

ALL CASES
    :

## ORDER FOR FINAL CERTIFICATION OF THE CLASS, APPROVAL OF CLASS ACTION SETTLEMENT, AND ENTRY OF FINAL JUDGMENT

AND NOW, on this 27 day of August, 2010, upon consideration whether the proposed settlement of the above-referenced litigation (the "Litigation") should be finally approved, the parties having presented to the Court the Agreement of Compromise and Settlement between plaintiffs Catherine Barrett, Roger Dunker, and Sherwood Wolfson, Settlement Class Representatives, and defendant CertainTeed Corporation ("CertainTeed"), executed on December 15, 2009, and amended on December 29, 2009 (attached as Exhibit 1), together with a Memorandum of Understanding among class counsel, CertainTeed's counsel, and counsel for certain objectors dated June 6, 2010 (attached as Exhibit 2) (collectively, the "Settlement Agreement"); and the Court having considered the provisions of Rule 23, the Court finds, that for the reasons stated in the accompanying opinion dated August 27, 2010:

1. This action satisfies the requirements of Federal Rule of Civil Procedure 23(a)

in that the settlement class is so large that joinder is impracticable, questions of law or fact are common to the settlement class, the named parties' claims are typical of the settlement class, and the class representatives fairly and adequately protect the interest of the class and counsel have adequately represented the class. In addition, the class satisfies Rule 23(b)(3): questions of law and fact common to the members of the class predominate over questions affecting only individual members and a class action is superior to other available methods of adjudication.

2. Notice of the proposed Settlement has been given to the settlement in accordance with Paragraphs 9.2, 9.3, 9.4, and 9.5 of the Settlement Agreement. This notice complied with the requirements of Fed. R. Civ. P. 23(c)(2) and Rule 23(e), satisfied the requirements of due process, is the best notice practicable under the circumstances, and constituted sufficient notice of the class certification and class action settlement agreement.

3. Pursuant to Fed. R. Civ. P. 23(g) the court has considered the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class. The court finds that the class has been fairly and adequately represented by experienced and knowledgeable class counsel committed to protecting the interests of the class, and thus the requirements of Fed. R. Civ. P. (23)(g) are satisfied.

4. Class counsel and counsel for CertainTeed, after extensive factual investigation and discovery, have engaged in arms-length and protracted good faith negotiations, and these negotiations have resulted in the proposed Settlement as set forth in the Settlement Agreement.

5. The nine factors to be considered in assessing the fairness of a class action settlement are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action through the trial; (7) the ability of defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir.1975). The court has considered those factors and finds that the settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate to the members of the class.

6. One hundred eighty-eight (188) Settlement Class Members requested exclusion from the Settlement Class and have not sought to withdraw that request. These persons and entities are named on Exhibit 3 (this exhibit filed under seal to protect the privacy of the persons listed) attached hereto and by reference incorporated, and are the only persons and entities who have properly and validly excluded themselves from the Class.

7. Four hundred forty-six (446) objections to the Settlement Agreement were filed.

Following communications from objectors' counsel to objectors, 367 objections have been withdrawn. This includes three hundred sixty-two of the individuals identified on Exhibit A to the Memorandum of Understanding (this exhibit filed under seal to protect the privacy of the persons listed) plus five other objections identified on Exhibit 4 (this exhibit filed under seal to protect the privacy of the persons listed) and 1 joint objector (John & Geraldine Flanagan) has exercised the right to opt out. At present, there are 78 objectors identified on Exhibit 5 (this exhibit filed under seal to protect the privacy of the persons listed). The Court has considered and denied their objections.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. This class is granted final class certification pursuant to Rule 23(a) and (b). The class is defined as follows:

> All individuals and entities that own, as of the date of this Agreement, homes, residences, buildings, or other structures located in the United States or Canada whose roofs contain or contained roofing shingles made with a felt reinforcement base material that is saturated with asphalt, also known as organic roofing shingles, manufactured by CertainTeed after July 1, 1987; all individuals and entities who previously owned such a building and who, prior to the date of this Agreement, sold or transferred the building and at the time of the sale or transfer retained the right to make a claim for the shingles pursuant to a valid documented assignment; and all individuals and entities who owned such a building and who, between August 1, 2006, and the Effective Date of this Agreement, have settled or settle their warranty claims for such shingles.

