UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **IN RE: CERTAINTEED CORPORATION ROOFING SHINGLES PRODUCTS LIABILITY LITIGATION** | : : : : : | **MDL DOCKET NO. 1817** |
| **This Order relates to:** | : : | |
| ALL CASES | : : : | |

# ORDER

AND NOW, this _____ day of _____, 2012, upon consideration of Richard Gabert d/b/a Gabert & Rusch Properties' Request for Exclusion from Class Action Settlement, CertainTeed's Opposition thereto, and the Declaration of Class Counsel Michael McShane, it is hereby ORDERED that:

1. Richard Gabert d/b/a Gabert & Rusch's Properties' Request for Exclusion from the Class Action Settlement is DENIED;

2. Richard Gabert d/b/a Gabert & Rusch's Properties is bound by the settlement agreement approved by this Court on August 31, 2010.

BY THE COURT:

_____
J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **IN RE: CERTAINTEED CORPORATION ROOFING SHINGLES PRODUCTS LIABILITY LITIGATION** | : : : : : | **MDL DOCKET NO. 1817** |
| **This Opposition relates to:** ALL CASES | : : : : | |

## OPPOSITION OF CERTAINTEED CORPORATION TO RICHARD GABERT'S REQUEST FOR EXCLUSION FROM CLASS ACTION SETTLEMENT

Defendant CertainTeed Corporation ("CertainTeed") opposes the Request of Richard Gabert d/b/a Gabert & Rusch Properties (collectively "Gabert") for Exclusion from the Class Action Settlement (the "Request for Exclusion") for two reasons. First, there is no evidence that Exhibit A to that request – a May 11, 2010 letter from Gabert requesting exclusion from the Settlement Class – was ever sent. Second, before Gabert allegedly requested exclusion from the class, he submitted a class action settlement claim form to CertainTeed requesting payment pursuant to the Settlement for his allegedly defective shingles and submitting to this Court's jurisdiction for "all purposes associated with [his] claim." *See* Gabert Class Action Settlement Claim Form, attached hereto as Exhibit A. For both these reasons, the Court should deny Gabert's untimely request for an order permitting him to file suit in another jurisdiction about the claims that have been settled through the Class Action Settlement approved by Judge Pollak.

## STATEMENT OF FACTS

Beginning in the summer of 2006, various plaintiffs began filing putative class actions against CertainTeed on behalf of owners of buildings with CertainTeed shingle roofs premised on the alleged premature deterioration of CertainTeed organic shingles. In February of 2007, the Judicial Panel on Multi-District Litigation consolidated the class actions filed in federal court before the Honorable Louis Pollak of this Court. After extensive discovery, Class Counsel and CertainTeed filed an Agreement of Settlement and Compromise as Amended (the "Settlement"), which Judge Pollak preliminarily approved on December 29, 2009. Pursuant to the Court's Order of Preliminary Approval, May 11, 2010, was set as the deadline for putative class members to request exclusion from the class. The Court directed that requests for exclusion were to be sent to Class Counsel and were to be postmarked or personally delivered by May 11, 2010. *See* Order Granting Preliminary Approval at ¶ 13 (Docket No. 123). In addition to a substantial notice by publication program, a Notice of the Proposed Settlement advising of the terms of the Settlement and the deadline for requesting exclusion was mailed to each member of the Settlement Class identified by the parties through reasonable efforts. *See* Notice of Settlement, attached hereto as Exhibit B. A Class Action Settlement Standard Claim Form was also included with the mailed Notice of Settlement. *See* Declaration of Jeffrey S. Waksman ("Waksman Decl.") at ¶ 2, attached hereto as Exhibit C. Gabert & Rusch Properties – the company through under which Mr. Gabert does business – was among the entities to whom the Notice of Settlement and Class Action Settlement Standard Claim Form was mailed. *See id*.

