UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CERTAINTEED CORPORATION ROOFING SHINGLES PRODUCTS LIABILITY LITIGATION | : : : : | MDL DOCKET NO. 1817 |
| This Report relates to: | : : | |
| ALL CASES | : : | |

## CERTAINTEED CORPORATION'S SECOND REPORT TO THE COURT UNDER SECTION 4.33 OF THE AGREEMENT OF SETTLEMENT AND COMPROMISE AS AMENDED FILED ON DECEMBER 29, 2009

CertainTeed files this report pursuant to Paragraph 4.33 of the Agreement of Settlement and Compromise as Amended filed on December 29, 2009 (the "Settlement Agreement") and pursuant to the Court's Order entered November 3, 2011 (the "November 3, 2011 Order").

Paragraph 4.33 of the Settlement Agreement provides:

> On the first anniversary of the Effective Date, and annually thereafter until one year after the expiration of the last of the warranty periods [pertaining to the shingles at issue in the case] CertainTeed shall file with the Court and serve on a designee of Class Counsel a report identifying the Claimants whose claims have been resolved in the prior 12 months, the amount distributed to each Eligible Claimant, and the basis for denying any claims.

Because claims data for the full twelve month period is not available by the anniversary of the Effective Date of the Settlement, this Court in its November 3, 2011 Order authorized the filing on November 1 of a report containing detailed claims data for the full twelve month period ending September 30 of the year of the report. Accordingly, CertainTeed now files this Second Report covering claims data for the period from October 2011 through September 2012.

Accompanying this report is a computer disc containing a list (Exhibit A), in electronic format, showing each claimant whose claim has been accepted and the amounts paid to the claimant, as well as a list (Exhibit B), also in electronic format, identifying each claimant whose claim has been denied and the reason for the denial.  These exhibits are being filed under seal in order to maintain the claimants' privacy in accordance with the November 3, 2011 Order.

Class members in this case are defined as follows:

> All individuals and entities that own, as of [December 15, 2009], homes, residences, buildings, or other structures located in the United States or Canada whose roofs contain or contained roofing shingles made with a felt reinforcement base material that is saturated with asphalt, also known as organic roofing shingles, manufactured by CertainTeed after July 1, 1987; all individuals and entities who previously owned such a building and who, prior to [December 15, 2009] sold or transferred the building and at the time of the sale or transfer retained the right to make a claim for the shingles pursuant to a valid documented assignment; and all individuals and entities who owned such a building and who, between August 1, 2006, and [October 1, 2010], have settled . . . their warranty claims for such shingles.

During the period October 2011 through September 2012, CertainTeed reviewed, processed and paid a total of $33,923,323.72 to approximately 24,837 Class Members.  These payments included a total of $579,367.10 in payments of up to $50 per claim to defray the cost of removing and shipping shingle samples to CertainTeed pursuant to Section 4.6 of the Settlement Agreement (coded as RSS in column E of Exhibit A).  The remaining amount, $33,343,956.62, was paid to class members in accordance with the character of their claims under the Settlement Agreement.  Specifically, there are three categories of claims that qualify for payment:  warranty claims, transferee claims, and releaser claims.

*Warranty claims* are claims of class members whose organic shingles are covered by a CertainTeed warranty and who did not resolve their warranty claims prior to the Effective Date of the Settlement Agreement.  Under the Settlement Agreement, these claims are being paid at the rate of $74/square, with $34/square prorated from date of installation, and $40/square not

prorated for first ten years following installation and, thereafter, prorated on the regular proration schedules for each warranty. Where the SureStart provision of the warranty is still applicable, however, the full SureStart amount is being paid. During the period October 2011 through September 2012, 23,860 warranty claims (coded as RCW in column D of Exhibit A) were paid under these provisions of the Settlement Agreement. Payments for these claims totaled $32,861,503.44, or an average of approximately $1,377 per claim.