2. All persons within the definition of the Settlement Class, other than those specifically excluded from the Settlement Class in Paragraph 2.2 of the Settlement Agreement and those who have timely requested exclusion from the Settlement Class, are

hereby determined to be the "Settlement Class Members."

3. Class counsel is appointed as required by Fed. R. Civ. P. 23(g) and *Sheinberg v. Sorenson*, 606 F.3d 130 (3d Cir. 2010).

4. The Settlement Agreement is approved as fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the parties are directed to consummate the Settlement Agreement in accordance with its terms. All terms in this Order have the same meaning ascribed to them in the Settlement Agreement.

5. Incentive awards pursuant to Paragraph 7.2 of the Settlement Agreement are awarded to the following named Plaintiffs: Gilbert Anderson, Catherine Barrett, David Butz, Roger Dunker, Frederic G. Eldridge, Reva Gross, Jack Helmick, Roger Luft, Thomas Rybarczyk, William Simpson, Pat Nagy Swartz, Sherwood Wolfson, and Carole Venhaus. John Cassidy, Elizabeth Cumming, and Nancy Hollis will also be eligible for such incentive payments provided that, within 30 days from the date of entry of this Order, he or she has submitted a shingle sample to CertainTeed which is determined to be a CertainTeed Organic Shingle.

6. Consummation of the settlement shall proceed as described in the Settlement Agreement and the Court hereby retains jurisdiction of this matter in order to resolve any disputes which may arise in the implementation of the Settlement Agreement or the implementation of this Final Judgment and Order. The Court retains continuing and exclusive jurisdiction for purposes of supervising the implementation of the Settlement Agreement and to interpret and enforce the terms, conditions, and obligations of this

Settlement Agreement and the Court's orders and judgments. In the event of a breach by CertainTeed or a Settlement Class Member under this Settlement Agreement, the Court may exercise all equitable powers over CertainTeed or such Class Member to enforce this Settlement Agreement and the Final Order and Judgment irrespective of the availability or adequacy of any remedy at law. Such powers include, among others, the power of specific performance, contempt, and injunctive relief.

7. All Settlement Class Members who have not properly and timely opted out of the Settlement Class pursuant to the terms of this Settlement Agreement shall be conclusively deemed to have released and forever discharged (as by an instrument under seal without further act by any person, and upon good and sufficient consideration), on behalf of themselves and their agents, heirs, executors and administrators, successors, insurers, attorneys, representatives, and assigns, CertainTeed, and its present or former parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, insurers, representatives, and assigns (the "Releasees"), from each and every claim of liability, including relief under federal law or the law of any state, which arises out of Damage to CertainTeed Organic Shingles applied during the Class Period, including without limitation all claims or liability on account of or related to Damage to CertainTeed Organic Shingles, including but not limited to claims for damage to the roof deck and associated roofing system and/or structure, which were alleged or could have been alleged in the Complaints in the actions consolidated in MDL Docket No. 1817 (the "Release"); provided, however, that such Release will not release CertainTeed from:

(a) any obligations it has assumed under this Settlement Agreement;
(b) any claims for damages to any interior part of the structure below the roof deck suffered on account of Damaged CertainTeed Organic Shingles;
(c) any claims which do not arise from Damage to the CertainTeed Organic Shingles;
(d) any claim for bodily injury, including claims for pain and suffering, emotional distress, mental anguish, or similar damages suffered as the result of such bodily injury; and
(e) obligations incurred by CertainTeed in settlements it has made with Settlement Class Members prior to the Effective Date.

Notwithstanding the foregoing exceptions to the terms of the Release in favor of CertainTeed, all claims (whether arising prior to the Effective Date of the Settlement or thereafter) for penalties, punitive damages, exemplary damages, statutory damages, damages based upon a multiplication of compensatory damages, court costs, or attorneys' fees or expenses, which might otherwise have been made in connection with any claim relating to Damaged CertainTeed Organic Shingles, shall be released.

8. In the event that the Settlement Agreement does not become effective, is terminated, or is disapproved by the final and unappealable order of an appellate court, then this order and final judgment shall be rendered null and void.

BY THE COURT:

_____
Louis H. Pollak
United States District Judge