In April 2010, CertainTeed received a completed Class Action Settlement Standard Claim Form from Gabert seeking compensation for allegedly defective shingles on a property that he owned called Tower Village. *See id.* at ¶ 3. In completing the claim form, Gabert

checked off the "Submission to Jurisdiction of Court" box acknowledging that he "agrees to submit to the exclusive jurisdiction of the U.S. District Court for the Eastern District of Pennsylvania for all purposes associated with this Claim." *See* Gabert Class Action Settlement Claim Form at 7.  Around this time, Gabert also submitted a separate claim form to CertainTeed for another property that he owned called Shadow Creek.  *See* Waksman Decl. at ¶ 4.  The Shadow Creek claim form was initially sent back to Gabert by CertainTeed because he had failed to check off all the "Acknowledgment of Claimant(s)" boxes.  *See id.*  Gabert subsequently resubmitted the claim form with all the "Acknowledgment of Claimant(s)" boxes checked off, including the "Submission to Jurisdiction of Court" box.  *See id.*

Despite having submitted two claim forms to CertainTeed in April of 2010 requesting payment pursuant to the terms of the Settlement, Gabert now contends that a letter requesting exclusion from the Settlement was "forwarded" to the office of Michael McShane, one of the Court-appointed Class Counsel on May 11, 2010.  However, Mr. McShane has submitted a declaration that he has no record of receiving the letter.  *See* Declaration of Michael McShane Regarding Richard Gabert, et al.'s Request for Exclusion from Class Action Settlement ("McShane Decl.") at ¶ 6 (Docket No. 235).

On August 31, 2010, this Court entered an Order granting final approval of the Settlement (the "Final Approval Order" (Docket No. 214)).  The Court attached a list of one hundred eighty-eight (188) Settlement class members who had requested exclusion with the Final Approval Order and found that these individuals are "the only persons and entities who have properly and validly excluded themselves from the Class."  Final Approval Order at ¶ 6. Since no Class Counsel had received a request for exclusion from Richard Gabert, his name was

3

not included on the list of individuals who opted out of the Settlement. *See* Final Approval Order at Exhibit 3 (filed under seal).

After the entry of the Final Approval Order, CertainTeed reviewed Gabert's claim forms and determined that he was entitled to payment under the terms of the Settlement. On November 15, 2010, CertainTeed sent Gabert a check for $54,985.44 in compensation for his Settlement claim on the Tower Village property. *See* Waksman Decl. at ¶ 3. That same day, CertainTeed also sent Gabert a check for $87,980.10 for the Shadow Creek property. *See id.* at ¶ 4. On June 2, 2011, CertainTeed sent Gabert Settlement checks in the amounts of $26,976.70 and $35,424.88 for two additional properties that he owns. *See id.* at ¶ 5. The amounts of all these checks were calculated in accordance with the terms of the Settlement. *See id.* at ¶¶ 3-5.

Gabert never cashed the checks he received from CertainTeed. *See id.* at ¶ 6. Rather, he filed a lawsuit against CertainTeed on June 27, 2011, in Winnebago County Circuit Court for the State of Wisconsin concerning the allegedly defective CertainTeed shingles. *See Gabert v. CertainTeed Corp.* Wisconsin Complaint, attached hereto as Exhibit D. CertainTeed's counsel promptly advised Gabert's counsel that the suit was precluded by Judge Pollak's Final Approval Order. *See* Waksman Decl. at ¶ 7. In September 2011, Gabert's counsel contacted Mr. McShane who advised him that his office had no evidence of having received a request for exclusion form Gabert. *See* McShane Decl. at ¶ 6. On January 20, 2012, the Winnebago County Circuit Court dismissed Gabert's complaint for lack of prosecution.

More than two years after the opt-out deadline and more than a year after Gabert was told by CertainTeed that he was bound by the Class Action Settlement, he has belatedly filed the instant request for exclusion from the Settlement. CertainTeed asks that the Court deny Gabert's Request for Exclusion.

4

# ARGUMENT

I. **The Court Should Reject Gabert's Request for Exclusion Because There is No Evidence That the Letter Dated May 11, 2010 Was Mailed**

Gabert's contention that he requested exclusion from the Settlement Class is premised on the letter attached to his Request for Exclusion. Yet there is no evidence that this letter was ever sent to Class Counsel, as required by Judge Pollak's order granting preliminary approval of the Settlement (requiring that requests for exclusion were to be sent to Class Counsel and were to be postmarked or personally delivered by May 11, 2010). *See* Order Granting Preliminary Approval at ¶ 13 (Docket No. 123). Michael McShane, Esq., to whom the letter is addressed, has no record of receiving it. *See* McShane Decl. at ¶ 6. Moreover, although the letter is signed by Benjamin J. Qualley, Esq., and the letter is on his firm's letterhead, there is no affidavit or representation by Benjamin Qualley or anyone else from his firm that the letter was in fact mailed from Mr. Qualley's office in Wisconsin to Mr. McShane's office in California on May 11, 2010. Such evidence is insufficient to find that Gabert properly opted out of the CertainTeed class.