*Transferee claims* are claims of class members whose organic shingles are not covered by CertainTeed's warranties because they purchased, on or before December 15, 2009, a previously occupied building and the applicable warranty did not provide warranty coverage to transferees. Under the Settlement Agreement, transferee claims are being paid $34/square prorated from the date of installation, provided that the claims are postmarked or otherwise received by CertainTeed within 12 months of the Effective Date of the Settlement Agreement. During the period October 2011 through September 2012, 943 transferee claims (coded as RCT in column C of Exhibit A) were paid under these provisions of the Settlement Agreement. Payments on transferee claims totaled $473,534.78, or an average of approximately $502 per claim.

*Releaser claims* are claims of class members who resolved their warranty claims between August 1, 2006 and the Effective Date of the Settlement Agreement, and who executed a release in favor of CertainTeed. Releaser claims are paid in an amount equal to 20% of the difference between the amount received on the warranty claim and the amount that would have been received had the releaser made a warranty claim under the Settlement Agreement. During the period October 2011 through September 2012, 34 releaser claims (coded as RCR in column B of Exhibit A) were compensated under these provisions of the Settlement Agreement. Payments for releaser claims totaled $8,918.40, or an average of approximately $262 per claim.

During the period October 2011 through September 2012, CertainTeed has denied a total of 3378 claims. More than 42% of these denied claims – a total of 1420 – were filed by transferees who did not file their claims within one year of the Settlement Effective Date as required by Paragraph 6.7 of the Settlement Agreement.

Almost 50% of the denied claims – a total of 1670 – were denied because the claimant was not a class member: 1042 of these claimants had fiberglass rather than organic shingles; 561 had shingles not manufactured by CertainTeed; the evidence submitted by one (1) claimant was insufficient to prove whether the shingles that were the subject of the claim had been manufactured by CertainTeed or another company; 9 claimants had signed a release prior to August 1, 2006; 13 had shingles that were installed prior to July 1, 1987; and 44 filed claims regarding shingles with warranties that had previously expired. In addition, 27 denied claims were claims of releasers who had already received consideration equal to the value of the payment they were eligible to receive under the Settlement Agreement, either in cash or in replacement shingles, and who, therefore, were not eligible to receive additional consideration under the Settlement Agreement.

Only 261 claims were denied because the shingles did not exhibit "Damage" as defined in Section 3.6 of the Settlement Agreement. No claims were denied on the basis of the causation defenses set forth in Section 3.7 of the Settlement Agreement.

On June 19, 2012, this Court approved the parties' selection of Heffler Claims Administration to serve as the Independent Claims Administrator pursuant to Paragraph 4.19 of the Settlement Agreement and BrightClaim, Inc. as the Independent Inspector pursuant to Paragraph 4.20 of the Settlement Agreement. As of September 30, 2012, CertainTeed had received requests for an independent review of CertainTeed's denial of all or part of their claims

by the Independent Claims Administrator from 86 claimants. As of that same date, the Independent Claims Administrator was still in the process of reviewing the claims files for the initial group of 41 appellants whose files had been submitted for appeal. The Independent Claims Administrator has not made a final determination on any of those initial appeals.

                                                Respectfully submitted,

                                                s/Arlene Fickler
                                                Arlene Fickler
                                                Schnader Harrison Segal & Lewis LLP
                                                1600 Market Street, Suite 3600
                                                Philadelphia, PA 19103
                                                (215) 751-2332

                                                Attorneys for Defendant CertainTeed Corporation

Dated: November 1, 2012

## **CERTIFICATE OF SERVICE**

      I, Arlene Fickler, hereby certify that I caused a true and correct copy of CertainTeed Corporation's Second Report to the Court Under Section 4.33 of the Agreement of Settlement and Compromise as Amended Filed on December 29, 2009 to be filed and served today, November 1, 2012, via the Court's ECF system, where it is available for viewing and downloading.  Copies of the accompanying exhibits, which are being filed under seal, were served upon Class Counsel Charles Schaffer, Esq. by hand delivery and upon Class Counsel Robert Shelquist, Esq. by UPS on November 1, 2012 in connection with the electronic filing.

    s/Arlene Fickler
Arlene Fickler (Pa. I.D. #20327)
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2332