Other courts facing this issue have denied claimants' requests to opt out when there is a lack of evidence that the request to be excluded from the class was actually mailed. In *In re Worldcom, Inc. Sec. Litig.*, No. 02-cv-3288, 2005 U.S. Dist. LEXIS 23371 (S.D.N.Y. Oct. 12, 2005), a class member filed a motion to confirm his status as an opt-out from the class action. In support of this motion, he submitted copies of his exclusion form, but provided no proof of mailing. *Id.* at *1-2. To establish opt-out status, "a class member needed to prove that notice was effectively and timely communicated." *Id.* at *3 (internal quotation omitted). The court found that the class member had not met this standard, noting that "[a]lthough … [the class member] has provided copies of the documents that he claims to have mailed in January 2004,

5

there is no compelling basis in this instance to depart from a rule requiring proof of mailing to substantiate a class member's claim to have timely opted out of the class action." *Id.* at *5.

Similarly, in *In re Prudential-Bache Energy Income P'ships Sec. Litig.*, MDL Dkt. No. 888 Section: E/2, 1995 U.S. Dist. LEXIS 5982 (E.D. La. May 4, 1995), various individuals filed motions to opt out of the class and submitted affidavits contending that they had timely mailed the request for exclusion to the claims administrator at the proper address. As in *In re Worldcom*, the court rejected these motions, noting:

> [O]nce the affidavit of the investor requesting a late opt out is challenged, the Court must require that the investor produce some additional proof that the opt-out form properly completed was mailed in a timely manner to the correct address. These investors have failed to do this…. Having not raised the matter until over one year after the opt-out period ended and being unable to bring sufficient credible proof to the court that in fact they did file an opt-out form, their request cannot be honored.

*Id.* at *5. The court found that proof that the individuals timely mailed the opt-out form might include "a receipt from the United States Postal Service indicating that something was mailed during the opt-out period to the correct address … or other similarly reliable indication that the investor was in compliance with the requirements of the Class Notice, along with a reasonable, justifiable explanation why it has taken this long to raise the question." *Id.* at *5 n.1.

Like the class members in *In re Worldcom* and *In re Prudential-Bache*, Gabert has failed to submit any evidence that the exclusion letter was mailed prior to the cut-off date for individuals to be excluded from the class. The Request for Exclusion does not include an affidavit from the individual who allegedly mailed the exclusion letter or an explanation about how and when the letter was mailed. Rather, the Request for Exclusion merely contends that the "exclusion request was forwarded to class counsel Michael McShane, Esquire." Request for Exclusion at 1.

Additionally, like the class members in *In re Prudential-Bache*, Gabert delayed in raising the question of whether he was a class member until long after he was on notice of the issue. Gabert received a Settlement check from CertainTeed in November of 2010, which clearly demonstrated that CertainTeed considered him to be a Class Member. Nevertheless, he did not file this Request for Exclusion until August 2012, twenty-one (21) months after he was unquestionably on notice that he was bound by the terms of the Settlement and approximately a year after he was told by CertainTeed's counsel and Class Counsel that there was no record of his having requested exclusion from the class. Therefore, the Court should deny Gabert's Request for Exclusion.

II. **Gabert Waived His Ability to Opt Out of the Settlement by Submitting Claim Forms Seeking Compensation Pursuant to the Terms of the Settlement and Agreeing to Litigate all Claims Relating to the CertainTeed Shingles in this Court**

Even if the letter requesting exclusion was sent on May 11, 2010, Gabert had already agreed to litigate his claims against CertainTeed in this Court only. In checking off the "Submission to Jurisdiction of Court" box in the "Acknowledgment of Claimant(s)" section of the Claim Form, Gabert acknowledged that he "agrees to submit to the exclusive jurisdiction of the U.S. District Court for the Eastern District of Pennsylvania for *all purposes* associated with this Claim." *See* Gabert Class Action Settlement Claim Form at 7 (emphasis added). Therefore, Gabert breached this agreement by filing a lawsuit against CertainTeed on June 27, 2011, in Winnebago County Circuit Court for the State of Wisconsin concerning the allegedly defective CertainTeed shingles. Indeed, the relief that Gabert is seeking here – "an Order from the Court allowing him to pursue his claims against CertainTeed in a different forum" – is explicitly barred by Gabert's express agreement in his claim forms to submit to this Court's jurisdiction for "all purposes associated with [his] Claim."

7

Moreover, the Court should reject Gabert's attempt to submit claims for compensation pursuant to the terms of the Settlement while at the same time opting out of the Settlement and filing a separate lawsuit in Wisconsin state court.  In addressing the situation of individuals who attempted to both object to the settlement as class members and opt out of the settlement, the United States District Court for the Eastern District of Michigan stated:  "Rule 23(e) does not expressly allow for contingent objections or contingent opt-outs.  This is sensible because opting out of a settlement and choosing to object logically are mutually exclusive options: if one actually opts out, she has no standing to object to the settlement as she will not be bound by it."  *Olden v. Lafarge Corp.*, 472 F. Supp. 2d 922, 930 (E.D. Mich. 2007).  If objecting to a settlement and opting out of it are mutually exclusive options, it must be the case that submitting claim forms for payment pursuant to a settlement and opting out of the settlement are also mutually exclusive options.  Therefore, by submitting the claim forms to CertainTeed, Gabert elected to be bound by the terms of the Settlement and foreclosed his right to subsequently opt out.

Furthermore, the Court should not condone Gabert's attempt to both submit claim forms and simultaneously opt out and pursue a separate action against CertainTeed.  Despite contending that the letter requesting exclusion from the class was sent soon after he sent the completed claim forms to CertainTeed, Gabert does not allege that he attempted to inform CertainTeed that he was now opting out of the class and that he no longer wished for his claims to be processed.  Rather, Gabert appears to have taken a "wait and see" approach.  After the Settlement was granted final approval by Judge Pollak on August 31, 2010, and the time for appeals had passed, CertainTeed sent Gabert settlement checks for his claims.  After receiving the settlement checks, Gabert contends that he "did not deposit them," but spoke with

8

CertainTeed representatives and "stated that the settlement was not acceptable to him." Request for Exclusion at 2.[1] Therefore, because the Settlement required that a claimant *either* submit a claim form for compensation as a Class Member *or* opt out of the class, the Court should reject Gabert's attempt to do both and find that he is bound by the terms set forth in the Settlement.

## CONCLUSION

For these reasons, CertainTeed respectfully requests that Gabert's untimely request for exclusion be denied.

Respectfully Submitted,

Dated:  August 27, 2012

    s/ Arlene Fickler
Lawrence T. Hoyle, Jr.  (02926)
Arlene Fickler (20327)
**SCHNADER HARRISON SEGAL & LEWIS LLP**
1600 Market Street, Suite 3600
Philadelphia, PA  19103-7286
Telephone:  215-751-2000
Facsimile:  215-751-2205

**Counsel for CertainTeed Corporation**

---

[1] Of note, upon receiving the checks, Gabert does not contend that he contacted CertainTeed to inquire why he received settlement checks since he had allegedly opted out of the settlement; rather, he appears to have not cashed the checks merely because he deemed the amount of the checks insufficient.

9

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this date, I caused a true and correct copy of the foregoing Opposition of CertainTeed Corporation to Richard Gabert's Request for Exclusion from Class Action Settlement and the proposed form of order to be filed electronically and made available for viewing and downloading from the ECF system of the United States District Court for the Eastern District of Pennsylvania.

Date:  August 27, 2012

                                                       s/ Arlene Fickler
                                                   Arlene Fickler (Pa. I.D. # 20327)
                                                   Schnader Harrison Segal & Lewis LLP
                                                   1600 Market Street, Suite 3600
                                                   Philadelphia, PA  19103-7286
                                                   (215) 751-2000